UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YITZCHOK FRANKEL , et al.<br><br>            Plaintiff(s),<br><br>    v.<br><br>REGENTS OF THE UNIVERSITY OF<br>CALIFORNIA, et al.<br><br>            Defendant(s). | Case No. 2:24–cv–04702–MCS–PD<br><br>**INITIAL STANDING ORDER<br>FOR CIVIL CASES ASSIGNED<br>TO JUDGE MARK C. SCARSI** |

This case has been assigned to the calendar of Judge Mark C. Scarsi. Both the Court and counsel bear responsibility for the progress of this litigation in federal court. To "secure the just, speedy, and inexpensive determination" of this case, Fed. R. Civ. P. 1, all parties or their counsel are ordered to become familiar with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and this Court's standing orders.

**THE COURT ORDERS AS FOLLOWS:**

**1.   Service of the Complaint**

The plaintiff shall promptly serve the complaint in accordance with Federal Rule of Civil Procedure 4 and file proof of service pursuant to Local Rule 4(*l*).

Rule 4(m) requires the summons and complaint to be served within 90 days. The Court expects service to be completed as soon as reasonably practicable. The Court will require plaintiff to show good cause to extend the service deadline beyond 90 days.

### 2. Presence of Lead Counsel

Lead trial counsel shall attend any scheduling, pretrial, or settlement conference set by the Court unless engaged in trial. Should that occur, counsel is to file a request for alternate or co-counsel to appear with a proposed order. The Court does not permit special appearances; only counsel of record may appear at any proceeding.

The Court expects counsel to appear in person at any hearing. The Court only rarely permits telephonic appearances upon an extraordinary showing of good cause. Counsel seeking to appear by telephone must: (1) notify opposing counsel of the request to appear telephonically; (2) at least three court days before the hearing, file a request to appear telephonically and proposed order supported by a showing that personal appearance will cause undue hardship; (3) provide the Courtroom Deputy Clerk with the telephone number at which the Court can reach counsel; and (4) be available at that number for at least 30 minutes before and 30 minutes after the time of the scheduling hearing.

### 3. Ex Parte Applications

Ex parte applications are solely for extraordinary relief and are rarely granted. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Such applications must be supported by "evidence... that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. Ex parte applications that fail to conform to Local Rule 7-19, including a statement of opposing counsel's

1    position, will not be considered, except on a specific showing of good cause.

2        Counsel for the applicant must provide advance notice of the application by

3    telephone and email to all other parties. In addition to the information required

4    by Local Rule 7-19.1, the notice must advise the other parties of the anticipated

5    deadline to oppose the application. The applicant must serve the application by

6    facsimile, email, or personal service, even if electronic service is effected under

7    Local Rule 5-3.2.1.

8        Oppositions to ex parte applications must be filed within 24 hours of the filing

9    of the application, subject to Rule 6(a)(2). If an opposing party does not intend

10   to oppose the ex parte application, counsel must inform the Courtroom Deputy

11   Clerk by telephone or email as soon as possible. No replies in support of ex parte

12   applications are authorized.

13   **4.   Continuances or Extensions of Time**

14       This Court is very committed to adhering to all scheduled dates. In general,

15   this makes the judicial process more efficient and less costly. Changes in dates

16   are disfavored. The case schedule set by the Court, including the trial date, is firm

17   and will rarely be changed. Therefore, any request, whether by application or

18   stipulation, to continue the date of any matter before this Court must be supported

19   by good cause demonstrating why the change in the date is essential. Without such

20   compelling factual support, requests to continue dates set by this Court will not be

21   approved. Counsel requesting a continuance must electronically file any application

22   or stipulation with a proposed order and a detailed declaration of counsel providing

23   the grounds for the requested continuance or extension of time. The Court will deny

24   any request that fails to comply with the Local Rules and this Order. Proposed

25   stipulations extending scheduled dates become effective only if, and when, this

26   Court approves the stipulation as presented to, or modified by, the Court. Counsel

27   should avoid submitting requests for a continuance fewer than seven calendar days

28   prior to the earliest date subject to request. The Court presumes that there is no

good cause to continue any deadline that will pass within a week of a continuance request or has already passed.

**5.  TROs and Injunctions**

Parties seeking emergency or provisional relief shall comply with Federal Rule of Civil Procedure 65 and Local Rule 65-1. The application shall include a proof of service which complies with the Court's requirements for ex parte applications or a separate request for service to be excused. The Court will not rule on any application for such relief for at least 24 hours after the party subject to the requested order has been served, unless service is excused. Counsel shall call the Courtroom Deputy Clerk no later than 30 minutes after filing the documents.

**6.  Cases Removed from State Court**

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be re-filed in this Court as a supplement to the notice of removal. *See* 28 U.S.C. § 1447(a)-(b). If the defendant has not yet answered or filed a motion in response to the complaint, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules. If, before the case was removed, a motion or demurrer in response to the complaint was pending in state court, it must be re-noticed in this Court in accordance with Local Rule 6-1 and Local Rule 7. Counsel shall file with their first appearance a notice of interested parties in accordance with Local Rule 7.1-1.

If an action is removed to this Court that contains a form pleading, i.e., a pleading in which boxes are checked, the party or parties utilizing the form pleading must file an appropriate pleading with this Court within 30 days of receipt of the Notice of Removal. The appropriate pleading referred to must comply with the requirements of Federal Rules of Civil Procedure 7, 7.1, 8, 9, 10, and 11.

\\\

### 7.   Status of Fictitiously Named Defendants

This Court intends to adhere to the following procedures where a matter is removed to this Court on diversity grounds with fictitiously named defendants. *See* 28 U.S.C. §§ 1441, 1447.

**a.**   Plaintiff is expected to ascertain the identity of, and serve, any fictitiously named defendant, within 90 days of the removal of the action to this Court.

**b.**   If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be identified within the 90-day period, an ex parte application requesting permission to extend that period to effectuate service may be filed with this Court. Such an application shall state the specific reasons for the requested extension of time, including a description of all efforts made up to that time to identify and serve such defendants. The ex parte application shall be served upon all appearing parties, and shall state that appearing parties may file written comments within seven days of filings of the ex parte application.

**c.**   If plaintiff wants to substitute a defendant for one of the fictitiously named defendants, plaintiff shall first seek the consent of counsel for all defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff should file a motion on regular notice. The motion and opposition should address whether the matter should thereafter be remanded to the Superior Court if complete diversity of citizenship would no longer be present as a result of the addition of the new party. *See* U.S.C. § 1447(c) and (d).

### 8.   Discovery

#### a.   Discovery Matters Referred to the Magistrate Judge

All discovery matters, including all discovery motions, are referred to the assigned United States Magistrate Judge. The Magistrate Judge's initials follow the

1   District Judge's initials next to the case number on this Order. All discovery-related

2   documents must include the words "DISCOVERY MATTER" in the caption to

3   ensure proper routing. Counsel are directed to contact the Magistrate Judge's

4   Courtroom Deputy Clerk to schedule matters for hearing.

5   In accordance with 28 U.S.C. § 636(b)(1)(A), the Court will not reverse any

6   order of the Magistrate Judge unless it has been shown that the Magistrate Judge's

7   order is clearly erroneous or contrary to law.

8   Any party may file and serve a motion for review and reconsideration before

9   this Court. *See* Fed. R. Civ. P. 72(a). The moving party must file and serve the

10  motion within 14 days of service of a written ruling or within 14 days of an oral

11  ruling that the Magistrate Judge states will not be followed by a written ruling.

12  The motion must specify which portions of the ruling are clearly erroneous or

13  contrary to law and support the contention with points and authorities.

14  **b.   Compliance with Federal Rule of Civil Procedure 26(a)**

15  Unless there is a likelihood that, upon motion by a party, the Court would

16  order that any or all discovery is premature, counsel should begin to conduct

17  discovery actively before the Scheduling Conference. Discovery is not stayed prior

18  to the Scheduling Conference or after dates have been set unless otherwise ordered

19  by the Court. At the very least, the parties shall comply fully with the letter and

20  spirit of Rule 26(a) and thereby obtain and produce most of what would be

21  produced in the early stage of discovery.

22  **9.   Motions**

23  **a.   Time for Filing and Hearing Motions**

24  Motions shall be filed in accordance with Local Rule 6-1 and Local Rule 7.

25  In general, this Court hears motions on Mondays, beginning at 9:00 a.m. If Monday

26  is a national holiday, motions will be heard on the following Monday. It is not

27  necessary to clear a hearing date with the Courtroom Deputy Clerk prior to the

28  filing of a motion, but counsel shall review the Court's closed motion dates prior

6

to selecting a date.

**b.  Briefing Motions**

**Please read this section carefully. This Court's schedule for briefing motions differs significantly from the briefing schedule set by the Local Rules.**

Any motion that is filed and set for a hearing to be held fewer than 35 days from the date of the filing of the motion shall be briefed pursuant to Local Rules 7-9 and 7-10. Otherwise, motions shall be briefed according to the following schedule:

(a). Any motion that is filed and set for a hearing between 35 and 70 days from the date of the filing of the motion: (i) any opposition must be filed no later than 14 days after the filing of the motion; and (ii) any reply must be filed no later than 21 days after the filing of the motion.

(b). Any motion that is filed and set for a hearing more than 70 days from the date of the filing of the motion: (i) any opposition must be filed no later than 21 days after the filing of the motion; and (ii) any reply must be filed no later than 35 days after the filing of the motion.

**c.  Prefiling Requirement to Meet and Confer**

Counsel must comply with Local Rule 7-3, which requires counsel to engage in a prefiling conference "to discuss thoroughly... the substance of the contemplated motion and any potential resolution." Counsel must meet and confer in person or by telephone or videoconference; an exchange of written correspondence is insufficient. Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference, including the prospective hearing date. The *in propria persona* status of one or more parties does not alter this requirement.

\\\

### d.   Length and Format of Motion Papers

All motion papers shall comply with Local Rule 11-3. Only in rare instances and for good cause shown will the Court grant an application for relief from the brief length limitations of Local Rule 11-6. Reply briefs may not exceed 3,000 words, excluding indices and exhibits. A handwritten or typewritten reply brief may not exceed 10 pages, excluding indices and exhibits. No supplemental brief or surreply shall be filed without prior leave of Court.

Counsel shall adhere to Local Rule 5-4.3.1 with respect to the conversion of all documents to a PDF so that when a document is filed, it is in the proper size and format that is text-searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document.

Electronic nonpaper exhibits lodged under Local Rule 5-4.2(b)(1) (e.g., audio and video files) must be provided on a USB flash drive or by sending a link to an Internet file hosting service (e.g., Dropbox) by email to MCS_Chambers@cacd.uscourts.gov. The Court will not accept electronic exhibits provided by CD or DVD.

### e.   Mandatory Chambers Copies

**Please read this section carefully. This Court's requirements for chambers copies differ significantly from the Local Rules.** These rules are designed to reduce the parties' expenditure of resources on courtesy copies by reducing printing volume and requiring only a single courier trip for delivery.

The Court requires mandatory chambers copies **only** of memoranda of points and authorities authorized to be submitted in connection with motion practice (i.e., the opening memorandum, the opposition, the reply, and any authorized supplemental briefs or surreplies). No copies of other motion-related documents (e.g., declarations and documentary evidence) shall be delivered unless ordered by the Court.

By noon on the day after the last day a brief is authorized to be filed, the

movant shall deliver two copies of the complete set of motion briefs printed double-sided from CM/ECF in the manner specified in Local Rule 5-4.5, collated in order of filing (e.g., motion-opposition-reply-etc.), and bound together by staple. The motion opponent has no obligation to deliver courtesy copies; instead, the movant shall deliver the opponent's brief(s) in the collated courtesy copy packet.

### f.   Citations of Case Law

Citations of case law must identify not only the case cited, but also the specific page referenced. For example, if a quotation is presented, the associated page citation shall be provided. Similarly, if a case is cited in support of a proposition based on language in the opinion, the pages on which such language appears shall be provided. Bluebook style is preferred.

### g.   Citations of Other Sources

Statutory references should identify with specificity the sections and subsections referenced. Citations of treatises, manuals, and other materials should include the volume, section, and pages that are referenced. Citations of prior filings in the same matter shall include the docket entry number, section, and pages that are referenced. Bluebook style is preferred.

### h.   Oral Argument

If the Court deems a matter appropriate for decision without oral argument, the Court will notify the parties in advance. C.D. Cal. R. 7-15.

## 10.   Specific Motions

### a.   Rule 12 Motions

Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially where perceived defects in a complaint, answer, or counterclaim could be corrected by amendment. *See Chang v. Chen*, 80 F. 3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). These principles require that plaintiff's

counsel carefully evaluate defendant's contentions as to the deficiencies in the complaint. In most instances, the moving party should agree to any amendment that would cure the defect.

This Court generally denies any Rule 12(f) motion to strike unless the movant can demonstrate it will suffer prejudice absent the requested relief. *In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147, 151 (C.D. Cal. 2022) (Scarsi, J.). A plaintiff's prayer for a remedy precluded as a matter of law is not the proper target of a Rule 12(f) motion. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010).

If a motion to dismiss is granted with leave to amend, counsel shall attach as an appendix to an amended pleading a "redline" version of the amended pleading showing all additions and deletions of material.

### b. Motions for Leave to Amend

All motions for leave to amend pleadings shall: (1) state the effect of the amendment and (2) identify the page and line numbers and wording of any proposed change or addition of material. The proposed amended pleading shall be serially numbered to differentiate it from previously amended pleadings.

In addition to the requirements of Local Rule 15, counsel shall attach as an appendix to the moving papers a "redline" version of the proposed amended pleading showing all additions and deletions of material.

### c. Motions for Summary Judgment

Parties need not wait until the motion cut-off date to bring a motion for summary judgment or partial summary judgment. A party moving for summary judgment must file the motion at least 35 days before the hearing. The parties should prepare papers in a fashion that will assist the Court in locating the evidence with respect to the facts (e.g., generous use of tabs, tables of contents, headings, indices, etc.).

\\\

### i.    Separate Statements

The parties are to comply precisely with Local Rules 56-1 through 56-3 governing Statements of Uncontroverted Facts and Statements of Genuine Disputes.

If the opposing party submits that the Court should consider facts that bear on, or relate to, the issues raised by the movant but are not presented in the moving party's Statement of Uncontroverted Facts or the opposing party's Statement of Genuine Disputes, the opposing party may submit a Statement of Additional Uncontroverted Facts, which must be filed as a document separate from the Statement of Genuine Disputes and must follow the format described in Local Rule 56-1 with respect to the moving party's Statement of Uncontroverted Facts. The nonmoving party's additional facts must be numbered sequentially to follow the last numbered fact presented by the moving party. With its reply papers, the moving party may submit a Statement of Additional Genuine Disputes following the format prescribed by Local Rule 56-2 with respect to the nonmoving party's Statement of Genuine Disputes. Absent a court order, no response to the Statement of Additional Genuine Disputes is authorized.

### ii.    Supporting Evidence

No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in support of or opposition to a motion for summary judgment.

Evidence in support of, or in opposition to, a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence and should not be attached to the memorandum of points and authorities. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or

properly authenticated deposition transcript, or a witness who can establish authenticity.

The parties shall ensure that electronically filed copies of evidence in support of, or in opposition to, a motion for summary judgment are in the proper format. Thus, all documents must be text-searchable and have selectable text that may be copied and pasted directly from the filed document.

Additionally, testimony cited in a statement of uncontroverted facts, statement of genuine material facts, or statement of additional material facts shall be highlighted and/or underlined.

### iii.   Objections to Evidence

Evidentiary objections to a declaration submitted in connection with a motion or other matter shall be made in writing and served and filed at the same time as, but separately from, the opposition or reply papers. If a party disputes a fact based in whole or in part of an evidentiary objection, the ground of the objection should be succinctly stated in a separate statement of evidentiary objections in a three-column format:

a. The left column should include the relevant portions of any declaration or deposition, which shall include the highlighted, underlined, and/or bracketed portions that are being objected to (including page and line number, if applicable). Each objection shall be numbered and located within the copy of the declaration.

b. The middle column should set forth a concise objection (e.g., hearsay, lacks foundation, etc.) with a citation of the Federal Rules of Evidence or, where applicable, a case citation.

c. The right column should provide space for the Court's entry of its ruling on the objection.

d. A proposed order shall be filed and attached to the evidentiary

objections as a separate document consistent with Local Rule

52-4.1 and either uploaded through the CM/ECF system or

emailed directly to mcs_chambers@cacd.uscourts.gov.

*See* Exhibit A. Counsel shall adhere to this format for any evidentiary

objections that are submitted to the Court for consideration.

### d.    Motions for Attorney's Fees

Motions for attorney's fees shall be filed and set for hearing according to

Local Rule 6-1 and this Order. Any motion or request for attorney's fees shall

attach two summaries, in table form, of the hours worked by and billing rate of

each attorney with title (i.e., partner, local counsel, associate, etc.).

The first table shall include a summary of the hours worked by each attorney,

organized by task (i.e., discovery, motion to dismiss, motion for summary

judgment). If the hourly rate charged by any individual attorney changed while the

case was ongoing, the party shall provide separate calculation for the total number

of hours that the attorney spent in connection with each task at each hourly rate.

The second table shall include a summary of the hours worked by each

attorney, organized by attorney. This table shall list all of the tasks on which the

attorney worked, the hours worked on each task, and the hourly rate of each

attorney.

Any table as set forth above shall be attached to the motion and electronically

filed. A copy of the table shall be emailed to mcs_chambers@cacd.uscourts.gov

in Microsoft Excel format and have all restrictions removed so that the spreadsheet

can be edited. *See* Exhibit B.

### e.    Motions for Preliminary and Final Approval of Class Action Settlement

Parties submitting a motion for preliminary or final approval of a class

settlement shall include a spreadsheet supporting any proposed award of attorney's

fees. The spreadsheet shall include an estimate of any future attorney's fees for

which compensation will be sought, the normal hourly rate of all counsel for whom

entries appear on the spreadsheet, the support for such hourly rate(s), and an

explanation of the basis of any service enhancement award for lead plaintiff(s),

including the hours worked and activities performed by such lead plaintiff(s). A

copy of the table shall be emailed to mcs_chambers@cacd.uscourts.gov in

Microsoft Excel format and have all restrictions removed so that the spreadsheet

can be edited. *See* Exhibit B.

### 11.    Under Seal Documents

Counsel shall comply with Local Rule 79-5. All applications must provide

the reason(s) why the parties' interest in maintaining the confidentiality of the

document(s) outweighs the public's right of access to materials submitted in

connection with a judicial proceeding. Counsel are ordered to meet and confer in

person or by telephone at least seven calendar days prior to the filing of an

application in which the basis for the requested sealing is stated to determine if they

can agree on the proposed under seal filing. No later than two calendar days after

the meet and confer process has concluded, the non-proposing party shall confirm

whether it agrees to having such information designated as confidential or whether

it opposes an under seal filing. Any application for under seal filing, whether or

not opposed, shall contain the dates and method by which the parties met and

conferred. If such information is not provided, the application will be denied

without prejudice to an amended application being filed that complies with the

foregoing terms.

### Filing Applications for Leave to File Under Seal

1.    The application for leave to file under seal shall be filed on the
public docket and shall attach a proposed order pursuant to Local
Rule 5-4.4.1 and 5-4.4.2. Any declaration that supports the
application shall also be attached to the application unless it
contains confidential information. The declaration shall be filed

14

1  under seal as its own docket entry if it contains confidential

2  information.

3     2.      The unredacted version of all documents sought to be sealed

4  shall be filed provisionally under seal. The documents may be

5  attached to the declaration that supports the application, if the

6  declaration is sealed and is filed as its own docket entry.

7  Otherwise, the documents should be filed separately under

8  provisional seal. The title shall include "Unredacted" or "Sealed"

9  as the first word of the title of the document. Any provisionally

10  sealed document must clearly mark the information that is

11  confidential or privileged via highlighting in color and/or using

12  brackets.

13     3.      The Court will review the submitted documents and determine

14  whether the documents can be sealed. If the application is

15  granted, counsel shall file:

16         i.    The unredacted version of the entire document as its own

17  docket entry. The title shall include "Unredacted" or

18  "Sealed" as the first word of the title of the document.

19  Any information that has been redacted or omitted from

20  the public filing must be clearly marked via highlighting

21  in color and/or using brackets.

22        ii.    The redacted version of the entire document as its own

23  docket entry. Unless otherwise stated in the order

24  granting the application, a redacted version is required

25  of all sealed documents. The title shall include

26  "Redacted" as the first word of the title of the document.

27  Any information that is confidential or privileged must

28  be blacked out or a page shall be inserted with the title

of the document that indicates that the entire document
is sealed.

Closely related materials filed at the same time where some are
proposed to be filed under seal and others will not be sealed shall
be considered as a single document and filed as a single docket
entry containing multiple attachments. For example, if certain
exhibits to a declaration are to be filed under seal, even if other
exhibits or the declaration are not, the entire document for which
permission to seal should be sought is the declaration and all
exhibits. The docket shall therefore include:

  i. One unredacted, sealed docket entry containing the
   declaration with all exhibits, including sealed exhibits,
   filed as an attachment to the declaration; and

  ii. a separate, redacted docket entry containing the
   declaration with all exhibits, including redacted
   exhibits, filed as an attachment to the declaration.

**12. Initial Pleadings**

Counsel shall comply with Local Rule 3 when filing initial pleadings. All
initiating pleadings, including third-party complaints, amended complaints,
complaints in intervention, counterclaims, and crossclaims, shall be filed as a
separate document. None shall be combined with an answer.

**13. Amended Pleadings**

Every amended pleading shall be serially numbered to differentiate the
pleading from prior pleadings, e.g. First Amended Complaint, Second Amended
Counterclaim, Third Amended Crossclaim, etc. Counsel shall attach as an
appendix to all amended pleadings a "redline" version of the amended pleading
showing all additions and deletions of material from the most recent prior pleading.
\\\

**14.    Pro Se/Self-Represented Parties**

Pro se/self-represented parties may continue to present all documents to the Clerk for filing in paper format pursuant to Local Rule 5-4.2. However, the Court will also permit self-represented parties to present all documents to the Clerk for for filing by email so long as they comply with the following requirements:

(a)    The document shall be prepared so that it complies with the requirements set forth in Local Rule 11-3, i.e., legibility, font, paper, pagination, spacing, title page, page limits, etc.

(b)    The document shall be emailed as a PDF document to mcs_chambers@cacd.uscourts.gov no later than the date it is due. The Court will deem the date the document is emailed as the filed or lodged date. The subjet line of the email shall contain: (i) the case number, (ii) case name, and (iii) "Pro Se Filing" to ensure it will be filed/lodged properly.

(c)    Pro se/self-represented parties may use the chambers email solely to present documents for filing. The chambers email is not to be used in any way to communicate with the Judge or Clerk. All parties, including pro se/self-represented parties, shall refrain from writing letters to the Court, sending email messages, making telephone calls to chambers, or otherwise communicating with the Court unless opposing counsel is present. All matters must be called to the Court's attention by appropriate application or motion C.D. Cal. R. 83-2.5.

The Court expects pro se/self-represented parties to comply with the Local Rules and the rules set by this Court. The Court has a Pro Se Clinic available to assist those persons who do not have an attorney to represent them. Clinics are located in Los Angeles, Riverside, and Santa Ana. More information can be obtained by calling (213) 385-2977, ext. 270, or visiting the Court's website at http://prose.cacd.uscourts.gov/.

**15.    Notice of This Order/Electronically Filed Documents**

If this case was initiated in this Court, plaintiff(s) shall immediately serve this

1  Order on all parties, including any new parties to the action. If this case was

2  removed from state court, the removing defendant(s) shall serve this Order on

3  all other parties.

4       Any document that is electronically filed shall be served by mail that same

5  day on any party or attorney who is not permitted or has not consented to electronic

6  service, with a proof of service to be filed within 24 hours.

7

8

9      **IT IS SO ORDERED.**

10

11  Dated:  June 10, 2024

12                                       HONORABLE MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A: FORMAT FOR EVIDENTIARY OBJECTIONS**

| Declaration/Testimony of _____ | Objection | Ruling |
|---|---|---|
| **Example 1: Entire Declaration of John Smith**<br><br>Start of Deposition......................................<br><br>[1. Language subject to objection]<br><br>.........................................................<br><br>.........................................................<br><br>.........................................................<br><br>[2. Language subject to objection]<br><br>.........................................................<br><br>.........................................................<br><br>.........................................................<br><br>[3. Language subject to objection]<br><br>.........................................................<br><br>.........................................................<br><br>......................................................... | 1.  E.g., Hearsay, cite.<br><br><br>2.  E.g., Lacks foundation, cite.<br><br><br>3.  E.g., Hearsay, cite. | 1.  Sustained / Overruled<br><br><br>2.  Sustained / Overruled<br><br><br>3.  Sustained / Overruled |

**EXHIBIT B: FORMAT FOR ATTORNEY'S FEES SUMMARY CHARTS**

| Table 1 | | | |
|---|---|---|---|
| Task 1: Motion to Dismiss | | | |
| **Attorney** | **Rate** | **Hours** | **Fee** |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| **Fee Request for Task 1** | | **Task 1 Sum** | **Task 1 Sum** |
| Task 2: Motion for Summary Judgment | | | |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| Attorney 1 (position) | $XXX/hour | Total hours spent by Attorney 1 on Task 1 | $XXX |
| **Fee Request for Task 1** | | **Task 1 Sum** | **Task 1 Sum** |

| Table 2 | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **HOURS BY TASK** | **TOTALS** |
| Attorney 1 (position) | | Task | Total Hours Spent by Attorney on Task | **Hours:** **Amount:$** |
| | | i.e., Motion to Dismiss | | |
| | | Discovery | | |
| | | Deposition | | |
| | | Task 4 | | |
| | | Task 5 (etc.) | | |
| Attorney 1 (position) | | Task | Total Hours Spent by Attorney on Task | **Hours:** **Amount:$** |
| **Total** | | | | **Hours:** **Amount:$** |