# Exhibit 1

UNIVERSITY OF CALIFORNIA, LOS ANGELES                                                                    UCLA

BERKELEY • DAVIS • IRVINE • LOS ANGELES • MERCED • RIVERSIDE • SAN DIEGO • SAN FRANCISCO      SANTA BARBARA • SANTA CRUZ



OFFICE OF THE CHANCELLOR
2147 MURPHY HALL
BOX 951405
LOS ANGELES, CALIFORNIA 90095-1405

June 11, 2024

**UCLA DA 704.19**

**EXECUTIVE VICE CHANCELLOR & PROVOST DARNELL HUNT**
**ADMINISTRATIVE VICE CHANCELLOR MICHAEL J. BECK**
**VICE CHANCELLOR STUDENT AFFAIRS MONROE GORDEN**
**ASSOCIATE VICE CHANCELLOR CAMPUS SAFETY RICK BRAZIEL**
**UCLA CHIEF OF POLICE GAWIN GIBSON**
**VICE CHANCELLOR UCLA HEALTH SCIENCES & CEO UCLA HEALTH JOHN MAZZIOTTA**

**Delegation of Authority – Consent to Remain on Campus**

**References:**   (a)  UC Academic Personnel Manual 015);

(b)  Regents Bylaws 31;

(c)  California Penal Code Sections 626.4 and 626.6.

**Supersedes:**   New

The central functions of the University are "to provide and sustain an environment conducive to sharing, extending, and critically examining knowledge and values, and to furthering the search for wisdom." (Academic Personnel Manual 015, Preamble.)  Critical to the University's mission is the ability to effectively address, consistent with the First Amendment, the conduct of individuals that disrupt or interfere with the operation of the University.

Pursuant to Regents Bylaw 31, Chancellors are delegated responsibility for, among other things, the internal administration, operation, and discipline of their campuses.  The California Legislature has codified certain aspects of this authority, including the authority to order individuals to leave campus for specified conduct pursuant to two statutory provisions.

**Penal Code section 626.4** authorizes the Chancellor or an officer or employee designated by the Chancellor to maintain order on such campus or facility, to notify a person that consent to remain on campus or at another facility under the control of the Chancellor has been withdrawn when there is reasonable cause to believe that such person has willfully disrupted the orderly operation of such campus or facility. This section is primarily intended to address the conduct of members of the campus

Exhibit 1
Page 1

DocuSign Envelope ID: 580E6C4D-F521-4776-A4AF-D69E0B275457

community (students, faculty, and staff),[1] but it may be used for non-affiliates as well. This provision authorizes consent to be withdrawn for up to 14 days from the date upon which consent was initially withdrawn, permits the person from whom consent has been withdrawn to submit a written request for a hearing challenging the withdrawal within the two-week period, and requires that any hearing requested be held within seven days of the request. If the notice of withdrawal of consent to remain on campus is issued by an authorized official other than the Chancellor or designee, a written report containing specified information must be submitted by the official to the Chancellor or designee, who must confirm the action within 24 hours or the action becomes void.

The California Supreme Court has interpreted the section 626.4 standards in a manner to ensure its constitutional viability against First Amendment challenges of overbreadth, vagueness, and lack of procedural due process.[2] The level of disruptive conduct necessary to support summary exclusion from campus without a prior hearing under section 626.4 is conduct, prohibited by other laws, causing a "substantial and material physical disruption incompatible with the peaceful functioning of the academic institution and of those upon its campus,"[3] "when [summary exclusion is] necessary to prevent significant injury to persons or property …."[4]

**Penal Code section 626.6** authorizes the Chancellor or an officer or employee designated by the Chancellor to maintain order on the campus or facility to direct a person who is not a student, officer, or employee of the university and who is not required by their employment to be on the campus or any other facility owned, operated, or controlled by university to leave the campus or facility when it reasonably appears the person is committing any act likely to interfere with the peaceful conduct of the activities of the campus or facility, or has entered the campus or facility for the purpose of committing any such act. This provision requires that the individual directing the person to leave inform the person if the person reenters the campus or facility within seven days the person will be guilty of a crime.

I previously designated authority to the Administrative Vice Chancellor to provide such notice and direction. In accordance with your roles overseeing aspects of campus operations, safety, and student affairs, I hereby delegate to each of you the authority to provide the notice and direction set forth in sections 626.4 and 626.6. This delegation is consistent with, and expands upon, the authority previously designated to the Administrative Vice Chancellor to act in accordance with these sections.

I also hereby delegate to the Chief of Police the authority to designate officers within the police department to provide the notice and direction outlined in sections 626.4 and 626.6.

When the 24-hour review function is initiated under section 626.4, I designate the following individuals to review and confirm, if appropriate, the notices issued pursuant to section 626.4:

- The Executive Vice Chancellor and Provost (EVCP) and the Administrative Vice Chancellor for notices issued by campus officials other than the EVCP or Administrative Vice Chancellor;

---

[1] Penal Code section 626.4 was intended by the California Legislature to apply primarily to students and to provide universities with "a swift remedy, by means of exclusion from campus, of those students who … engage in illegal conduct, which disrupts 'the orderly operation of … campus" by "an alternative, supplementary, and often less onerous procedure than criminal prosecution." *Braxton v. Municipal Court ("Braxton")*, 10 Cal.3d 138, 142-144 (1973), referencing the Senate Committee on Campus Disturbances, which originated the provision.

[2] *Braxton*, at 142-145.
[3] *Braxton*, at 150
[4] *Braxton*, at 154

Exhibit 1
Page 2

- The Associate Vice Chancellor for Campus Safety for notices issued by the EVCP or Administrative Vice Chancellor.

For the avoidance of doubt, the authority in this delegation is in addition to all other University administrative measures available to address individual conduct that interferes with the operation of the campus including, by way of example, only, 5 C.C.R. §§100000 et seq. (Regulations Governing Conduct of Non-Affiliates in the Buildings and on the Grounds of the University of California ), the UCLA Student Conduct Code, sections III.G. (exclusion from campus areas) and IV (interim exclusion and suspension), University Policy on Faculty Conduct and the Administration of Discipline, section II (suspension and involuntary leave); and Policy 62, section III.C.3., UC Personnel Policies for Staff Members (suspension and removal of employee from the workplace).

*DocuSigned by:*
*Gene Block*
73E18D5A2D8C4AA...

Gene D. Block
Chancellor

cc:     Vice Chancellor, Legal Affairs

Exhibit 1
Page 3