EDWARD R. REINES (Cal. Bar No. 135960)
edwards.reines@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Pkwy #400,
Redwood City, CA 94065
Phone:       (650) 802-3000
Facsimile:   (650) 802-3100

Attorney for Amici Curiae
AGUDATH ISRAEL OF AMERICA
and the UNION OF ORTHODOX
JEWISH CONGREGATIONS OF AMERICA

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YITZCHOK FRANKEL; JOSHUA GHAYOUM; and EDEN SHEMUELIAN,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; MICHAEL V. DRAKE, President of the University of California; GENE D. BLOCK, Chancellor, University of California, Los Angeles; DARNELL HUNT, Executive Vice-President and Provost; MICHAEL BECK, Administrative Vice Chancellor; MONROE GORDEN, JR., Vice Chancellor; and RICK BRAZIEL, Assistant Vice Chancellor, each in both his official and personal capacities,<br><br>　　　　　Defendants. | Case No. 2:24-cv-04702-MCS-PD<br><br>**(1) UNOPPOSED EX PARTE APPLICATION FOR LEAVE TO FILE AMICUS CURIAE BRIEF ON BEHALF OF AGUDATH ISRAEL OF AMERICA AND THE UNION OF ORTHODOX CONGREGATIONS OF AMERICA IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED APPLICATION TO FILE AMICUS CURIAE BRIEF**<br><br>**Judge: Hon. Mark C. Scarsi** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Agudath Israel of America ("Agudath Israel") and the Union of Orthodox Jewish Congregations of America (the "Orthodox Union") hereby applies Ex Parte to the above-entitled Court for leave to file an *amicus curiae* memorandum in support of *Plaintiffs' Notice of Motion and Motion For Preliminary Injunction*, ECF No. 48

1  (the "Motion). Agudath Israel and the Orthodox Union have complied with Local Rule 7-19.1, by providing notice to all parties in advance of filing this Application. None of the parties oppose this application. On July 23, counsel for Defendants stated that Defendants take no position on the participation of amicus in this case. Likewise, on July 23, Counsel for Plaintiffs stated that Plaintiffs consented to participation. A proposed order granting this application is also attached.

As described in the accompanying Memorandum of Points and Authorities, there is good cause to grant this unopposed Application, which is within the Court's discretion. If this Application is heard on the regular noticed motion schedule, *amici* would be irreparably harmed because there would not be time for review by the Court of their arguments before the preliminary injunction hearing on July 29. Accordingly, there is insufficient time to file the instant Application according to the regular, noticed motion procedure.

Pursuant to Local Rule 7-19.1, the contact information for Defendants' counsel is as follows:

**Matthew R. Cowan**
mcowan@omm.com
400 South Hope Street, 19th Floor
Los Angeles, California 90071-2899
(213) 430-6000

## MEMORANDUM OF POINTS AND AUTHORITIES

*Amici* respectfully request leave to file a brief in support of the motion for a preliminary injunction. The proposed *amicus* brief will provide the Court with helpful information about the broader context surrounding the UCLA encampment, how other schools have responded, and the impact on Orthodox students in particular. A proposed order permitting filing of the *amicus* curiae brief is attached.

*Amicus curiae* assist in cases "of general public interest" by "supplementing the efforts of counsel, and drawing the court's attention to law that might otherwise escape consideration." *Funbus Systems, Inc. v. California Public Utilities Com.*, 801 F.2d

1120, 1125 (9th Cir. 1986). "District courts frequently welcome amicus briefs from nonparties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective." *Sonoma Falls Developers, LLC v. Nev. Gold & Casinos*, 272 F. Supp. 2d 919, 925 (N.D. Cal. 2003) (internal quotes omitted).

While no "standard, rule, or statute" governs amicus participation in district court, courts in this Circuit generally consider motions for leave to file an amicus brief under Federal Rule of Appellate Procedure 29. *See Stoyas v. Toshiba Corp.*, 2021 WL 2315200, at *2 (C.D. Cal. June 7, 2021) ("[T]he Federal Rules of Civil Procedure do not address requests to participate as amici, therefore, district courts rely on Federal Rule of Appellate Procedure 29 … when considering such requests." (cleaned up)). Under Rule 29(a), "amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing." Fed. R. App. Proc. 29(a).

To seek leave, amici must file an accompanying motion for leave to file the brief that states: (i) "the movant's interest; and" (ii) "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. Proc. 29(b). "The Touchstone is whether the amicus is helpful." *United States v. State Water Res. Control Bd.*, 2020 WL 9144006, at *3 (E.D. Cal. Apr. 23, 2020) (cleaned up).

Here, *amici*'s brief is appropriate because none of the parties oppose its filing. *See* Fed. R. App. Proc. 29(a). The brief should be permitted on this basis alone.

Leave is additionally appropriate here because the proposed brief, informed by the proposed *amici*'s unique insights and experiences, will assist the Court's decision-making process. Agudath Israel is a 102-year-old nonprofit Orthodox Jewish umbrella organization. Agudath Israel has a large network of regional and state offices, affiliated synagogues, summer camps, special education, youth services, and religious study programs across the country. Agudath Israel regularly intervenes at all levels of government—including through the submission of, or participation in, *amicus curiae*

briefs—to advocate and protect the interests of the Orthodox Jewish community in the United States.

The Orthodox Union is the nation's largest Orthodox Jewish umbrella organization, representing nearly 1,000 congregations across the United States. The Orthodox Union, through its OU Advocacy Center, has participated as amicus curiae in many cases that, like this one, raise issues of importance to the Orthodox Jewish community. The Orthodox Union also has a presence on the UCLA campus, through its Jewish Learning Initiation on Campus program, which serves and supports Jewish students.

Together, *amici* have a strong interest in ensuring that Jewish students have equal access to education, and that Jewish students do not face harassment and threats because of their faith. The outbreak of antisemitic incidents not only at UCLA but on university campuses nationwide sharply undercut that interest. At UCLA and many other universities, Jewish students were physically prevented from accessing significant portions of the campus because of their faith and support for Israel as part of their religious observance. Orthodox Jewish students were also disproportionately targets of harassment and intimidation because of their religious dress. *Amici* therefore have a strong interest in ensuring that UCLA prevents the formation of yet another round of encampments and the accompanying exclusion, harassment, and intimidation of Jewish students, when school starts up again in the fall.

As outlined in the attached brief, *amici* write to put this litigation into the broader context of increased antisemitism on college campuses, and to emphasize the public interest in ensuring that Jewish students have full and equal access to education and are not harassed on the basis of their religious beliefs or dress. *Amici* will also explain how other schools have failed, or succeeded, in responding to the crisis of encampments. The perspective of *amici* is particularly relevant to the preliminary injunction factors. "Protecting religious liberty and conscience is obviously in the public interest." *California v. Azar*, 911 F.3d 558, 582 (9th Cir. 2018).

Plaintiffs' motion was filed on June 24, 2024. *Amici* worked diligently to get the brief prepared and on file as soon as practicable under the circumstances. There is no deadline in the Central District for a motion seeking leave to file an *amicus curiae* brief. Amicus participation is unopposed by all of the parties.

For these reasons, the Court should accept the attached *amicus* brief for filing.

DATED: July 24, 2024

BY: /s/ Edward R. Reines
EDWARD R. REINES
WEIL, GOTSHAL & MANGES LLP
Attorney for Amici Curiae
AGUDATH ISRAEL OF AMERICA
and the UNION OF ORTHODOX
JEWISH CONGREGATIONS OF
AMERICA

United States District Court Central District of California
Case No. 2:24-cv-04702-MCS-PD
*Frankel et al. v. Regents of the University of California et al.*

## **PROOF OF SERVICE**

(Pursuant to Federal Law)

The undersigned certifies and declares as follows:

I am a resident of the State of California and over 18 years of age and am not a party to this action. My business address is 201 Redwood Shores Pkwy #400, Redwood City, CA 94065, which is located in the county where any non-personal service described below took place.

On July 24, 2024, a copy of the following document(s):

**(1) UNOPPOSED EX PARTE APPLICATION FOR LEAVE TO FILE AMICUS CURIAE BRIEF ON BEHALF OF AGUDATH ISRAEL OF AMERICA AND THE UNION OF ORTHODOX CONGREGATIONS OF AMERICA IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED APPLICATION TO FILE AMICUS CURIAE BRIEF**

was served on:

**Matthew R. Cowan**
mcowan@omm.com
400 South Hope Street, 19th Floor
Los Angeles, California 90071-2899
(213) 430-6000

*Attorneys for Defendants*

Service was accomplished as follows.

**By E-mail.** By transmitting via e-mail or electronic transmission the document(s) listed above to the person at the e-mail address set forth above.

Executed on July 24, 2024, at Redwood City, California.

/s/ Edward Reines
Edward R. Reines