1  MATTHEW R. COWAN (S.B. #281114)
   mcowan@omm.com
2  O'MELVENY & MYERS LLP
   400 South Hope Street, 19th Floor
3  Los Angeles, California 90071-2899
   Telephone: (213) 430-6000
4  Facsimile: (213) 430-6407

5  ANTON METLITSKY*
   ametlitsky@omm.com
6  JENNIFER SOKOLER*
   jsokoler@omm.com
7  O'MELVENY & MYERS LLP
   1301 Avenue of the Americas, Suite 1700
8  New York, NY 10019
   Telephone: (212) 326-2000
9  Facsimile: (211) 326-2061

10
11 MEAGHAN VERGOW*
   mvergow@omm.com
12 O'MELVENY & MYERS LLP
   1625 Eye Street, N.W.
13 Washington, D.C. 20006
   Telephone: (202) 383-5300
14 Facsimile: (202) 383-5414

15 *Attorneys for Defendants*
   *Admitted pro hac vice*
16
17 [*Counsel continued on next page*]

18        **UNITED STATES DISTRICT COURT**
19        **CENTRAL DISTRICT OF CALIFORNIA**
          **WESTERN DIVISION – LOS ANGELES**
20
21 Frankel, et al.,                    | Case No. 2:24-CV-4702-MCS

22              Plaintiffs,            | **DEFENDANTS' ANSWER TO**
                                        | **PLAINTIFFS' COMPLAINT**
23      v.                             | Judge:      Hon. Mark C. Scarsi
                                        | Courtroom:  7C
24 Regents of the University of
   California, et al.,
25
26              Defendants.
27
28

1

*[Counsel continued from previous page]*

2

3
Charles Robinson (S.B. #113197)
Rhonda Goldstein (S.B. #250387)

4
Norman Hamill (S.B. #154272)
The Regents of the University of California

5
1111 Franklin Street, Floor 8

6
Oakland, California 94607-5201
Telephone:  (510) 987-9800

7
Facsimile:  (510) 987-9757

8

9
*Attorneys for Defendants*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# INTRODUCTION

All forms of harassment and discrimination are antithetical to UCLA's values and corrosive to its culture.  UCLA unequivocally condemns hate in all forms – including antisemitism.  As a public university, UCLA is subject to a dual legal mandate: a legal obligation under the First Amendment to protect free speech on campus, as well as a legal obligation under federal law to protect students from discrimination and harassment.  UCLA strives to strike the right balance and meet all of its legal obligations to students and other community members.

Since the horrific attack on Israel on October 7, 2024, there has been a disturbing rise of antisemitism across America and the globe.  UCLA is unfortunately not immune to this troubling trend.  UCLA is committed to combating antisemitism and fostering an environment where all community members feel safe and welcome.  Ahead of the start of the 2024-2025 academic year, UCLA and the University of California instituted system-wide reforms and programs to promote safety and combat harassment and discrimination on campus.  UCLA is committed to working with campus partners to create a campus that is safe and welcoming to all and has developed actionable plans to do so.

Except as otherwise expressly stated herein, The Regents of the University of California, Michael V. Drake, Gene D. Block, Darnell Hunt, Michael Beck, Monroe Gorden, Jr., and Rick Braziel (the "Defendants") deny the allegations in the Complaint.  To the extent Plaintiffs have included headings, footnotes, illustrations, or allegations not contained within the specifically numbered paragraphs of the Complaint, such extraneous material requires no response under Rule 10 of the Federal Rules of Civil Procedure.  To the extent any headings, footnotes, illustrations, or allegations not contained within the specifically numbered paragraphs of the Complaint are deemed to require a response, Defendants deny and do not adopt them.  Plaintiffs' headings are repeated below solely for organizational purposes.  Pursuant to Rule 8(b) of the Federal Rules of Civil

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

Procedure, averments in the Complaint to which no responsive pleading is required
shall be deemed as denied.  Defendants expressly reserve the right to seek to amend
and/or supplement this Answer as may be necessary.

## I.      NATURE OF ACTION

1.      Paragraph 1 contains argument, legal principles, or conclusions of law
to which no response is required.  Defendants admit that a horrific and heart-
wrenching terrorist attack on Israeli citizens took place on October 7, 2023.
Defendants admit that the UCLA campus experienced protest activity following the
terrorist attack, including in the Spring of 2024.  Defendants deny that the
University is a "hotbed of antisemitism" and otherwise lack sufficient knowledge or
information to form a belief as to the truth of the remaining allegations in Paragraph
1, and on that basis deny them.

2.      Paragraph 2 contains argument, legal principles, or conclusions of law
to which no response is required.  Defendants admit that the University strives to
ensure that its Jewish students are safe, protected from harassment, and afforded the
full benefits of educational facilities.  Defendants deny the remaining allegations in
Paragraph 2.

3.      Paragraph 3 contains argument, legal principles, or conclusions of law
to which no response is required.  To the extent a response is required, Defendants
admit that the UCLA campus experienced protest activity in the Spring of 2024.

4.      Defendants admit that on April 25, 2024, individuals, including
students, established an encampment on UCLA's campus that at times obstructed
access to certain campus spaces and facilities.  Defendants deny the remaining
allegations in Paragraph 4.

5.      Paragraph 5 contains argument, legal principles, or conclusions of law
to which no response is required.  Defendants admit that protestors on campus have
chanted at least some of these phrases.  Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph
5, and on that basis deny them.

6.    Paragraph 6 contains argument, legal principles, or conclusions of law
to which no response is required.  Defendants deny that Jewish students were
"segregat[ed]" or that Jewish students in particular were prevented from accessing
classrooms or the main undergraduate library.  Defendants lack knowledge or
information sufficient to form a belief as to the truth of the remaining allegations in
Paragraph 6, and on that basis deny them.

7.    Paragraph 7 contains argument, legal principles, or conclusions of law
to which no response is required.  Defendants admit that protestors constructed
barriers around the encampment and limited access to the encampment.  Defendants
lack knowledge or information sufficient to form a belief as to the truth of the
remaining allegations in Paragraph 7 and on that basis deny them.

8.    Paragraph 8 contains argument, legal principles, or conclusions of law
to which no response is required.  Defendants admit that protestors constructed
barriers around the encampment and limited access to the encampment.  Defendants
lack knowledge or information sufficient to form a belief as to the truth of the
remaining allegations in Paragraph 8, and on that basis deny them.

9.    Paragraph 9 contains argument, legal principles, or conclusions of law
to which no response is required.  Defendants admit that protestors constructed
barriers around the encampment and limited access to the encampment.  Defendants
deny the remaining allegations in Paragraph 9.

10.    Paragraph 10 purports to quote from a public statement, and
Defendants refer to that statement as the best evidence of its contents.

11.    Paragraph 11 contains argument, legal principles, or conclusions of
law to which no response is required.  Defendants admit that UCLA initially
adopted a de-escalation strategy to address the encampment.  Defendants deny the
remaining allegations in Paragraph 11.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

12. Paragraph 12 contains argument, legal principles, or conclusions of law to which no response is required. Defendants admit that security staff hired by UCLA were stationed near the encampment, and deny the remaining allegations in Paragraph 12.

13. Paragraph 13 contains argument, legal principles, or conclusions of law to which no response is required. Defendants admit that security staff were instructed to prevent anyone from accessing "neutral zones" between the encampment and counter-demonstrators. Defendants deny the remaining allegations in Paragraph 13.

14. Paragraph 14 contains argument, legal principles, or conclusions of law to which no response is required. Defendants deny that they instructed security officers to police access to the encampment, and otherwise Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and on that basis deny them.

15. Paragraph 15 contains argument, legal principles, or conclusions of law to which no response is required. Defendants admit that there was an encampment on campus from April 25, 2024 until May 2, 2024. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and on that basis deny them.

16. Paragraph 16 contains argument, legal principles, or conclusions of law to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and on that basis deny them.

17. Paragraph 17 contains argument, legal principles, or conclusions of law to which no response is required. Paragraph 17 also purports to quote from the University's Mission & Values statement, and Defendants refer to that statement as the best evidence of its contents. Defendants admit that UCLA has adopted policies that are designed to promote its mission and values.

18.    Paragraph 18 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that individuals should not fear for their safety because they are Jewish.  Defendants deny the remaining allegations in Paragraph 18.

19.    Paragraph 19 contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 19.

20.    Paragraph 20 contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 20.

21.    Paragraph 21 contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 21.

22.    Paragraph 22 contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 22.

23.    Paragraph 23 purports to quote from a writing by President George Washington, and Defendants refer to that statement as the best evidence of its contents.  Defendants admit the remaining allegations in Paragraph 23.

24.    Paragraph 24 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 24.

## II.    <u>JURISDICTION AND VENUE</u>

25.    Paragraph 25 contains argument, legal principles, or conclusions of law to which no response is required.

26.    Paragraph 26 contains argument, legal principles, or conclusions of law to which no response is required.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

27. Paragraph 27 contains argument, legal principles, or conclusions of law to which no response is required.

28. Paragraph 28 contains argument, legal principles, or conclusions of law to which no response is required. To the extent a response is required, Defendants admit that they reside in the Central District of California and in the State of California.

### III.   THE PARTIES

29. Defendants admit that Yitzchok Frankel is enrolled at UCLA School of Law, that he has completed his second year of law school, and that his place of residence on file with the school is Los Angeles, California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29, and on that basis deny them.

30. Defendants admit that Joshua Ghayoum has completed his sophomore undergraduate year at UCLA, and that his place of residence on file with the school is Los Angeles, California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and on that basis deny them.

31. Defendants admit that Eden Shemuelian is enrolled at UCLA School of Law, that she has completed her second year of law school, and that her place of residence on file with the school is Los Angeles, California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31, and on that basis deny them.

32. Paragraph 32 contains argument, legal principles, or conclusions of law to which no response is required. Defendants admit that the Board of Regents oversees the University of California system and that the Office of the President is located in Oakland, California. Defendants admit that Defendant The Regents of the University of California is a public agency within the meaning of Cal. Gov't Code§ 7920.525(a).

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

33.     Paragraph 33 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that Dr. Michael V. Drake is the current President of the University of California, has served in that position since August 2020, and in that role oversees the operations of the University of California system.  Defendants further admit that Dr. Drake resides in California.

34.     Paragraph 34 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that Dr. Gene D. Block was the Chancellor of UCLA on June 5, 2024, and that as Chancellor he was the highest-ranking university official at UCLA, with duties pertaining to campus policies, goals, and strategy.  Defendants deny that Chancellor Block is currently in that role.  Defendants further admit that Chancellor Block resides in California.

35.     Paragraph 35 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that Dr. Darnell Hunt was the Executive Vice Chancellor and Provost of UCLA on June 5, 2024.  Defendants deny that Dr. Hunt is currently in that role.  Defendants further admit that Dr. Hunt resides in California.

36.     Paragraph 36 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that Michael J. Beck was Administrative Vice Chancellor of UCLA on June 5, 2024, and that as Administrative Vice Chancellor, he was in charge of UCLA's public safety operations.  Defendants further admit that Beck resides in California

37.     Paragraph 37 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that Monroe Gorden Jr. was Vice Chancellor, Student Affairs at UCLA on June 5, 2024.  Defendants further admit that Gorden resides in California.

38.     Paragraph 38 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that Rick Braziel was

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

Associate Vice Chancellor for Campus Safety at UCLA on June 5, 2024.

Defendants further admit that Braziel resides in California.

39.    Paragraph 39 contains argument, legal principles, or conclusions of law to which no response is required.

## IV.    FACTUAL BACKGROUND

**A.    UCLA**

40.    Admitted.

41.    Admitted.

42.    Admitted.

43.    Admitted.

44.    Admitted.

45.    Defendants admit that 3% of UCLA students who responded to a University of California Undergraduate Experience Survey conducted in 2022 self-identified as Jewish.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45, and on that basis deny them.

46.    Paragraph 46 purports to quote from UCLA's Student Code of Conduct, and Defendants refer to that statement as the best evidence of its contents.

47.    Paragraph 47 purports to quote from a public statement and Defendants refer to that policy as the best evidence of its contents.

48.    Admitted.

49.    Paragraph 49 purports to quote from a document summarizing relevant UCLA policies titled "Your First Amendment Rights as a Student at UCLA", and Defendants refer to that policy as the best evidence of its contents.

50.    Paragraph 50 purports to quote from a policy, and Defendants refer to that policy as the best evidence of its contents.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

51.    Defendants admit that UCLA maintains policies that do not allow unauthorized protestors to exercise exclusive control over campus facilities or spaces.  Otherwise, denied.

52.    Defendants admit that the University of California has an anti-discrimination policy that is in effect at UCLA and is intended to protect students and faculty from discrimination and harassment.

53.    Paragraph 53 purports to quote from the University of California "Anti-Discrimination Policy" and Defendants refer to that policy as the best evidence of its contents.

**B.    Antisemitic Protests at UCLA Following the October 7th Attack**

54.    Defendants admit that there were protests on UCLA's campus after October 7, 2023.  Defendants admit that there were media reports of other protests at other campuses around the country, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other campuses around the country.

55.    Defendants admit that since October 7, 2023, disturbing antisemitic language was used and imagery was present at protests that occurred on UCLA's campus.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny them.

56.    Paragraph 56 purports to quote from Chancellor Block's sworn testimony, and Defendants refer to that testimony as the best evidence of its contents.

57.    Defendants admit that there has been antisemitic conduct and speech on UCLA's campus.

58.    Defendants admit that there was protest activity at Bruin Plaza on October 12, 2023.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58, and on that basis deny them.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

59.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and on that basis deny them.

60.    Defendants admit that police officers were present during the October 12, 2023 protest activity.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and on that basis deny them.

61.    Paragraph 61 purports to refer to documents referenced in Paragraph 62 and Paragraph 63, and Defendants refer to those documents as the best evidence of their contents.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and on that basis deny them.

62.    Paragraph 62 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

63.    Paragraph 63 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

64.    Paragraph 64 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

65.    Paragraph 65 contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 65.

66.    Paragraph 66 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit a protest occurred on November 8, 2023.  Defendants admit that protestors on campus have chanted at least some of these phrases.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66, and on that basis deny them.

67.    Paragraph 67 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that there was a protest on

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

November 8, 2023 at which individuals struck a piñata bearing an image of Israeli
Prime Minister Benjamin Netanyahu and chanted into a megaphone.  Defendants
lack knowledge or information sufficient to form a belief as to the truth of the
remaining allegations in Paragraph 67, and on that basis deny them.

68.    Paragraph 68 purports to quote from a public statement, and
Defendants refer to that statement as the best evidence of its contents.

69.    Paragraph 69 purports to quote from a public statement, and
Defendants refer to that statement as the best evidence of its contents.

70.    Paragraph 70 purports to quote from a public statement, and
Defendants refer to that statement as the best evidence of its contents.

71.    Paragraph 71 contains argument, legal principles, or conclusions of
law to which no response is required.  Defendants admit that students and faculty
raised concerns about antisemitism at UCLA.

72.    Paragraph 72 purports to quote from a news article, and Defendants
refer to that article as the best evidence of its contents.

73.    Paragraph 73 purports to quote from a news article, and Defendants
refer to that article as the best evidence of its contents.  Defendants admit that
students and faculty raised concerns about antisemitism at UCLA.

74.    Paragraph 74 contains argument, legal principles, or conclusions of
law to which no response is required.  Paragraph 74 relies on a video, and
Defendants refer to that video as the best evidence of its contents.  Defendants
admit that an individual was seen on campus holding a knife.  Defendants lack
knowledge or information sufficient to form a belief as to the truth of the remaining
allegations in Paragraph 74, and on that basis deny them.

75.    Paragraph 75 contains argument, legal principles, or conclusions of
law to which no response is required.    Defendants admit certain classes met
remotely between May 2-10, 2024.  Defendants lack knowledge or information
sufficient to form a belief as to the truth of the allegations in this paragraph

1    regarding unnamed students, and on that basis deny them. Defendants lack

2    knowledge or information sufficient to form a belief as to the truth of the remaining

3    allegations in Paragraph 75, and on that basis deny them.

4        76.    Defendants admit that UCLA received reports that posters of

5    individuals captured in the Hamas terror attack were taken down or written on by

6    third parties. Defendants lack knowledge or information sufficient to form a belief

7    as to the truth of the remaining allegations in Paragraph 76, and on that basis deny

8    them.

9        77.    Paragraph 77 purports to quote from a public statement, and

10   Defendants refer to that statement as the best evidence of its contents. Defendants

11   admit the remaining allegations in Paragraph 77.

12       78.    Defendants lack knowledge or information sufficient to form a belief

13   as to the truth of the allegations in Paragraph 78, and on that basis deny them.

14       79.    Paragraph 79 purports to depict a document, and Defendants refer to

15   that document as the best evidence of its contents.

16       80.    Defendants lack knowledge or information sufficient to form a belief

17   as to the truth of the allegations in Paragraph 80, and on that basis deny them.

18       81.    Admitted.

19       82.    Admitted.

20       83.    Paragraph 83 purports to depict a document and Defendants refer to

21   that document as the best evidence of its contents.

22       84.    Paragraph 84 contains argument, legal principles, or conclusions of

23   law to which no response is required. Defendants admit that the statue was

24   antisemitic. Defendants lack sufficient knowledge or information to form a belief

25   as to the truth of the remaining allegations in Paragraph 84, and on that basis deny

26   them.

27       85.    Paragraph 85 contains argument, legal principles, or conclusions of

28   law to which no response is required. Defendants admit that the statue was

14

antisemitic.  Defendants admit other antisemitic language was used and imagery was present on the UCLA campus since October 7, 2023.

86.    Paragraph 86 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit antisemitic language was used and imagery was present on campus since October 7, 2023.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86, and on that basis deny them.

## C.    A Jew Exclusion Zone is Established on Campus, and UCLA Facilitates It

87.    Paragraph 87contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit there were media reports of an encampment at Columbia University and at other colleges and universities.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87, and on that basis deny them.

88.    Paragraph 88 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

89.    Admitted.

90.    Admitted.

91.    Paragraph 91 purports to quote from a UCLA webpage, and Defendants refer to that webpage as the best evidence of its contents.  Defendants admit the remaining allegations in Paragraph 91.

92.    Paragraph 92 purports to quote from a UCLA webpage, and Defendants refer to that webpage as the best evidence of its contents.  Defendants admit that Powell Library is a popular place to study at UCLA, but lack knowledge or information sufficient to form a belief as to the truth of whether it is the "most popular place to study."  Defendants admit the remaining allegations in Paragraph 92.

93.    Admitted.

15

94. Defendants admit that at a certain point members of the encampment blocked the top of Janss Steps, which is a long staircase leading up to Royce Quad.

95. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether all the phrases listed in Paragraph 95 were chanted by those inside the encampment. Defendants admit that at least some of these phrases were chanted.

96. Paragraph 96 purports to quote from sworn testimony, and Defendants refer to that testimony as the best evidence of its contents.

97. Paragraph 97 contains argument, legal principles, or conclusions of law to which no response is required. Defendants admit that antisemitic images were present at the encampment on Royce Quad. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97, and on that basis deny them.

98. Admitted that Paragraphs 99 and 100 appear to depict images described in Paragraph 98. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98, and on that basis deny them.

99. Paragraph 99 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

100. Paragraph 100 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

101. Admitted.

102. Paragraph 102 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

103. Defendants admit that graffiti and/or anti-Jewish slogans were found on UCLA's campus when the encampment in Royce Quad was removed.

104. Paragraph 104 purports to depict two documents, and Defendants refer to those documents as the best evidence of their contents.

105.    Defendants admit that UCLA received reports that posters of individuals captured in the Hamas terror attack were taken down or written on by third parties.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105, and on that basis deny them.

106.    Defendants admit that Paragraph 107 appears to depict an image that is described in Paragraph 106.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106, and on that basis deny them.

107.    Paragraph 107 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

108.    Paragraph 108 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that protestors constructed barriers around the encampment and limited access to the encampment.

109.    Defendants admit that protestors constructed barriers around the encampment and limited access to the encampment.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109, and on that basis deny them.

110.    Defendants admit that protestors constructed barriers around the encampment and limited access to the encampment.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110, and on that basis deny them.

111.    Defendants admit that protestors constructed barriers around the encampment and limited access to the encampment.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111, and on that basis deny them.

112.    Defendants admit that protestors constructed barriers around the encampment and limited access to the encampment.  Defendants lack knowledge or

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112, and on that basis deny them.

113.    Defendants admit that protestors constructed barriers around the encampment and limited access to the encampment.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113, and on that basis deny them.

114.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and on that basis deny them.

115.    Denied.

116.    Paragraph 116 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

117.    Paragraph 117 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 117.

118.    Paragraph 118 purports to quote from a recorded statement, and Defendants refer to that statement as the best evidence of its contents.

119.    Paragraph 119 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

120.    Admitted.

121.    Paragraph 121 purports to depict a photograph, and Defendants refer to that photograph as the best evidence of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 121, and on that basis deny them.

122.    Defendants admit that security staff were instructed to prevent anyone from accessing "neutral zones" between the encampment and counter-demonstrators.  Defendants deny the remaining allegations in Paragraph 122.

18

123.   Defendants admit that security staff were instructed to prevent anyone from accessing "neutral zones" between the encampment and counter-demonstrators.  Defendants deny the remaining allegations in Paragraph 123.

124.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and on that basis deny them.

125.   Defendants admit that certain faculty members supported the encampment.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis deny them.

126.   Paragraph 126 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

127.   Paragraph 127 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that certain faculty members supported the encampment.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127, and on that basis deny them.

128.   Defendants admit that certain faculty members requested fellow faculty to excuse student absences related to presence at the encampment. Paragraph 128 purports to quote from a document, and Defendants refer to that document as the best evidence of its contents.

129.   Paragraph 129 purports to quote or characterize an image that speaks for itself, and thus no response is required.

130.   Denied that any classes took place inside the encampment.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130, and on that basis deny them.

131.   Paragraph 131 purports to quote from a social media statement, and Defendants refer to that statement as the best evidence of its contents.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

132.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132, and on that basis deny them.

133.   Paragraph 133 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133, and on that basis deny them.

134.   Paragraph 134 purports to quote from a document, and Defendants refer to that document as the best evidence of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 134, and on that basis deny them.

135.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, and on that basis deny them.

136.   Defendants admit that they had metal bike racks installed around the encampment, with the goal of preventing conflict between those in the encampment and counter-demonstrators and discouraging the encampment's expansion.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and on that basis deny them.

137.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, and on that basis deny them.

**D.**    **UCLA's Response to the Anti-Jewish Segregation**

138.   Paragraph 138 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 138.

139.   Paragraph 139 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

140.   Paragraph 140 contains argument, legal principles, or conclusions of law to which no response is required.  Paragraph 140 also purports to quote from a

20

public statement, and Defendants refer to that statement as the best evidence of its contents.  Defendants deny the remaining allegations in Paragraph 140.

141.   Paragraph 141 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

142.   Paragraph 142 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

143.   Paragraph 143 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 143.

144.   Denied.  By April 30, 2024, UCLA had sought law enforcement assistance to remove the encampment.

145.   Paragraph 145 purports to describe a public statement, and Defendants refer to that statement as the best evidence of its contents.

146.   Paragraph 146 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

147.   Paragraph 147 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.  Defendants admit the remaining allegations in Paragraph 147.

148.   Paragraph 148 contains argument, legal principles, or conclusions of law, to which no response is required.  Paragraph 148 purports to refer to public statements, and Defendants refer to those statements as the best evidence of their content.

149.   Paragraph 149 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 149.

150.   Paragraph 150 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that on April 30, 2024, law enforcement, including UCLA PD, was authorized to intervene to quell violence

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

1    that was occurring on campus. Defendants further admit that by this time UCLA

2    PD had been instructed to develop a plan for law enforcement to remove the Royce

3    Quad encampment safely and quickly. Otherwise, denied.

4        151.    Defendants admit that during the night of April 30, 2024, law

5    enforcement, including UCLA PD and LAPD intervened in order to quell violence

6    that was occurring on campus. Defendants further admit that by this time UCLA

7    PD had been instructed to develop a plan for law enforcement to remove the Royce

8    Quad encampment safely and quickly.

9        152.    Paragraph 152 contains argument, legal principles, or conclusions of

10   law to which no response is required. Paragraph 152 also purports to quote from a

11   public statement, and Defendants refer to that statement as the best evidence of its

12   contents. Defendants admit that by this time, UCLA PD had been instructed to

13   develop a plan for law enforcement to remove the Royce Quad encampment safely

14   and quickly. Otherwise, denied.

15       153.    Defendants admit that UCLA cancelled classes on May 1. Defendants

16   admit that classes were held remotely on May 2 and 3, and that Royce Hall, Powell

17   Library, and the other listed campus buildings were closed during that time.

18   Defendants further admit that by this time, UCLA PD had been instructed to

19   develop a plan for law enforcement to remove the Royce Quad encampment safely

20   and quickly.

21       154.    Paragraph 154 purports to quote from a public statement, and

22   Defendants refer to that statement as the best evidence of its contents.

23       155.    Paragraph 155 purports to quote from a public statement, and

24   Defendants refer to that statement as the best evidence of its contents.

25       156.    Paragraph 156 contains argument, legal principles, or conclusions of

26   law to which no response is required. Paragraph 156 purports to quote from sworn

27   testimony, and Defendants refer to that testimony as the best evidence of its

28   contents.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

157.   Paragraph 157 contains argument, legal principles, or conclusions of law to which no response is required.  Paragraph 157 also purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.  Otherwise, denied.

158.   Paragraph 158 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.  Defendants admit that the Office of Campus Safety reports directly to the Chancellor of UCLA.

159.   Paragraph 159 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

**E.    Radical Groups Threaten Further Lawlessness on UCLA's Campus**

160.   Paragraph 160 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 160.

161.   Paragraph 161 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 161, and on that basis deny them.

162.   Paragraph 162 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that protests have occurred on campus since the encampment was taken down from Royce Quad in early May. Otherwise, denied.

163.   Paragraph 163 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 163, and on that basis deny them.

164.   Paragraph 164 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.  Defendants

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 164, and on that basis deny them.

165.    Paragraph 165 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that more than 40 individuals were taken into custody by UCLA PD on May 6, 2024.  Defendants further admit that individuals attempted to disrupt Moore Hall on May 6, 2024.

166.    Paragraph 166 purports to describe a document, and Defendants refer to that document as the best evidence of its contents.

167.    Paragraph 167 purports to depict two documents, and Defendants refer to those documents as the best evidence of their contents.

168.    Paragraph 168 purports to refer to a document, and Defendants refer to that document as the best evidence of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 168, and on that basis deny them.

169.    Paragraph 169 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

170.    Paragraph 170 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 170.

171.    Paragraph 171 purports to refer to an email in a cited article, and Defendants refer to the email in that cited article as the best evidence of its contents.

172.    Paragraph 172 contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that classes were held remotely until May 10.

173.    Paragraph 173 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

174.   Paragraph 174 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

175.   Paragraph 175 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

176.   Paragraph 176 purports to quote from a document, and Defendants refer to that document as the best evidence of its contents.  Defendants admit that in early May 2024, various events were held on Royce Quad.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis deny them.

177.   Paragraph 177 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that Chancellor Block testified to Congress on May 23, 2024.  Defendants further admit that on May 23, 2024, individuals attempted to erect an encampment on Kerckhoff Patio, and dispersed after they were informed that if they failed to do so, they would face arrest and possible disciplinary action.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny them.

178.   Paragraph 178 purports to refer to a document, and Defendants refer to that document as the best evidence of its contents.  Defendants further admit that on May 23, 2024, individuals attempted to erect an encampment around Kerckhoff Patio, and dispersed after they were informed that if they failed to do so, they would face arrest and possible disciplinary action.  Defendants further admit that a perimeter was set up on Kerckhoff Patio.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis, deny them.

**F.**     **Yitzchok Frankel**

179.   Admitted.

180.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180, and on that basis deny them.

181.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181, and on that basis deny them.

182.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182, and on that basis deny them.

183.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183, and on that basis deny them.

184.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184, and on that basis deny them.

185.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185, and on that basis deny them.

186.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186, and on that basis deny them.

187.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187, and on that basis deny them.

188.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188, and on that basis deny them.

189.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189, and on that basis deny them.

190.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190, and on that basis deny them.

191.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191, and on that basis deny them.

192.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192, and on that basis deny them.

193.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193, and on that basis deny them.

194.   Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 194, and on that basis deny them.

195.   Paragraph 195 purports to refer to actions referenced in Paragraph 194
without specifying whether Plaintiff Frankel was aware of the identity of those who
tore down the posters, and therefore Defendants lack knowledge or information
sufficient to form a belief as to the truth of the allegations in Paragraph 195, and on
that basis deny them.

196.   Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 196, and on that basis deny them.

197.   Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 197, and on that basis deny them.

198.   Admitted that Plaintiff Frankel reported an incident to UCLA's Civil
Rights Office.

199.   Paragraph 199 contains argument, legal principles, or conclusions of
law to which no response is required.  Defendants lack knowledge or information
sufficient to form a belief as to the truth of the remaining allegations in Paragraph
199, and on that basis deny them.

200.   Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 200, and on that basis deny them.

201.   Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 201, and on that basis deny them.

202.   Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 202, and on that basis deny them.

203.   Paragraph 203 contains argument, legal principles, or conclusions of
law to which no response is required.  Defendants lack knowledge or information
sufficient to form a belief as to the truth of the remaining allegations in Paragraph
203, and on that basis deny them.

204.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204, and on that basis deny them.

205.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205, and on that basis deny them.

206.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206, and on that basis deny them.

207.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207, and on that basis deny them.

208.    Defendants admit that security staff were instructed to prevent anyone from accessing "neutral zones" between the encampment and counter-demonstrators.  Otherwise, denied.

209.    Defendants admit that on or around the evening of April 25, 2024, Defendants had metal bike racks installed around the encampment, with the goal of preventing conflict between those in the encampment and counter-demonstrators and discouraging the encampment's expansion.  Defendants also admit that on or around Saturday night, April 27, 2024, in anticipation of a permitted Israeli American Council counter-demonstration, Defendants established two "neutral zones" between the pro-Palestinian encampment and the pro-Israeli counter-demonstration with the intent that this would maintain safety on campus and prevent the two groups from clashing with each other.  Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 209 and on that basis, deny them.

210.    Defendants admit security staff were mounted on bicycles. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 210, and on that basis deny them.

211.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211, and on that basis deny them.

212.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212, and on that basis deny them.

213.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213, and on that basis deny them.

214.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214, and on that basis deny them.

215.   Denied.

**G.    Joshua Ghayoum**

216.   Defendants admit that Joshua Ghayoum recently completed his sophomore year and that he was a history major.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 216, and on that basis deny them.

217.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217, and on that basis deny them.

218.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218, and on that basis deny them.

219.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219, and on that basis deny them.

220.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220, and on that basis deny them.

221.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221, and on that basis deny them.

222.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 222, and on that basis deny them.

223.   Defendants admit that Plaintiff Ghayoum is a member of Alpha Epsilon Pi and that his membership status is "Not Active" as of April 17, 2024.

224.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224, and on that basis deny them.

225.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225, and on that basis deny them.

226.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226, and on that basis deny them.

227.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227, and on that basis deny them.

228.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 228, and on that basis deny them.

229.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229, and on that basis deny them.

230.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230, and on that basis deny them.

231.    Defendants admit the Janss Steps is a location where protests have occurred at UCLA.

232.    Defendants admit that some of these phrases have been chanted during protests on campus.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232, and on that basis deny them.

233.    Defendants admit that UCLA received reports that posters of individuals captured in the Hamas terror attack were taken down or written on by third parties.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233, and on that basis deny them.

234.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234, and on that basis deny them.

235.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235, and on that basis deny them.

236.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236, and on that basis deny them.

237.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237, and on that basis deny them.

238.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238, and on that basis deny them.

239.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 239, and on that basis deny them.

240.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240, and on that basis deny them.

241.   Defendants admit that certain security staff on campus wore yellow vests reading "CSC."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 241, and on that basis deny them.

242.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242, and on that basis deny them.

243.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243, and on that basis deny them.

244.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244, and on that basis deny them.

245.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245, and on that basis deny them.

246.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246, and on that basis deny them.

247.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247, and on that basis deny them.

248.  Paragraph 248 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 248, and on that basis deny them.

249.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249, and on that basis deny them.

250.  Paragraph 250 purports to refer to an email, and Defendants refer to that email as the best evidence of its contents.

251.  Paragraph 251 purports to refer to an email, and Defendants refer to that email as the best evidence of its contents.

252.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252, and on that basis deny them.

253.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 253, and on that basis deny them.

254.  Paragraph 254 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that Haines Hall abuts Royce Quad.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 254, and on that basis deny them.

255.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255, and on that basis den them.

256.  Paragraph 256 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256, and on that basis deny them.

## H.    **Eden Shemuelian**

257.    Defendants admit that Eden Shemuelian attended UCLA as an
undergraduate and that she completed her second year at UCLA School of Law in
Spring 2024.  Defendants lack knowledge or information sufficient to form a belief
as to the truth of the remaining allegations in Paragraph 257, and on that basis deny
them.

258.    Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 258, and on that basis deny them.

259.    Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 259, and on that basis deny them.

260.    Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 260, and on that basis deny them.

261.    Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 261, and on that basis deny them.

262.    Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 262, and on that basis deny them.

263.    Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 263, and on that basis deny them.

264.    Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 264, and on that basis deny them.

265.    Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 265, and on that basis deny them.

266.    Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 266, and on that basis deny them.

267.    Defendants lack knowledge or information sufficient to form a belief
as to the truth of the allegations in Paragraph 267, and on that basis deny them.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

268.    Paragraph 268 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

269.    Defendants admit that Eden Shemuelian attended UCLA as an undergraduate and that she enrolled at UCLA School of Law.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 269, and on that basis deny them.

270.    Paragraph 270 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 270, and on that basis deny them.

271.    Paragraph 271 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that since October 7, 2023, antisemitic language was used and imagery was present at protests that have occurred on UCLA's campus.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271, and on that basis deny them.

272.    Paragraph 272 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that protests took place at UCLA's Law School.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 272, and on that basis deny them.

273.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273, and on that basis deny them.

274.    Defendants admit that UCLA received reports that posters of individuals captured in the Hamas terror attack were taken down or written on by third parties.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274, and on that basis deny them.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

275.   Paragraph 275 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit a protest occurred at UCLA on November 8, 2023.  Defendants admit that protestors on campus have chanted at least some of these phrases.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 275, and on that basis deny them.

276.   Paragraph 276 purports to quote from an email, and Defendants refer to that email as the best evidence of its contents.

277.   Paragraph 277 purports to quote from an email, and Defendants refer to that email as the best evidence of its contents.

278.   Paragraph 278 purports to describe an email, and Defendants refer to that email as the best evidence of its contents.

279.   Paragraph 279 purports to describe an email, and Defendants refer to that email as the best evidence of its contents.

280.   Paragraph 280 purports to quote from an email, and Defendants refer to that email as the best evidence of its contents.

281.   Admitted that Defendants concluded that reports that correspond to the allegations in Paragraphs 276 through 280 did not rise to a level of violation of policy and in some instances, no further action was taken because the respondents were unknown.

282.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282, and on that basis deny them.

283.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283, and on that basis deny them.

284.   Paragraph 284 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 284, and on that basis deny them.

285.   Defendants admit that Royce Quad is an approximately three-minute walk to the law school building.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 285, and on that basis deny them.

286.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 286, and on that basis deny them.

287.   Paragraph 287 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287, and on that basis deny them.

288.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288, and on that basis deny them.

289.   Defendants admit that certain participants in the encampment were masked.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 289, and on that basis deny them.

290.   Paragraph 290 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that security staff were instructed to prevent anyone from accessing "neutral zones" between the encampment and counter-demonstrators.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 290, and on that basis deny them.

291.   Denied.

292.   Defendants admit that certain security staff wore light blue polo shirts with a logo depicting "CSC."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 292, and on that basis deny them.

293.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 293, and on that basis deny them.

294.   Defendants admit that security staff were instructed to prevent anyone from accessing "neutral zones" between the encampment and counter-demonstrators.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 294, and on that basis deny them.

295.   Paragraph 295 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit some security staff were mounted on bicycles.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 295, and on that basis deny them.

296.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296, and on that basis deny them.

297.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297, and on that basis deny them.

298.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298, and on that basis deny them.

299.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 299, and on that basis deny them.

300.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300, and on that basis deny them.

301.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 301, and on that basis deny them.

302.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302, and on that basis deny them.

303.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 303, and on that basis deny them.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

304.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 304, and on that basis deny them.

305.   Admitted.

306.   Admitted.

307.   Paragraph 307 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 307, and on that basis deny them.

308.   Paragraph 308 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308, and on that basis deny them.

309.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309, and on that basis deny them.

310.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310, and on that basis deny them.

311.   Paragraph 311 contains argument, legal principles, or conclusions of law to which no response is required.  Paragraph 311 purports to quote from email, and Defendants refer to that email as the best evidence of its contents.

312.   Paragraph 312 contains argument, legal principles, or conclusions of law to which no response is required.  Paragraph 312 purports to quote from email, and Defendants refer to that email as the best evidence of its contents.  Defendants also deny to the extent Plaintiff Shemuelian alleges she was not offered an accommodation for taking the exam.

313.   Paragraph 313 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny to the extent Plaintiff Shemuelian alleges she was not offered an accommodation for taking the exam.

**I.    Relief needed**

314.    Paragraph 314 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 314.

315.    Paragraph 315 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 315.

316.    Paragraph 316 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 316.

317.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317, and on that basis deny them.

318.    Paragraph 318 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 318.

319.    Paragraph 319 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 319.

**CLAIMS FOR RELIEF**
**Count I**
**42 U.S.C. § 1983**
**Equal Protection Clause**

320.    Defendants incorporate by reference their responses to Plaintiffs' allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

321.    Paragraph 321 contains argument, legal principles, or conclusions of law to which no response is required.

322.    Paragraph 322 contains argument, legal principles, or conclusions of law to which no response is required.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

323.   Paragraph 323 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 323.

324.   Paragraph 324 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 324.

325.   Paragraph 325 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 325.

326.   Paragraph 326 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations set forth in Paragraph 326.

327.   Paragraph 327 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 327.

328.   Paragraph 328 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 328.

329.   Paragraph 329 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 329.

**Count II**
**42 U.S.C. § 1983**
**Freedom of Speech**

330.   Defendants incorporates by reference their responses to Plaintiffs' allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

331.   Paragraph 331 contains argument, legal principles, or conclusions of law to which no response is required.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

332.   Paragraph 332 contains argument, legal principles, or conclusions of law to which no response is required.

333.   Paragraph 333 contains argument, legal principles, or conclusions of law to which no response is required.

334.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 334, and on that basis deny them.

335.   Defendants admit that protestors constructed barriers around the encampment and limited access to the encampment.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 335, and on that basis deny them.

336.   Paragraph 336 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 336.

337.   Paragraph 337 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 337.

338.   Paragraph 338 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 338.

339.   Paragraph 339 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 339.

340.   Paragraph 340 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations set forth in Paragraph 340.

341.   Paragraph 341 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 341.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

342.   Paragraph 342 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 342.

**Count III**
**42 U.S.C. § 1983**
**Free Exercise Clause – Status Discrimination**

343.   Defendants incorporate by reference their responses to Plaintiffs' allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

344.   Paragraph 344 contains argument, legal principles, or conclusions of law to which no response is required.

345.   Paragraph 345 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 345.

346.   Paragraph 346 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 346.

347.   Paragraph 347 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations set forth in Paragraph 347.

348.   Paragraph 348 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 348.

349.   Paragraph 349 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations set forth in Paragraph 349.

350.   Paragraph 350 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 350.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>Count IV</u>**
**42 U.S.C. § 1983**
**Free Exercise Clause – Not Generally Applicable**

351.   Defendants incorporate by reference their responses to Plaintiffs'
allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

352.   Paragraph 352 contains argument, legal principles, or conclusions of
law to which no response is required.

353.   Paragraph 353 contains argument, legal principles, or conclusions of
law to which no response is required.

354.   Paragraph 354 contains argument, legal principles, or conclusions of
law to which no response is required.

355.   Paragraph 355 contains argument, legal principles, or conclusions of
law to which no response is required.  Defendants deny the remaining allegations in
Paragraph 355.

356.   Paragraph 356 contains argument, legal principles, or conclusions of
law to which no response is required.  Defendants deny the remaining allegations in
Paragraph 356.

357.   Paragraph 357 contains argument, legal principles, or conclusions of
law to which no response is required.  Defendants deny the remaining allegations in
Paragraph 357.

358.   Paragraph 358 contains argument, legal principles, or conclusions of
law to which no response is required.  Defendants deny the remaining allegations in
Paragraph 358.

359.   Paragraph 359 contains argument, legal principles, or conclusions of
law to which no response is required.  Defendants deny the remaining allegations in
Paragraph 359.

360.   Paragraph 360 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 360.

**Count V**
**42 U.S.C. § 1983**
**Free Exercise Clause – Religious Targeting**

361.   Defendants incorporate by reference their responses to Plaintiffs' allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

362.   Paragraph 362 contains argument, legal principles, or conclusions of law to which no response is required.

363.   Paragraph 363 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 363.

364.   Paragraph 364 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations set forth in Paragraph 364.

365.   Paragraph 365 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 365.

366.   Paragraph 366 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 366.

**Count VI**
**42 U.S.C. § 2000d *et. seq.***
**Title VI of the Civil Rights Act of 1964**

367.   Defendants incorporate by reference their responses to Plaintiffs' allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

368.   Paragraph 368 contains argument, legal principles, or conclusions of law to which no response is required.

369.   Paragraph 369 contains argument, legal principles, or conclusions of law to which no response is required.

370.   Paragraph 370 contains argument, legal principles, or conclusions of law to which no response is required.

371.   Paragraph 371 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 371.

372.   Paragraph 372 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 372.

373.   Paragraph 373 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations set forth in Paragraph 373.

374.   Paragraph 374 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 374.

**Count VII**
**42 U.S.C. § 1985**
**Conspiracy to Interfere with Civil Rights**

375.   Defendants incorporate by reference their responses to Plaintiffs' allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

376.   Paragraph 376 contains argument, legal principles, or conclusions of law to which no response is required.

377.   Paragraph 377 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 377.

378.   Paragraph 378 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations set forth in Paragraph 378.

379.   Paragraph 379 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 379.

380.   Paragraph 380 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 380.

### Count VIII
### 42 U.S.C. § 1986
### Failure to Prevent Conspiracy

381.   Defendants incorporate by reference their responses to Plaintiffs' allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

382.   Paragraph 382 contains argument, legal principles, or conclusions of law to which no response is required.

383.   Paragraph 383 contains argument, legal principles, or conclusions of law to which no response is required.

384.   Paragraph 384 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 384.

385.   Paragraph 385 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 385.

386.   Paragraph 386 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 386.

387.   Paragraph 387 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 387.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

388.    Paragraph 388 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 388.

**<u>Count IX</u>**
**California Constitution Art. I, § 7(a)**
**Equal Protection Clause**

389.    Defendants incorporate by reference their responses to Plaintiffs' allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

390.    Paragraph 390 contains argument, legal principles, or conclusions of law to which no response is required.

391.    Paragraph 391 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 391.

392.    Paragraph 392 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 392.

393.    Paragraph 393 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 393.

394.    Paragraph 394 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 394.

395.    Paragraph 395 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 395.

396.    Paragraph 396 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 396.

**Count X**
**California Constitution Art. I, § 4**
**Free Exercise Clause**

397.   Defendants incorporate by reference their responses to Plaintiffs' allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

398.   Paragraph 398 contains argument, legal principles, or conclusions of law to which no response is required.

399.   Paragraph 399 contain argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 399.

400.   Paragraph 400 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 400.

401.   Paragraph 401 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 401.

402.   Paragraph 402 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 402.

403.   Paragraph 403 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 403.

404.   Paragraph 404 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 404.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Count XI**
**Cal. Educ. Code § 220**
**Prohibition of Discrimination**

405.    Defendants incorporate by reference their responses to Plaintiffs' allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

406.    Paragraph 406 contains argument, legal principles, or conclusions of law to which no response is required.

407.    Paragraph 407 contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, denied.

408.    Paragraph 408 contains argument, legal principles, or conclusions of law to which no response is required.

409.    Paragraph 409 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 409.

410.    Paragraph 410 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 410.

411.    Paragraph 411 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 411.

412.    Paragraph 412 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 412.

413.    Paragraph 413 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 413.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS

414.    Paragraph 414 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 414.

**Count XII**
**Cal. Civil Code § 51.7**
**Ralph Civil Rights Act of 1976**

415.    Defendants incorporate by reference their responses to Plaintiffs' allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

416.    Paragraph 416 contains argument, legal principles, or conclusions of law to which no response is required.

417.    Paragraph 417 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 417.

418.    Paragraph 418 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 418.

419.    Paragraph 419 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 419.

420.    Paragraph 420 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 420.

421.    Paragraph 421 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 421.

422.    Paragraph 422 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 422.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Count XIII**
**Cal. Civil Code § 52.1**
**Tom Bane Civil Rights Act**

423.  Defendants incorporate by reference their responses to Plaintiffs'
allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

424.  Paragraph 424 contains argument, legal principles, or conclusions of
law to which no response is required.

425.  Paragraph 425 contains argument, legal principles, or conclusions of
law to which no response is required.  Defendants deny the remaining allegations in
Paragraph 425.

426.  Paragraph 426 contains argument, legal principles, or conclusions of
law to which no response is required.  Defendants deny the remaining allegations in
Paragraph 426.

427.  Paragraph 427 contains argument, legal principles, or conclusions of
law to which no response is required.  Defendants deny the remaining allegations in
Paragraph 427.

428.  Paragraph 428 contains argument, legal principles, or conclusions of
law to which no response is required.  Defendants deny the remaining allegations in
Paragraph 428.

429.  Paragraph 429 contains argument, legal principles, or conclusions of
law to which no response is required.  Defendants deny the remaining allegations in
Paragraph 429.

430.  Paragraph 430 contains argument, legal principles, or conclusions of
law to which no response is required.  Defendants deny the remaining allegations in
Paragraph 430.

## PRAYER FOR RELIEF

The Prayer for Relief contains argument, legal principles, or conclusions of
law to which no response is required.

51

# JURY DEMAND

The Jury Demand contains argument, legal principles, or conclusions of law to which no response is required.

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

Plaintiffs lack standing.

## Second Affirmative Defense

Plaintiffs fail to state a claim upon which relief can be granted.

## Third Affirmative Defense

Plaintiffs' claims fail because they cannot demonstrate that Defendants acted with deliberate indifference to severe and pervasive harassment that denied Plaintiffs equal access to educational programs.

## Fourth Affirmative Defense

Plaintiffs' claims fail because Defendants took prompt and appropriate action in response to complaints of harassment and discrimination.

## Fifth Affirmative Defense

Plaintiffs' claims fail because Defendants have policies and procedures in place to prevent and remedy claims of discrimination and harassment.

## Sixth Affirmative Defense

If Plaintiffs have been damaged, it is by reason of the acts or omissions of some third party or parties, not by reason of anything Defendants did or failed to do.

## Seventh Affirmative Defense

Plaintiffs' claims fail because Defendants acted at all relevant times consistent with federal policy and guidance related to Title VI.

## Eighth Affirmative Defense

Plaintiffs' claims are barred because Defendants exercised reasonable care to prevent and correct promptly any discriminatory conduct.

52

### Ninth Affirmative Defense

Plaintiffs' claims fail because Defendants did not treat them differently from any similarly situated individuals outside of their protected class.

### Tenth Affirmative Defense

Defendants did not act with discriminatory intent or purpose.

### Eleventh Affirmative Defense

Plaintiffs have failed to join a party or parties necessary for the just adjudication of their claims under the requirements of Rule 19 of the Federal Rules of Civil Procedure.

### Twelfth Affirmative Defense

Defendants have not violated any established right under the Constitution or laws of the United States or the State of California providing for the protection of civil rights.

### Thirteenth Affirmative Defense

Plaintiffs cannot bring claims for damages under the California Constitution Equal Protection and Free Exercise Clauses.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred by sovereign immunity under the Eleventh Amendment.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred by qualified immunity.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred by governmental immunities provided to public entities and employees under California law, including, but not limited to, the immunities provided in California Government Code sections 815.2, 818, 818.2, 818.8, 820.2, 820.4, 820.8, 821, 821.6, 822.2, and 845.

### Seventeenth Affirmative Defense

Plaintiffs fail to state causes of action against the Individual Defendants upon

53

which they can be found individually liable.

### Eighteenth Affirmative Defense

Plaintiffs' claims fail because Defendants cannot be held responsible under any theory of vicarious liability.

### Nineteenth Affirmative Defense

Plaintiffs seek remedies beyond the allowable scope of recovery under Title VI.

### Twentieth Affirmative Defense

Plaintiffs may not recover punitive damages against a governmental entity, or against governmental employees acting in their official capacity.

### Twenty-First Affirmative Defense

Plaintiffs may not recover punitive damages because Defendants were not motivated by evil motive or intent and did not act with reckless or callous indifference to Plaintiffs' rights.

### Twenty-Second Affirmative Defense

Plaintiffs may not recover under California Education Code § 220, which applies only to primary and secondary schools.

### Twenty-Third Affirmative Defense

Defendants reserve the right to amend their affirmative defenses.

1    Dated:  October 1, 2024        Respectfully submitted,

2
                                    By:      */s/ Matthew R. Cowan*
3                                          MATTHEW R. COWAN
                                           *Attorney for Defendants*
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT
CASE NO. 2:24-CV-4702-MCS