MATTHEW R. COWAN (S.B. #281114)
mcowan@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 19th Floor
Los Angeles, California 90071-2899
Telephone:  (213) 430-6000
Facsimile:   (213) 430-6407

ANTON METLITSKY*
ametlitsky@omm.com
JENNIFER SOKOLER*
jsokoler@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Telephone:  (212) 326-2000
Facsimile:   (212) 326-2061

MEAGHAN VERGOW*
mvergow@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone:  (202) 383-5300
Facsimile:   (202) 383-5414

*Attorneys for Defendants*

*\*Admitted pro hac vice*

[*Counsel continued on next page*]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| Frankel, et al., | Case No. 2:24-CV-4702-MCS |
| Plaintiffs, | **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| v. | |
| Regents of the University of California, et al., | **DEMAND FOR JURY TRIAL** |
| Defendants. | Judge:      Hon. Mark C. Scarsi |
| | Courtroom:  7C |

1

2

[*Counsel continued from previous page*]

3

Charles Robinson (S.B. #113197)
Rhonda Goldstein (S.B. #250387)

4

Norman Hamill (S.B. #154272)
The Regents of the University of California

5

1111 Franklin Street, Floor 8

6

Oakland, California 94607-5201
Telephone:   (510) 987-9800

7

Facsimile:   (510) 987-9757

8

9

*Attorneys for Defendants*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

## **INTRODUCTION**

2     All forms of harassment and discrimination are antithetical to UCLA's values

3 and corrosive to its culture.  UCLA unequivocally condemns hate in all forms –

4 including antisemitism.  As a public university, UCLA is subject to a dual legal

5 mandate: a legal obligation under the First Amendment to protect free speech on

6 campus, as well as a legal obligation under federal law to protect students from

7 discrimination and harassment.  UCLA strives to strike the right balance and meet

8 all of its legal obligations to students and other community members.

9     Since the horrific attack on Israel on October 7, 2024, there has been a

10 disturbing rise of antisemitism across America and the globe.  UCLA is

11 unfortunately not immune to this troubling trend.  UCLA is committed to

12 combating antisemitism and fostering an environment where all community

13 members feel safe and welcome.  Ahead of the start of the 2024-2025 academic

14 year, UCLA and the University of California instituted system-wide reforms and

15 programs to promote safety and combat harassment and discrimination on campus.

16 UCLA is committed to working with campus partners to create a campus that is

17 safe and welcoming to all and has developed actionable plans to do so.

18     Except as otherwise expressly stated herein, The Regents of the University of

19 California, Michael V. Drake, Gene D. Block, Darnell Hunt, Michael Beck,

20 Monroe Gorden, Jr., and Rick Braziel (the "Defendants") deny the allegations in the

21 First Amended Complaint.  To the extent Plaintiffs have included headings,

22 footnotes, illustrations, or allegations not contained within the specifically

23 numbered paragraphs of the First Amended Complaint, such extraneous material

24 requires no response under Rule 10 of the Federal Rules of Civil Procedure.  To the

25 extent any headings, footnotes, illustrations, or allegations not contained within the

26 specifically numbered paragraphs of the First Amended Complaint are deemed to

27 require a response, Defendants deny and do not adopt them.  Plaintiffs' headings

28 are repeated below solely for organizational purposes.  Pursuant to Rule 8(b) of the

Federal Rules of Civil Procedure, averments in the First Amended Complaint to which no responsive pleading is required shall be deemed as denied. Defendants expressly reserve the right to seek to amend and/or supplement this Answer as may be necessary.

## I.    NATURE OF ACTION

1.    Paragraph 1 contains argument, legal principles, or conclusions of law to which no response is required. Defendants admit that a horrific and heart-wrenching terrorist attack on Israeli citizens took place on October 7, 2023. Defendants admit that the UCLA campus experienced protest activity following the terrorist attack, including in the Spring of 2024. Defendants deny that the University is a "hotbed of antisemitism" and otherwise lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1, and on that basis deny them.

2.    Paragraph 2 contains argument, legal principles, or conclusions of law to which no response is required. Defendants admit that the University strives to ensure that its Jewish students and faculty are safe, protected from harassment, and afforded the full benefits of educational facilities. Defendants deny the remaining allegations in Paragraph 2.

3.    Paragraph 3 contains argument, legal principles, or conclusions of law to which no response is required. To the extent a response is required, Defendants admit that the UCLA campus experienced protest activity in the Spring of 2024.

4.    Defendants admit that on April 25, 2024, individuals, including students, established an encampment on UCLA's campus that at times obstructed access to certain campus spaces and facilities. Defendants deny the remaining allegations in Paragraph 4.

5.    Paragraph 5 contains argument, legal principles, or conclusions of law to which no response is required. Defendants admit that protestors on campus have chanted at least some of these phrases. Defendants lack knowledge or information

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

1  sufficient to form a belief as to the truth of the remaining allegations in Paragraph

2  5, and on that basis deny them.

3      6.     Paragraph 6 contains argument, legal principles, or conclusions of law

4  to which no response is required.  Defendants deny that Jewish students or faculty

5  were "segregat[ed]" or that Jewish students and faculty in particular were prevented

6  from accessing classrooms or the main undergraduate library.  Defendants lack

7  knowledge or information sufficient to form a belief as to the truth of the remaining

8  allegations in Paragraph 6, and on that basis deny them.

9      7.     Paragraph 7 contains argument, legal principles, or conclusions of law

10 to which no response is required.  Defendants admit that protestors constructed

11 barriers around the encampment and limited access to the encampment.  Defendants

12 lack knowledge or information sufficient to form a belief as to the truth of the

13 remaining allegations in Paragraph 7, and on that basis deny them.

14     8.     Paragraph 8 contains argument, legal principles, or conclusions of law

15 to which no response is required.  Defendants admit that protestors constructed

16 barriers around the encampment and limited access to the encampment.  Defendants

17 lack knowledge or information sufficient to form a belief as to the truth of the

18 remaining allegations in Paragraph 8, and on that basis deny them.

19     9.     Paragraph 9 contains argument, legal principles, or conclusions of law

20 to which no response is required.  Defendants admit that protestors constructed

21 barriers around the encampment and limited access to the encampment.  Defendants

22 deny the remaining allegations in Paragraph 9.

23     10.    Paragraph 10 purports to quote from a public statement, and

24 Defendants refer to that statement as the best evidence of its contents.

25     11.    Paragraph 11 contains argument, legal principles, or conclusions of

26 law to which no response is required.  Defendants admit that UCLA initially

27 adopted a de-escalation strategy to address the encampment and that they had metal

28 bike racks installed around the encampment, with the goal of preventing conflict

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

between those in the encampment and counter-demonstrators and discouraging the encampment's expansion.  Defendants admit that security staff were instructed to prevent anyone from accessing "neutral zones" between the encampment and counter-demonstrators.  Defendants deny the remaining allegations in Paragraph 11.

12.    Paragraph 12 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that security staff hired by UCLA were stationed near the encampment, and deny the remaining allegations in Paragraph 12.

13.    Paragraph 13 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that UCLA initially adopted a de-escalation strategy to address the encampment and that they had metal bike racks installed around the encampment, with the goal of preventing conflict between those in the encampment and counter-demonstrators and discouraging the encampment's expansion.  Defendants admit that security staff were instructed to prevent anyone from accessing "neutral zones" between the encampment and counter-demonstrators.  Defendants deny the remaining allegations in Paragraph 13.

14.    Paragraph 14 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that security staff were instructed to prevent anyone from accessing "neutral zones" between the encampment and counter-demonstrators.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and on that basis deny them.

15.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis deny them.

16.    Paragraph 16 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that there was an encampment on campus from April 25, 2024 until May 2, 2024.  Defendants lack

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and on that basis deny them.

17.    Paragraph 17 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and on that basis deny them.

18.    Paragraph 18 contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that there have been multiple instances of protest on UCLA's campus since May 2, 2024.

19.    Paragraph 19 contains argument, legal principles, or conclusions of law to which no response is required.  Paragraph 19 also purports to quote from the University's Mission & Values statement, and Defendants refer to that statement as the best evidence of its contents.  Defendants admit that UCLA has adopted policies that are designed to promote its mission and values.

20.    Paragraph 20 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that individuals should not fear for their safety because they are Jewish.  Defendants deny the remaining allegations in Paragraph 20.

21.    Paragraph 21 contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 21.

22.    Paragraph 22 contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 22.

23.    Paragraph 23 contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 23.

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

24.     Paragraph 24 purports to quote from this Court's August 13, 2024 Order regarding Plaintiffs' Motion for Preliminary Injunction, and Defendants refer to that document as the best evidence of its contents.

25.     Paragraph 25 purports to quote from this Court's August 13, 2024 Order regarding Plaintiffs' Motion for Preliminary Injunction, and Defendants refer to that document as the best evidence of its contents.

26.     Paragraph 26 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

27.     Paragraph 27 contains argument, legal principles, or conclusions of law to which no response is required.  Paragraph 27 purports to quote from documents filed in this case and Defendants refer to those documents as the best evidence of their contents.  Defendants deny the remaining allegations in Paragraph 27.

28.     Paragraph 28 contains argument, legal principles, or conclusions of law to which no response is required.  Paragraph 28 also purports to describe an October 16, 2024 report, and Defendants refer to that report as the best evidence of its contents.

29.     Paragraph 29 purports to quote from an October 16, 2024 report, and Defendants refer to that report as the best evidence of its contents.

30.     Paragraph 30 purports to quote from an October 16, 2024 report, and Defendants refer to that report as the best evidence of its contents.

31.     Paragraph 31 purports to quote from an October 16, 2024 report, and Defendants refer to that report as the best evidence of its contents.

32.     Paragraph 32 purports to quote from an October 16, 2024 report, and Defendants refer to that report as the best evidence of its contents.

33.     Paragraph 33 purports to quote from an October 16, 2024 report, and Defendants refer to that report as the best evidence of its contents.

34.     Paragraph 34 purports to quote from an October 16, 2024 report, and Defendants refer to that report as the best evidence of its contents.

35.     Defendants deny the allegations in Paragraph 35.

36.     Paragraph 36 contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 36.

37.     Paragraph 37 purports to quote from a writing by President George Washington, and Defendants refer to that statement as the best evidence of its contents.  Defendants admit the remaining allegations in Paragraph 37.

38.     Paragraph 38 contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 38.

## II.     JURISDICTION AND VENUE

39.     Paragraph 39 contains argument, legal principles, or conclusions of law to which no response is required.

40.     Paragraph 40 contains argument, legal principles, or conclusions of law to which no response is required.

41.     Paragraph 41 contains argument, legal principles, or conclusions of law to which no response is required.

42.     Paragraph 42 contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that they reside in the Central District of California and in the State of California.

## III.     THE PARTIES

43.     Defendants admit that Yitzchok Frankel is enrolled at UCLA School of Law, that he has begun his third year of law school, and that his place of residence on file with the school is Los Angeles, California.  Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43, and on that basis deny them.

44.  Defendants admit that Joshua Ghayoum has begun his junior undergraduate year at UCLA, and that his place of residence on file with the school is Los Angeles, California.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44, and on that basis deny them.

45.  Defendants admit that Eden Shemuelian is enrolled at UCLA School of Law, that she has begun her third year of law school, and that her place of residence on file with the school is Los Angeles, California.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45, and on that basis deny them.

46.  Defendants admit that Dr. Kamran Shamsa is an Associate Clinical Professor at UCLA's David Geffen School of Medicine and resides in Los Angeles, California.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46, and on that basis deny them.

47.  Paragraph 47 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that the Board of Regents oversees the University of California system and that the Office of the President is located in Oakland, California.  Defendants admit that Defendant The Regents of the University of California is a public agency within the meaning of Cal. Gov't Code § 7920.525(a).

48.  Paragraph 48 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that Dr. Michael V. Drake is the current President of the University of California, has served in that position since August 2020, and in that role oversees the operations of the University of California system.  Defendants further admit that Dr. Drake resides in California.

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

49.     Paragraph 49 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that Dr. Gene D. Block was the Chancellor of UCLA until July 2024, and that as Chancellor he was the highest-ranking university official at UCLA, with duties pertaining to campus policies, goals, and strategy.  Defendants further admit that Chancellor Block resides in California.

50.     Paragraph 50 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny that Dr. Darnell Hunt was serving as Executive Vice Chancellor and Provost of UCLA on October 22, 2024. Defendants admit that Dr. Hunt currently serves as interim chancellor and resides in California.  Defendants further admit that Dr. Hunt resides in California.

51.     Paragraph 51 contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that Michael J. Beck was Administrative Vice Chancellor of UCLA on October 22, 2024, and that as Administrative Vice Chancellor, he was in charge of UCLA's public safety operations until May 5, 2024.  Defendants further admit that until May 5, 2024 the UCLA Police Department reported to Beck. Defendants further admit that Beck oversees other aspects of campus operations. Defendants further admit that Beck resides in California.

52.     Paragraph 52 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that Monroe Gorden Jr. was Vice Chancellor, Student Affairs at UCLA on October 22, 2024.  Defendants further admit that Gorden oversees numerous functions relating to student life and well-being.  Defendants further admit that Monroe Gorden resides in California.

53.     Paragraph 53 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that Rick Braziel was Associate Vice Chancellor for Campus Safety at UCLA on October 22, 2024. Defendants further admit that Braziel resides in California.

54. Paragraph 54 contains argument, legal principles, or conclusions of law to which no response is required. Defendants admit that, since May 5, 2024, Rick Braziel has reported directly to the Chancellor of the University and the Chief of the UCLA PD has reported to Rick Braziel.

55. Admitted.

56. Paragraph 56 contains argument, legal principles, or conclusions of law to which no response is required. Defendants admit that during the 2023-2024 academic year, UCLA's senior leadership team advised on strategic and operational decisions about campus activity.

57. Paragraph 57 contains argument, legal principles, or conclusions of law to which no response is required. To the extent a response is required, Defendants admit that President Drake oversaw the University of California system during the 2023-2024 academic year and set systemwide policy and guidance. Defendants further admit that President Drake communicated with members of UCLA's senior leadership team about its response to antisemitism and protest activity generally.

58. Paragraph 58 contains argument, legal principles, or conclusions of law to which no response is required. Defendants admit that Rick Braziel is involved in discussions with respect to campus safety issues.

59. Paragraph 59 contains argument, legal principles, or conclusions of law to which no response is required.

## IV.  FACTUAL BACKGROUND

### A.  UCLA

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

65.    Defendants admit that 3% of UCLA students who responded to a University of California Undergraduate Experience Survey conducted in 2022 self-identified as Jewish.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65, and on that basis deny them.

66.    Paragraph 66 purports to quote from UCLA's Student Code of Conduct, and Defendants refer to that statement as the best evidence of its contents.

67.    Paragraph 67 purports to quote from a public statement and Defendants refer to that statement as the best evidence of its contents.

68.    Admitted.

69.    Paragraph 69 purports to quote from a document summarizing relevant UCLA policies titled "Your First Amendment Rights as a Student at UCLA", and Defendants refer to that policy as the best evidence of its contents.

70.    Paragraph 70 purports to quote from a policy, and Defendants refer to that policy as the best evidence of its contents.

71.    Defendants admit that UCLA maintains policies that do not allow unauthorized protestors to exercise exclusive control over campus facilities or spaces.  Otherwise, denied.

72.    Defendants admit that the University of California has an anti-discrimination policy that is in effect at UCLA and is intended to protect students and faculty from discrimination and harassment.

73.    Paragraph 73 purports to quote from the University of California "Anti-Discrimination Policy" and Defendants refer to that policy as the best evidence of its contents.

**B.    Antisemitic Protests at UCLA Following the October 7th Attack**

74.    Defendants admit that there were protests on UCLA's campus after October 7, 2023.  Defendants further admit that there were media reports of other protests at other campuses around the country, but otherwise lack knowledge or

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

information sufficient to form a belief as to the truth of the allegations as they pertain to other campuses around the country, and on that basis deny them.

75.    Defendants admit that since October 7, 2023, disturbing antisemitic language was used and imagery was present at protests that occurred on UCLA's campus. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis deny them.

76.    Paragraph 76 purports to quote from Chancellor Block's sworn testimony, and Defendants refer to that testimony as the best evidence of its contents.

77.    Defendants admit that there has been antisemitic conduct and speech on UCLA's campus.

78.    Defendants admit that there was protest activity at Bruin Plaza on October 12, 2023. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78, and on that basis deny them.

79.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and on that basis deny them.

80.    Defendants admit that police officers were present during the October 12, 2023 protest activity. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80, and on that basis deny them.

81.    Paragraph 81 purports to refer to documents referenced in Paragraph 82 and Paragraph 83, and Defendants refer to those documents as the best evidence of their contents. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and on that basis deny them.

82.    Paragraph 82 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

83.    Paragraph 83 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

84.    Paragraph 84 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

85.    Paragraph 85 contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 85.

86.    Paragraph 86 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit a protest occurred on November 8, 2023.  Defendants admit that protestors on campus have chanted at least some of these phrases.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86, and on that basis deny them.

87.    Paragraph 87 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that there was a protest on November 8, 2023 at which individuals struck a piñata bearing an image of Israeli Prime Minister Benjamin Netanyahu and chanted into a megaphone.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87, and on that basis deny them.

88.    Paragraph 88 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

89.    Paragraph 89 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

90.    Paragraph 90 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

91.    Paragraph 91 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that students and faculty raised concerns about antisemitism at UCLA.

92.    Paragraph 92 purports to quote from a news article, and Defendants refer to that article as the best evidence of its contents.

93.    Paragraph 93 purports to quote from a news article, and Defendants refer to that article as the best evidence of its contents.  Defendants admit that students and faculty raised concerns about antisemitism at UCLA.

94.    Paragraph 94 contains argument, legal principles, or conclusions of law to which no response is required.  Paragraph 94 relies on Chancellor Block's sworn testimony, and Defendants refer to that testimony as the best evidence of its contents.  Defendants admit that an individual was seen on campus holding a knife. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94, and on that basis deny them.

95.    Paragraph 95 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit certain classes met remotely between May 2-10, 2024.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding unnamed students, and on that basis deny them.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95, and on that basis deny them.

96.    Defendants admit that UCLA received reports that posters of individuals captured in the Hamas terror attack were taken down or written on by third parties.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96, and on that basis deny them.

97.    Paragraph 97 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.  Defendants admit the remaining allegations in Paragraph 97.

98.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and on that basis deny them.

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

99.    Paragraph 99 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and on that basis deny them.

101.    Admitted.

102.    Admitted.

103.    Paragraph 103 purports to depict a document and Defendants refer to that document as the best evidence of its contents.

104.    Paragraph 104 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that the statue was antisemitic.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 104, and on that basis deny them.

105.    Paragraph 105 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that the statue was antisemitic.  Defendants admit other antisemitic language was used and imagery was present on the UCLA campus since October 7, 2023.

106.    Paragraph 106 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit antisemitic language was used and imagery was present on campus since October 7, 2023.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106, and on that basis deny them.

C.    **A Jew Exclusion Zone is Established on Campus**

107.    Paragraph 107 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit there were media reports of an encampment at Columbia University and at other colleges and universities.

17

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107, and on that basis deny them.

108.   Paragraph 108 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

109.   Admitted.

110.   Admitted.

111.   Paragraph 111 purports to quote from a UCLA webpage, and Defendants refer to that webpage as the best evidence of its contents.  Defendants admit the remaining allegations in Paragraph 111.

112.   Paragraph 112 purports to quote from a UCLA webpage, and Defendants refer to that webpage as the best evidence of its contents.  Defendants admit that Powell Library is a popular place to study at UCLA, but lack knowledge or information sufficient to form a belief as to the truth of whether it is the "most popular place to study."  Defendants admit the remaining allegations in Paragraph 112.

113.   Admitted.

114.   Defendants admit that at a certain point members of the encampment blocked the top of Janss Steps, which is a long staircase leading up to Royce Quad.

115.   Defendants lack knowledge or information sufficient to form a belief as to the truth of whether all the phrases listed in Paragraph 115 were chanted by those inside the encampment.  Defendants admit that at least some of these phrases were chanted.

116.   Paragraph 116 purports to quote from sworn testimony, and Defendants refer to that testimony as the best evidence of its contents.

117.   Paragraph 117 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that antisemitic images were present at the encampment on Royce Quad.  Defendants lack knowledge or

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117, and on that basis deny them.

118.   Admitted that Paragraphs 119 and 120 appear to depict images described in Paragraph 118.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118, and on that basis deny them.

119.   Paragraph 119 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

120.   Paragraph 120 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

121.   Admitted.

122.   Paragraph 122 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

123.   Defendants admit that graffiti and/or anti-Jewish slogans were found on UCLA's campus when the encampment on Royce Quad was removed.

124.   Paragraph 124 purports to depict two documents, and Defendants refer to those documents as the best evidence of their contents.

125.   Defendants admit that UCLA received reports that posters of individuals captured in the Hamas terror attack were taken down or written on by third parties.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125, and on that basis deny them.

126.   Defendants admit that Paragraph 127 appears to depict an image that is described in Paragraph 126.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126, and on that basis deny them.

127.   Paragraph 127 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

128.   Paragraph 128 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that protestors constructed barriers around the encampment and limited access to the encampment.

129.   Defendants admit that protestors constructed barriers around the encampment and limited access to the encampment.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 129, and on that basis deny them.

130.   Defendants admit that protestors constructed barriers around the encampment and limited access to the encampment.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130, and on that basis deny them.

131.   Defendants admit that protestors constructed barriers around the encampment and limited access to the encampment.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 131, and on that basis deny them.

132.   Defendants admit that protestors constructed barriers around the encampment and limited access to the encampment.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132, and on that basis deny them.

133.   Defendants admit that protestors constructed barriers around the encampment and limited access to the encampment.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 133, and on that basis deny them.

134.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, and on that basis deny them.

135.   Defendants deny the allegations in Paragraph 135.

136.   Paragraph 136 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

1    137.  Defendants lack knowledge or information sufficient to form a belief

2  as to the truth of the allegations in Paragraph 137, and on that basis deny them.

3    138.  Paragraph 138 purports to depict a document, and Defendants refer to

4  that document as the best evidence of its contents.

5    139.  Paragraph 139 purports to refer to Chancellor Block's testimony, and

6  Defendants refer to that testimony as the best evidence of its contents.

7    140.  Defendants admit that certain faculty members supported the

8  encampment.  Defendants lack knowledge or information sufficient to form a belief

9  as to the truth of the remaining allegations, and on that basis deny them.

10    141.  Paragraph 141 purports to depict a document, and Defendants refer to

11  that document as the best evidence of its contents.

12    142.  Paragraph 142 contains argument, legal principles, or conclusions of

13  law to which no response is required.  Defendants admit that certain faculty

14  members supported the encampment.  Defendants otherwise lack knowledge or

15  information sufficient to form a belief as to the truth of the remaining allegations in

16  Paragraph 142, and on that basis deny them.

17    143.  Defendants admit that certain faculty members requested fellow

18  faculty to excuse student absences related to presence at the encampment.

19  Paragraph 143 purports to quote from a document, and Defendants refer to that

20  document as the best evidence of its contents.

21    144.  Paragraph 144 purports to quote or characterize an image that speaks

22  for itself, and thus no response is required.

23    145.  Defendants deny that any classes took place inside the encampment.

24  Defendants lack knowledge or information sufficient to form a belief as to the truth

25  of the remaining allegations in Paragraph 145, and on that basis deny them.

26    146.  Paragraph 146 purports to quote from a social media statement, and

27  Defendants refer to that statement as the best evidence of its contents.

28

21

147.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 147, and on that basis deny them.

148.   Paragraph 148 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 148, and on that basis deny them.

149.   Paragraph 149 purports to quote from a document, and Defendants refer to that document as the best evidence of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 149, and on that basis deny them.

**D.    <u>UCLA Facilitates the Anti-Jewish Segregation</u>**

150.   Defendants admit that members of UCLA's senior leadership were aware of the appearance of encampments on other campuses around the country before April 25, 2024 and therefore discussed the possibility of confronting an encampment on UCLA's campus.  Otherwise, denied.

151.   Admitted.

152.   Paragraph 152 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 152.

153.   Paragraph 153 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that the number of people in the encampment increased since it began on April 26.  Defendants deny the remaining allegations in Paragraph 153.

154.   Admitted.

155.   Paragraph 155 purports to quote the Declaration of Michael Beck In Support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, and Defendants refer to that document as the best evidence of its contents.

156.    Defendants admit that on or around the evening of April 25, 2024, Defendants had metal bike racks installed around the encampment, with the goal of preventing conflict between those in the encampment and counter-demonstrators and discouraging the encampment's expansion.  Defendants also admit that on or around Saturday night, April 27, 2024, security staff were instructed to prevent anyone from accessing "neutral zones" between the encampment and counter-demonstrators.  Otherwise, denied.

157.    Paragraph 157 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

158.    Admitted.

159.    Paragraph 159 purports to depict a photograph, and Defendants refer to that photograph as the best evidence of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159, and on that basis deny them.

160.    Defendants admit that Michael Beck supervised matters involving campus safety.

161.    Defendants admit that security staff were instructed to prevent anyone from accessing "neutral zones" between the encampment and counter-demonstrators.  Defendants deny the remaining allegations in Paragraph 161.

162.    Defendants admit that Defendants placed guide signs and stationed Student Affairs personnel in the areas surrounding the encampment to assist students in accessing areas of campus, including University buildings.  Defendants further admit that that security staff were instructed to prevent anyone from accessing "neutral zones" between the encampment and counter-demonstrators.

163.    Defendants admit that security staff were instructed to prevent anyone from accessing "neutral zones" between the encampment and counter-demonstrators.  Defendants deny the remaining allegations in Paragraph 163.

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

164.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164, and on that basis deny them.

165.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165, and on that basis deny them.

166.   Paragraph 166 purports to refer to a recorded statement, and Defendants refer to that statement as the best evidence of its contents.

167.   Paragraph 167 purports to quote from a recorded statement, and Defendants refer to that statement as the best evidence of its contents.

168.   Paragraph 168 contains argument, legal principles, or conclusions of law to which no response is required.  Paragraph 168 also purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.  Defendants deny the remaining allegations in Paragraph 168.

169.   Paragraph 169 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

170.   Paragraph 170 purports to refer to several documents, and Defendants refer to those documents as the best evidence of their contents.

171.   Paragraph 171 contains argument, legal principles, or conclusions of law to which no response is required.  Paragraph 171 also purports to quote from a document, and Defendants refer to that document as the best evidence of its contents.  Defendants admit that in September 2012, in the wake of physical violence between University police and protestors at 2011 demonstrations, the University of California adopted a report entitled "Response to Protests on UC Campuses," colloquially known as the Robinson-Edley report.  This report set forth guidance for all UC campuses on the question "How should our University respond to protest activity that is not violent, but violates the law or campus regulations and that may negatively impact the University's mission."  Robinson-Edley sets forth guidance and is a flexible tool for managing protests on campus.  Otherwise, denied.

24

172.    Paragraph 172 purports to quote from the Declaration of Rick Braziel In Support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction, and Defendants refer to that document as the best evidence of its contents.

173.    Paragraph 173 contains argument, legal principles, or conclusions of law to which no response is required.  Paragraph 173 also purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.  Defendants deny the remaining allegations in Paragraph 173.

174.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174, and on that basis deny them.

175.    Paragraph 175 contains argument, legal principles, or conclusions of law, to which no response is required.  Defendants admit that protestors constructed barriers around the encampment and limited access to the encampment.

176.    Paragraph 176 contains argument, legal principles, or conclusions of law, to which no response is required.  Paragraph 176 also purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

177.    Paragraph 177 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

178.    Paragraph 178 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 178.

179.    Defendants deny the allegations in paragraph 179.  By April 30, 2024, UCLA had sought law enforcement assistance to remove the encampment.

180.    Paragraph 180 purports to describe a public statement, and Defendants refer to that statement as the best evidence of its contents.

181.    Paragraph 181 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

182.   Paragraph 182 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

183.   Paragraph 183 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.  Defendants admit the remaining allegations in Paragraph 183.

184.   Paragraph 184 contains argument, legal principles, or conclusions of law, to which no response is required.  Paragraph 184 purports to refer to public statements, and Defendants refer to those statements as the best evidence of their contents.

185.   Paragraph 185 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 185.

186.   Paragraph 186 contains argument, legal principles, or conclusions of law to which no response is required.  Paragraph 186 also purports to refer to a public statement, and Defendants refer to that statement as the best evidence of its contents.  Defendants admit that on April 30, 2024, law enforcement, including UCLA PD, was authorized to intervene to quell violence that was occurring on campus.  Defendants further admit that by this time UCLA PD had been instructed to develop a plan for law enforcement to remove the Royce Quad encampment safely and quickly.  Otherwise, denied.

187.   Defendants admit that during the night of April 30, 2024, law enforcement, including UCLA PD and LAPD intervened in order to quell violence that was occurring on campus.  Defendants further admit that by this time UCLA PD had been instructed to develop a plan for law enforcement to remove the Royce Quad encampment safely and quickly.

188.   Paragraph 188 contains argument, legal principles, or conclusions of law to which no response is required.  Paragraph 188 also purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its

1  contents.  Defendants admit that by this time, UCLA PD had been instructed to

2  develop a plan for law enforcement to remove the Royce Quad encampment safely

3  and quickly.  Otherwise, denied.

4       189.   Paragraph 189 purports to refer to a public statement, and Defendants

5  refer to that statement as the best evidence of its contents.

6       190.   Paragraph 190 contains argument, legal principles, or conclusions of

7  law to which no response is required.  Defendants admit that UCLA cancelled

8  classes on May 1.  Defendants admit that classes were held remotely on May 2 and

9  3, and that Royce Hall, Powell Library, and the other listed campus buildings were

10  closed during that time.  Defendants further admit that by this time, UCLA PD had

11  been instructed to develop a plan for law enforcement to remove the Royce Quad

12  encampment safely and quickly.  Otherwise, denied.

13       191.   Paragraph 191 purports to quote from a public statement, and

14  Defendants refer to that statement as the best evidence of its contents.

15       192.   Paragraph 192 purports to quote from a public statement, and

16  Defendants refer to that statement as the best evidence of its contents.

17       193.   Paragraph 193 contains argument, legal principles, or conclusions of

18  law to which no response is required.  Paragraph 193 purports to quote from sworn

19  testimony, and Defendants refer to that testimony as the best evidence of its

20  contents.

21       194.   Paragraph 194 contains argument, legal principles, or conclusions of

22  law to which no response is required.  Paragraph 194 also purports to quote from a

23  public statement, and Defendants refer to that statement as the best evidence of its

24  contents.  Otherwise, denied.

25       195.   Paragraph 195 purports to quote from a public statement, and

26  Defendants refer to that statement as the best evidence of its contents.  Defendants

27  admit that the Office of Campus Safety reports directly to the Chancellor of UCLA.

28

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

196.   Paragraph 196 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

**E.     Radical Groups Continue Constructing Encampments on UCLA's Campus, and UCLA Fails to Respond**

197.   Paragraph 197 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 197.

198.   Paragraph 198 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 198, and on that basis deny them.

199.   Paragraph 199 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that protests have occurred on campus since the encampment was taken down from Royce Quad in early May. Otherwise, denied.

200.   Paragraph 200 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 200, and on that basis deny them.

201.   Paragraph 201 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 201, and on that basis deny them.

202.   Paragraph 202 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 202.

203.   Paragraph 203 purports to refer to a public statement, and Defendants refer to that statement as the best evidence of its contents.

204.   Paragraph 204 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that individuals attempted to disrupt Moore Hall on May 6, 2024.  Defendants further admit that more than 40 individuals were taken into custody by UCLA PD on May 6, 2024. Defendants also admit that classes were held remotely until May 10.

205.   Paragraph 205 purports to describe a document, and Defendants refer to that document as the best evidence of its contents.

206.   Paragraph 206 purports to describe a document, and Defendants refer to that document as the best evidence of its contents.

207.   Paragraph 207 purports to refer to a document, and Defendants refer to that document as the best evidence of its contents.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 207, and on that basis deny them.

208.   Paragraph 208 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

209.   Paragraph 209 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

210.   Paragraph 210 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

211.   Paragraph 211 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

212.   Paragraph 212 purports to refer to an email in a cited article, and Defendants refer to the email in that cited article as the best evidence of its contents.

213.   Paragraph 213 purports to quote from a document, and Defendants refer to that document as the best evidence of its contents.  Defendants admit that in early May 2024, various events were held on Royce Quad.  Defendants lack

1  knowledge or information sufficient to form a belief as to the truth of the remaining

2  allegations in Paragraph 213, and on that basis deny them.

3      214.    Paragraph 214 contains argument, legal principles, or conclusions of

4  law to which no response is required.  Defendants admit that Chancellor Block

5  testified to Congress on May 23, 2024.  Defendants further admit that on May 23,

6  2024, individuals attempted to erect an encampment on Kerckhoff Patio, and

7  dispersed after they were informed that if they failed to do so, they would face

8  arrest and possible disciplinary action.  Defendants lack knowledge or information

9  sufficient to form a belief as to the truth of the remaining allegations in Paragraph

10  214, and on that basis deny them.

11      215.    Paragraph 215 purports to quote from a public statement, and

12  Defendants refer to that statement as the best evidence of its contents.

13      216.    Paragraph 216 contains argument, legal principles, or conclusions of

14  law to which no response is required.  Paragraph 216 also purports to quote from

15  the Declaration of Rick Braziel In Support of Defendants' Opposition to Plaintiffs'

16  Motion for Preliminary Injunction and a public statement, and Defendants refer to

17  those documents as the best evidence of their contents.  Defendants admit that

18  "intifada" was written on Dodd Hall.

19      217.    Paragraph 217 purports to quote from a public statement, and

20  Defendants refer to that statement as the best evidence of its contents.  Defendants

21  admit that there was protest activity on June 10, 2024.  Defendants further admit

22  that twenty-seven individuals were arrested on June 10, 2024 when a group of

23  individuals dyed Shapiro Fountain red and another group of individuals attempted

24  to disrupt final exams in Moore Hall.  The students who were arrested were served

25  fourteen-day stay-away orders, under section 626.4 of the California Penal Code,

26  preventing them from being on campus to take classes or participate in

27  commencement ceremonies.

28

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

218.    Paragraph 218 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.  Defendants further admit that twenty-seven individuals were arrested on June 10, 2024 when a group of individuals dyed Shapiro Fountain red and another group of individuals attempted to disrupt final exams in Moore Hall.  The students who were arrested were served fourteen-day stay-away orders, under section 626.4 of the California Penal Code, preventing them from being on campus to take classes or participate in commencement ceremonies.

219.    Paragraph 219 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

220.    Paragraph 220 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

221.    Paragraph 221 contains argument, legal principles, or conclusions of law to which no response is required.  Paragraph 221 also purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

222.    Paragraph 222 purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

223.    Paragraph 223 contains argument, legal principles, or conclusions of law to which no response is required.  Paragraph 223 also purports to quote from a public statement, and Defendants refer to that statement as the best evidence of its contents.

224.    Defendants admit that protestors yelled threatening and offensive phrases at Rabbi Dovid Gurevich on June 10, 2024.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 224, and on that basis deny them.

225.    Defendants admit that protestors yelled at Michael Beck as he walked through campus on June 11, 2024.  Defendants lack knowledge or information

1    sufficient to form a belief as to the truth of the remaining allegations in Paragraph

2    225, and on that basis deny them.

3    **F.      Antisemitic Chaos Continues in the New Semester**

4          226.   Defendants lack knowledge or information sufficient to form a belief

5    as to the truth of the allegations in Paragraph 226, and on that basis deny them.

6          227.   Paragraph 227 purports to quote from the Declaration of Rick Braziel

7    In Support of Defendants' Opposition to Plaintiffs' Motion for Preliminary

8    Injunction, and Defendants refer to that document as the best evidence of its

9    contents.

10          228.   Defendants admit that individuals disrupted a portion of the September

11    19, 2024 meeting of The Regents of the University of California.  Defendants lack

12    knowledge or information sufficient to form a belief as to the truth of the

13    allegations in Paragraph 228 respecting the identities of the referenced individuals,

14    and on that basis deny them.

15          229.   Defendants lack knowledge or information sufficient to form a belief

16    as to the truth of the allegations in Paragraph 229, and on that basis deny them.

17          230.   Paragraph 230 purports to depict two documents, and Defendants refer

18    to those documents as the best evidence of their contents.

19          231.   Defendants admit that protests occurred on UCLA's campus during the

20    week of October 7, 2024.  Defendants lack knowledge or information sufficient to

21    form a belief as to the truth of the remaining allegations in Paragraph 231, and on

22    that basis deny them.

23          232.   Defendants admit that there was an unauthorized demonstration on

24    October 21, 2024 which was resolved that day.  UCPD issued a dispersal order and

25    one individual was arrested for failure to disperse.

26    **G.    Yitzchok Frankel**

27          233.   Admitted.

28

32

234.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234, and on that basis deny them.

235.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235, and on that basis deny them.

236.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236, and on that basis deny them.

237.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237, and on that basis deny them.

238.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238, and on that basis deny them.

239.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239, and on that basis deny them.

240.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240, and on that basis deny them.

241.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241, and on that basis deny them.

242.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242, and on that basis deny them.

243.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243, and on that basis deny them.

244.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244, and on that basis deny them.

245.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245, and on that basis deny them.

246.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246, and on that basis deny them.

247.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247, and on that basis deny them.

1    248.   Defendants lack knowledge or information sufficient to form a belief

2    as to the truth of the allegations in Paragraph 248, and on that basis deny them.

3    249.   Paragraph 249 purports to refer to actions referenced in Paragraph 248

4    without specifying whether Plaintiff Frankel was aware of the identity of those who

5    tore down the posters, and therefore Defendants lack knowledge or information

6    sufficient to form a belief as to the truth of the allegations in Paragraph 249, and on

7    that basis deny them.

8    250.   Defendants lack knowledge or information sufficient to form a belief

9    as to the truth of the allegations in Paragraph 250, and on that basis deny them.

10    251.   Defendants lack knowledge or information sufficient to form a belief

11    as to the truth of the allegations in Paragraph 251, and on that basis deny them.

12    252.   Admitted that Plaintiff Frankel reported an incident to UCLA's Civil

13    Rights Office and met with the Dean of Students' Office.  Defendants lack

14    knowledge or information sufficient to form a belief as to the truth of the remaining

15    allegations in Paragraph 252, and on that basis deny them.

16    253.   Paragraph 253 contains argument, legal principles, or conclusions of

17    law to which no response is required.  Defendants lack knowledge or information

18    sufficient to form a belief as to the truth of the remaining allegations in Paragraph

19    253, and on that basis deny them.

20    254.   Defendants lack knowledge or information sufficient to form a belief

21    as to the truth of the allegations in Paragraph 254, and on that basis deny them.

22    255.   Defendants lack knowledge or information sufficient to form a belief

23    as to the truth of the allegations in Paragraph 255, and on that basis deny them.

24    256.   Defendants lack knowledge or information sufficient to form a belief

25    as to the truth of the allegations in Paragraph 256, and on that basis deny them.

26    257.   Paragraph 257 contains argument, legal principles, or conclusions of

27    law to which no response is required.  Defendants lack knowledge or information

28

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 257, and on that basis deny them.

258.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258, and on that basis deny them.

259.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259, and on that basis deny them.

260.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260, and on that basis deny them.

261.   Defendants admit that protestors on campus have chanted at least some of these phrases.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 261, and on that basis deny them.

262.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262, and on that basis deny them.

263.   Defendants admit that security staff were instructed to prevent anyone from accessing "neutral zones" between the encampment and counter-demonstrators.  Otherwise, denied.

264.   Defendants admit that on or around the evening of April 25, 2024, Defendants had metal bike racks installed around the encampment, with the goal of preventing conflict between those in the encampment and counter-demonstrators and discouraging the encampment's expansion.  Defendants also admit that on or around Saturday night, April 27, 2024, in anticipation of a permitted Israeli American Council counter-demonstration, Defendants established two "neutral zones" between the pro-Palestinian encampment and the pro-Israeli counter-demonstration with the intent that this would maintain safety on campus and prevent the two groups from clashing with each other.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 264 and on that basis, deny them.

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

1    265.   Defendants admit security staff were mounted on bicycles.

2    Defendants lack knowledge or information sufficient to form a belief as to the truth

3    of the remaining allegations in Paragraph 265, and on that basis deny them.

4    266.   Defendants lack knowledge or information sufficient to form a belief

5    as to the truth of the allegations in Paragraph 266, and on that basis deny them.

6    267.   Defendants lack knowledge or information sufficient to form a belief

7    as to the truth of the allegations in Paragraph 267, and on that basis deny them.

8    268.   Defendants lack knowledge or information sufficient to form a belief

9    as to the truth of the allegations in Paragraph 268, and on that basis deny them.

10    269.   Defendants lack knowledge or information sufficient to form a belief

11    as to the truth of the allegations in Paragraph 269, and on that basis deny them.

12    270.   Defendants deny the allegations in Paragraph 270.

13    271.   Defendants lack knowledge or information sufficient to form a belief

14    as to the truth of the allegations in Paragraph 271, and on that basis deny them.

15    272.   Defendants lack knowledge or information sufficient to form a belief

16    as to the truth of the allegations in Paragraph 272, and on that basis deny them.

17    273.   Defendants lack knowledge or information sufficient to form a belief

18    as to the truth of the allegations in Paragraph 273, and on that basis deny them.

19    274.   Defendants admit that on June 10, 2024 protestors yelled at Michael

20    Beck while he was walking on UCLA's campus and that security personnel

21    escorted him to Murphy Hall.  Defendants lack knowledge or information sufficient

22    to form a belief as to the truth of the remaining allegations in Paragraph 274, and on

23    that basis deny them.

24    275.   Defendants admit that protestors yelled threatening and offensive

25    phrases at Rabbi Dovid Gurevich on June 10, 2024.  Defendants lack knowledge or

26    information sufficient to form a belief as to the truth of the allegations in Paragraph

27    275, and on that basis deny them.

28

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

276.    Paragraph 276 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 276, and on that basis deny them.

277.    Paragraph 277 purports to refer to an email, and Defendants refer to that email as the best evidence of its contents.

278.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278, and on that basis deny them.

279.    Paragraph 279 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 279, and on that basis deny them.

280.    Paragraph 280 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 280, and on that basis deny them.

281.    Paragraph 281 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 281, and on that basis deny them.

282.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282, and on that basis deny them.

283.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283, and on that basis deny them.

284.    Paragraph 284 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that demonstrations have occurred at Bruin Plaza.

285. Paragraph 285 contains argument, legal principles, or conclusions of law to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 285, and on that basis deny them.

**H.    Joshua Ghayoum**

286. Defendants admit that Joshua Ghayoum is a UCLA junior and is a history major. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 286, and on that basis deny them.

287. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287, and on that basis deny them.

288. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288, and on that basis deny them.

289. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289, and on that basis deny them.

290. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 290, and on that basis deny them.

291. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291, and on that basis deny them.

292. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 292, and on that basis deny them.

293. Defendants admit that Plaintiff Ghayoum is a member of Alpha Epsilon Pi and that his membership status is "Not Active" as of April 17, 2024.

294. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 294, and on that basis deny them.

295. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295, and on that basis deny them.

296.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296, and on that basis deny them.

297.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297, and on that basis deny them.

298.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298, and on that basis deny them.

299.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 299, and on that basis deny them.

300.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300, and on that basis deny them.

301.   Defendants admit the Janss Steps is a location where protests have occurred at UCLA.

302.   Defendants admit that some of these phrases have been chanted during protests on campus.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302, and on that basis deny them.

303.   Defendants admit that UCLA received reports that posters of individuals captured in the Hamas terror attack were taken down or written on by third parties.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 303, and on that basis deny them.

304.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 304, and on that basis deny them.

305.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 305, and on that basis deny them.

306.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 306, and on that basis deny them.

307.   Paragraph 307 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 307, and on that basis deny them.

308.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308, and on that basis deny them.

309.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309, and on that basis deny them.

310.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310, and on that basis deny them.

311.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311, and on that basis deny them.

312.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 312, and on that basis deny them.

313.    Defendants admit that certain security staff on campus wore yellow vests reading "CSC."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 313, and on that basis deny them.

314.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 314, and on that basis deny them.

315.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 315, and on that basis deny them.

316.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 316, and on that basis deny them.

317.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317, and on that basis deny them.

318.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 318, and on that basis deny them.

319.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 319, and on that basis deny them.

320.   Paragraph 320 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 320, and on that basis deny them.

321.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 321, and on that basis deny them.

322.   Paragraph 322 purports to refer to an email, and Defendants refer to that email as the best evidence of its contents.  Defendants admit that certain faculty members supported the encampment.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 322, and on that basis deny them.

323.   Paragraph 323 purports to refer to an email, and Defendants refer to that email as the best evidence of its contents.

324.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 324, and on that basis deny them.

325.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 325, and on that basis deny them.

326.   Paragraph 326 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that Haines Hall abuts Royce Quad.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 326, and on that basis deny them.

327.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 327, and on that basis deny them.

328.   Paragraph 328 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 328, and on that basis deny them.

329.   Paragraph 329 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329, and on that basis deny them.

330.   Paragraph 330 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 330, and on that basis deny them.

331.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 331, and on that basis deny them.

**I.**   **Eden Shemuelian**

332.   Defendants admit that Eden Shemuelian attended UCLA as an undergraduate and that she is a third-year law student at UCLA School of Law. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 332, and on that basis deny them.

333.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 333, and on that basis deny them.

334.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 334, and on that basis deny them.

335.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 335, and on that basis deny them.

336.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 336, and on that basis deny them.

337.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 337, and on that basis deny them.

338.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 338, and on that basis deny them.

339.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339, and on that basis deny them.

340.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 340, and on that basis deny them.

341.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 341, and on that basis deny them.

342.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 342, and on that basis deny them.

343.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 343, and on that basis deny them.

344.   Paragraph 344 purports to depict a document, and Defendants refer to that document as the best evidence of its contents.

345.   Defendants admit that Eden Shemuelian attended UCLA as an undergraduate and that she enrolled at UCLA School of Law.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 345, and on that basis deny them.

346.   Paragraph 346 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 346, and on that basis deny them.

347.   Paragraph 347 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that since October 7, 2023, antisemitic language was used and imagery was present at protests that have occurred on UCLA's campus.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 347, and on that basis deny them.

348.   Paragraph 348 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that protests took place at

UCLA School of Law and that protestors on campus have chanted at least some of these phrases.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 348, and on that basis deny them.

349.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 349, and on that basis deny them.

350.   Defendants admit that UCLA received reports that posters of individuals captured in the Hamas terror attack were taken down or written on by third parties.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 350, and on that basis deny them.

351.   Paragraph 351 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit a protest occurred at UCLA on November 8, 2023.  Defendants admit that protestors on campus have chanted at least some of these phrases.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 351, and on that basis deny them.

352.   Paragraph 352 purports to quote from an email, and Defendants refer to that email as the best evidence of its contents.

353.   Paragraph 353 purports to quote from an email, and Defendants refer to that email as the best evidence of its contents.

354.   Paragraph 354 purports to describe an email, and Defendants refer to that email as the best evidence of its contents.

355.   Paragraph 355 purports to describe an email, and Defendants refer to that email as the best evidence of its contents.

356.   Paragraph 356 purports to quote from a document, and Defendants refer to that document as the best evidence of its contents.

357.    Paragraph 357 purports to describe an email, and Defendants refer to that email as the best evidence of its contents.

358.    Admitted that Defendants concluded that reports that correspond to the allegations in Paragraphs 352 through 357 did not rise to a level of violation of policy and, in some instances, no further action was taken because the respondents were unknown.

359.    Paragraph 359 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 359, and on that basis deny them.

360.    Paragraph 360 purports to describe emails, and Defendants refer to those emails as the best evidence of their contents.

361.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 361, and on that basis deny them.

362.    Paragraph 362 purports to describe an email, and Defendants refer to that email as the best evidence of its contents.

363.    Paragraph 363 contains argument, legal principles, or conclusions of law to which no response is required.  Paragraph 363 also purports to describe an email, and Defendants refer to that email as the best evidence of its contents.

364.    Paragraph 364 contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that Benito Nieves discussed this situation with Plaintiff Shemuelian.

365.    Paragraph 365 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 365, and on that basis deny them.

366.   Defendants admit that Royce Quad is an approximately three-minute walk to the law school building.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 366, and on that basis deny them.

367.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 367, and on that basis deny them.

368.   Paragraph 368 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 368, and on that basis deny them.

369.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 369, and on that basis deny them.

370.   Defendants admit that certain participants in the encampment were masked.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 370, and on that basis deny them.

371.   Paragraph 371 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit that security staff were instructed to prevent anyone from accessing "neutral zones" between the encampment and counter-demonstrators.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 371, and on that basis deny them.

372.   Defendants deny the allegations in Paragraph 372.

373.   Defendants admit that certain security staff wore light blue polo shirts with a logo depicting "CSC."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 373, and on that basis deny them.

374.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 374, and on that basis deny them.

375.   Defendants admit that security staff were instructed to prevent anyone from accessing "neutral zones" between the encampment and counter-demonstrators.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 375, and on that basis deny them.

376.   Paragraph 376 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants admit some security staff were mounted on bicycles.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 376, and on that basis deny them.

377.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 377, and on that basis deny them.

378.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 378, and on that basis deny them.

379.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 379, and on that basis deny them.

380.   Paragraph 380 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 380, and on that basis deny them.

381.   Admitted.

382.   Admitted.

383.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 383, and on that basis deny them.

384.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 384, and on that basis deny them.

385.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 385, and on that basis deny them.

386.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 386, and on that basis deny them.

387.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 387, and on that basis deny them.

388.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 388, and on that basis deny them.

389.   Paragraph 389 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 389, and on that basis deny them.

390.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 390, and on that basis deny them.

391.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 391, and on that basis deny them.

392.   Paragraph 392 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 392, and on that basis deny them.

393.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 393, and on that basis deny them.

394.   Paragraph 394 contains argument, legal principles, or conclusions of law to which no response is required.  Paragraph 394 purports to quote from email, and Defendants refer to that email as the best evidence of its contents.

395.   Paragraph 395 contains argument, legal principles, or conclusions of law to which no response is required.  Paragraph 395 purports to quote from email, and Defendants refer to that email as the best evidence of its contents.  Defendants

also deny to the extent Plaintiff Shemuelian alleges she was not offered an accommodation for taking the exam.

396.    Paragraph 396 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny to the extent Plaintiff Shemuelian alleges she was not offered an accommodation for taking the exam.

397.    Paragraph 397 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny that they have failed to protect their students.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 397, and on that basis deny them.

398.    Paragraph 398 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 398, and on that basis deny them.

399.    Paragraph 399 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny that they have failed to provide full, equal, and safe access to their students.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 399, and on that basis deny them.

400.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 400, and on that basis deny them.

401.    Paragraph 401 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 401, and on that basis deny them.

402.    Paragraph 402 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

1   sufficient to form a belief as to the truth of the remaining allegations in Paragraph

2   402, and on that basis deny them.

3       403.   Paragraph 403 contains argument, legal principles, or conclusions of

4   law to which no response is required.  Defendants deny that UCLA has refused to

5   address antisemitism.  Defendants lack knowledge or information sufficient to form

6   a belief as to the truth of the remaining allegations in Paragraph 403, and on that

7   basis deny them.

8   **J.    Dr. Kamran Shamsa**

9       404.   Admitted.

10      405.   Admitted.

11      406.   Defendants admit that Dr. Kamran Shamsa attended UCLA from

12  September 1994 to June 1998 and received a Bachelor of Science degree in

13  Physiological Science on June 19, 1998.

14      407.   Defendants admit that Dr. Kamran Shamsa attended UCLA as an

15  undergraduate from 1994 through 1998, and has been employed with UCLA's

16  David Geffen School of Medicine's Department of Cardiology since June 2004.

17      408.   Defendants lack knowledge or information sufficient to form a belief

18  as to the truth of the allegations in Paragraph 408, and on that basis deny them.

19      409.   Defendants lack knowledge or information sufficient to form a belief

20  as to the truth of the allegations in Paragraph 409, and on that basis deny them.

21      410.   Defendants lack knowledge or information sufficient to form a belief

22  as to the truth of the allegations in Paragraph 410, and on that basis deny them.

23      411.   Defendants lack knowledge or information sufficient to form a belief

24  as to the truth of the allegations in Paragraph 411, and on that basis deny them.

25      412.   Paragraph 412 contains argument, legal principles, or conclusions of

26  law to which no response is required.  Defendants lack knowledge or information

27  sufficient to form a belief as to the truth of the allegations in Paragraph 412, and on

28  that basis deny them.

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

413.  Paragraph 413 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 413, and on that basis deny them.

414.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 414, and on that basis deny them.

415.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 415, and on that basis deny them.

416.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 416, and on that basis deny them.

417.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 417, and on that basis deny them.

418.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 418, and on that basis deny them.

419.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 419, and on that basis deny them.

420.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 420, and on that basis deny them.

421.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 421, and on that basis deny them.

422.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 422, and on that basis deny them.

423.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 423, and on that basis deny them.

424.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 424, and on that basis deny them.

425.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 425, and on that basis deny them.

426.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 426, and on that basis deny them.

427.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 427, and on that basis deny them.

428.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 428, and on that basis deny them.

429.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 429, and on that basis deny them.

430.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 430, and on that basis deny them.

431.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 431, and on that basis deny them.

432.   Defendants admit that Dr. Shamsa called UCLA PD on April 30, 2024 and requested that police go to the encampment.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 432, and on that basis deny them.

433.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 433, and on that basis deny them.

**K.    Relief needed**

434.   Paragraph 434 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 434.

435.   Paragraph 435 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 435.

436.   Paragraph 436 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 436.

1      437.  Defendants deny that multiple encampments have been formed since

2  the encampment on Royce Quad was disbanded.  Defendants lack knowledge or

3  information sufficient to form a belief as to the truth of the remaining allegations in

4  Paragraph 437, and on that basis deny them.

5      438.  Paragraph 438 contains argument, legal principles, or conclusions of

6  law to which no response is required.  Defendants deny the remaining allegations in

7  Paragraph 438.

8      439.  Paragraph 439 contains argument, legal principles, or conclusions of

9  law to which no response is required.

10      440.  Paragraph 440 contains argument, legal principles, or conclusions of

11  law to which no response is required.  Defendants deny the remaining allegations in

12  Paragraph 440.

13  **CLAIMS FOR RELIEF**

14  **Count I**<br>**42 U.S.C. § 1983**

15  **Equal Protection Clause**

16      441.  Defendants incorporate by reference their responses to Plaintiffs'

17  allegations in the preceding paragraphs of the First Amended Complaint as if fully

18  set forth herein.

19      442.  Paragraph 442 contains argument, legal principles, or conclusions of

20  law to which no response is required.

21      443.  Paragraph 443 contains argument, legal principles, or conclusions of

22  law to which no response is required.

23      444.  Paragraph 444 contains argument, legal principles, or conclusions of

24  law to which no response is required.  Defendants deny the remaining allegations in

25  Paragraph 444.

26      445.  Paragraph 445 contains argument, legal principles, or conclusions of

27  law to which no response is required.  Defendants deny the remaining allegations in

28  Paragraph 445.

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

446.   Paragraph 446 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 446.

447.   Paragraph 447 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 447.

448.   Paragraph 448 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 448.

449.   Paragraph 449 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 449.

450.   Paragraph 450 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 450.

### Count II
### 42 U.S.C. § 1983
### Freedom of Speech

451.   Defendants incorporate by reference their responses to Plaintiffs' allegations in the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

452.   Paragraph 452 contains argument, legal principles, or conclusions of law to which no response is required.

453.   Paragraph 453 contains argument, legal principles, or conclusions of law to which no response is required.

454.   Paragraph 454 contains argument, legal principles, or conclusions of law to which no response is required.

455.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 455, and on that basis deny them.

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

1  456.  Defendants admit that protestors constructed barriers around the
2  encampment and limited access to the encampment.  Defendants otherwise lack
3  knowledge or information sufficient to form a belief as to the truth of the remaining
4  allegations in Paragraph 456, and on that basis deny them.

5  457.  Paragraph 457 contains argument, legal principles, or conclusions of
6  law to which no response is required.  Defendants deny the remaining allegations in
7  Paragraph 457.

8  458.  Paragraph 458 contains argument, legal principles, or conclusions of
9  law to which no response is required.  Defendants deny the remaining allegations in
10  Paragraph 458.

11  459.  Paragraph 459 contains argument, legal principles, or conclusions of
12  law to which no response is required.  Defendants deny the remaining allegations in
13  Paragraph 459.

14  460.  Paragraph 460 contains argument, legal principles, or conclusions of
15  law to which no response is required.  Defendants deny the remaining allegations in
16  Paragraph 460.

17  461.  Paragraph 461 contains argument, legal principles, or conclusions of
18  law to which no response is required.  Defendants deny the remaining allegations in
19  Paragraph 461.

20  462.  Paragraph 462 contains argument, legal principles, or conclusions of
21  law to which no response is required.  Defendants deny the remaining allegations in
22  Paragraph 462.

23  463.  Paragraph 463 contains argument, legal principles, or conclusions of
24  law to which no response is required.  Defendants deny the remaining allegations in
25  Paragraph 463.

26
27
28

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

1

2

**Count III**
**42 U.S.C. § 1983**
**Free Exercise Clause – Status Discrimination**

3      464.   Defendants incorporate by reference their responses to Plaintiffs'

4  allegations in the preceding paragraphs of the First Amended Complaint as if fully

5  set forth herein.

6      465.   Paragraph 465 contains argument, legal principles, or conclusions of

7  law to which no response is required.

8      466.   Paragraph 466 contains argument, legal principles, or conclusions of

9  law to which no response is required.  Defendants deny the remaining allegations in

10 Paragraph 466.

11     467.   Paragraph 467 contains argument, legal principles, or conclusions of

12 law to which no response is required.  Defendants deny the remaining allegations in

13 Paragraph 467.

14     468.   Paragraph 468 contains argument, legal principles, or conclusions of

15 law to which no response is required.  Defendants deny the remaining allegations in

16 Paragraph 468.

17     469.   Paragraph 469 contains argument, legal principles, or conclusions of

18 law to which no response is required.  Defendants deny the remaining allegations in

19 Paragraph 469.

20     470.   Paragraph 470 contains argument, legal principles, or conclusions of

21 law to which no response is required.  Defendants deny the remaining allegations in

22 Paragraph 470.

23     471.   Paragraph 471 contains argument, legal principles, or conclusions of

24 law to which no response is required.  Defendants deny the remaining allegations in

25 Paragraph 471.

26

27

28

56

1

2

3

**Count IV**
**42 U.S.C. § 1983**
**Free Exercise Clause –**
**Not Generally Applicable: Unequal Treatment of Comparable Activity**

4    472.    Defendants incorporate by reference their responses to Plaintiffs'

5    allegations in the preceding paragraphs of the First Amended Complaint as if fully

6    set forth herein.

7    473.    Paragraph 473 contains argument, legal principles, or conclusions of

8    law to which no response is required.

9    474.    Paragraph 474 contains argument, legal principles, or conclusions of

10    law to which no response is required.

11    475.    Paragraph 475 contains argument, legal principles, or conclusions of

12    law to which no response is required.

13    476.    Paragraph 476 contains argument, legal principles, or conclusions of

14    law to which no response is required.  Defendants deny the remaining allegations in

15    Paragraph 476.

16    477.    Paragraph 477 contains argument, legal principles, or conclusions of

17    law to which no response is required.  Defendants deny the remaining allegations in

18    Paragraph 477.

19    478.    Paragraph 478 contains argument, legal principles, or conclusions of

20    law to which no response is required.  Defendants deny the remaining allegations in

21    Paragraph 478.

22    479.    Paragraph 479 contains argument, legal principles, or conclusions of

23    law to which no response is required.  Defendants deny the remaining allegations in

24    Paragraph 479.

25    480.    Paragraph 480 contains argument, legal principles, or conclusions of

26    law to which no response is required.  Defendants deny the remaining allegations in

27    Paragraph 480.

28

481.    Paragraph 481 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 481.

**Count V**
**42 U.S.C. § 1983**
**Free Exercise Clause –**
**Not Generally Applicable: Discretionary Authority**

482.    Defendants incorporate by reference their responses to Plaintiffs' allegations in the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

483.    Paragraph 483 contains argument, legal principles, or conclusions of law to which no response is required.

484.    Paragraph 484 contains argument, legal principles, or conclusions of law to which no response is required.

485.    Paragraph 485 contains argument, legal principles, or conclusions of law to which no response is required.  To the extent a response is required, admitted that Defendants exercise discretion in administering campus security.

486.    Paragraph 486 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 486.

487.    Paragraph 487 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 487.

488.    Paragraph 488 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 488.

489.    Paragraph 489 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 489.

490.   Paragraph 490 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 490.

491.   Paragraph 491 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 491.

492.   Paragraph 492 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 492.

493.   Paragraph 493 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 493.

### Count VI
### 42 U.S.C. § 1983
### Free Exercise Clause – Religious Targeting

494.   Defendants incorporate by reference their responses to Plaintiffs' allegations in the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

495.   Paragraph 495 contains argument, legal principles, or conclusions of law to which no response is required.

496.   Paragraph 496 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 496.

497.   Paragraph 497 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 497.

498.   Paragraph 498 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 498.

1   499.   Paragraph 499 contains argument, legal principles, or conclusions of

2   law to which no response is required.  Defendants deny the remaining allegations in

3   Paragraph 499.

4                              **Count VII**
                        **42 U.S.C. § 2000d *et seq*.**
5                 **Title VI of the Civil Rights Act of 1964**

6   500.   Defendants incorporate by reference their responses to Plaintiffs'

7   allegations in the preceding paragraphs of the First Amended Complaint as if fully

8   set forth herein.

9   501.   Paragraph 501 contains argument, legal principles, or conclusions of

10   law to which no response is required.

11   502.   Paragraph 502 contains argument, legal principles, or conclusions of

12   law to which no response is required.

13   503.   Paragraph 503 contains argument, legal principles, or conclusions of

14   law to which no response is required.

15   504.   Paragraph 504 contains argument, legal principles, or conclusions of

16   law to which no response is required.  Defendants deny the remaining allegations in

17   Paragraph 504.

18   505.   Paragraph 505 contains argument, legal principles, or conclusions of

19   law to which no response is required.  Defendants deny the remaining allegations in

20   Paragraph 505.

21   506.   Paragraph 506 contains argument, legal principles, or conclusions of

22   law to which no response is required.  Defendants deny the remaining allegations in

23   Paragraph 506.

24   507.   Paragraph 507 contains argument, legal principles, or conclusions of

25   law to which no response is required.  Defendants deny the remaining allegations in

26   Paragraph 507.

27

28

1

**Count VIII**
**42 U.S.C. § 1985**

2

**Conspiracy to Interfere with Civil Rights**

3        508.    Defendants incorporate by reference their responses to Plaintiffs'

4    allegations in the preceding paragraphs of the First Amended Complaint as if fully

5    set forth herein.

6        509.    Paragraph 509 contains argument, legal principles, or conclusions of

7    law to which no response is required.

8        510.    Paragraph 510 contains argument, legal principles, or conclusions of

9    law to which no response is required.  To the extent a response is required, denied.

10       511.    Paragraph 511 contains argument, legal principles, or conclusions of

11   law to which no response is required.

12       512.    Paragraph 512 contains argument, legal principles, or conclusions of

13   law to which no response is required.  To the extent a response is required, denied.

14       513.    Paragraph 513 contains argument, legal principles, or conclusions of

15   law to which no response is required.  To the extent a response is required, denied.

16       514.    Paragraph 514 contains argument, legal principles, or conclusions of

17   law to which no response is required.  To the extent a response is required, denied.

18       515.    Paragraph 515 contains argument, legal principles, or conclusions of

19   law to which no response is required.  Defendants deny the remaining allegations in

20   Paragraph 515.

21       516.    Paragraph 516 contains argument, legal principles, or conclusions of

22   law to which no response is required.  Defendants deny the remaining allegations in

23   Paragraph 516.

24       517.    Paragraph 517 contains argument, legal principles, or conclusions of

25   law to which no response is required.  Defendants deny the remaining allegations in

26   Paragraph 517.

27

28

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

1

**Count IX**
**42 U.S.C. § 1986**

2

**Failure to Prevent Conspiracy**

3        518.   Defendants incorporate by reference their responses to Plaintiffs'

4   allegations in the preceding paragraphs of the First Amended Complaint as if fully

5   set forth herein.

6        519.   Paragraph 519 contains argument, legal principles, or conclusions of

7   law to which no response is required.

8        520.   Paragraph 520 contains argument, legal principles, or conclusions of

9   law to which no response is required.

10       521.   Paragraph 521 contains argument, legal principles, or conclusions of

11   law to which no response is required.  Defendants deny the remaining allegations in

12   Paragraph 521.

13       522.   Paragraph 522 contains argument, legal principles, or conclusions of

14   law to which no response is required.  Defendants deny the remaining allegations in

15   Paragraph 522.

16       523.   Paragraph 523 contains argument, legal principles, or conclusions of

17   law to which no response is required.  Defendants deny the remaining allegations in

18   Paragraph 523.

19       524.   Paragraph 524 contains argument, legal principles, or conclusions of

20   law to which no response is required.  Defendants deny the remaining allegations in

21   Paragraph 524.

22       525.   Paragraph 525 contains argument, legal principles, or conclusions of

23   law to which no response is required.  Defendants deny the remaining allegations in

24   Paragraph 525.

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

1

2

**Count X**
**California Constitution Art. I, § 7(a)**
**Equal Protection Clause**

3      526.   Defendants incorporate by reference their responses to Plaintiffs'

4    allegations in the preceding paragraphs of the First Amended Complaint as if fully

5    set forth herein.

6      527.   Paragraph 527 contains argument, legal principles, or conclusions of

7    law to which no response is required.

8      528.   Paragraph 528 contains argument, legal principles, or conclusions of

9    law to which no response is required.  Defendants deny the remaining allegations in

10   Paragraph 528.

11     529.   Paragraph 529 contains argument, legal principles, or conclusions of

12   law to which no response is required.  Defendants deny the remaining allegations in

13   Paragraph 529.

14     530.   Paragraph 530 contains argument, legal principles, or conclusions of

15   law to which no response is required.  Defendants deny the remaining allegations in

16   Paragraph 530.

17     531.   Paragraph 531 contains argument, legal principles, or conclusions of

18   law to which no response is required.  Defendants deny the remaining allegations in

19   Paragraph 531.

20     532.   Paragraph 532 contains argument, legal principles, or conclusions of

21   law to which no response is required.  Defendants deny the remaining allegations in

22   Paragraph 532.

23     533.   Paragraph 533 contains argument, legal principles, or conclusions of

24   law to which no response is required.  Defendants deny the remaining allegations in

25   Paragraph 533.

26

27

28

**Count XI**
**California Constitution Art. I, § 4**
**Free Exercise Clause**

534.   Defendants incorporate by reference their responses to Plaintiffs' allegations in the preceding paragraphs of the First Amended Complaint as if fully set forth herein.

535.   Paragraph 535 contains argument, legal principles, or conclusions of law to which no response is required.

536.   Paragraph 536 contain argument, legal principles, or conclusions of law to which no response is required. Defendants deny the remaining allegations in Paragraph 536.

537.   Paragraph 537 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 537.

538.   Paragraph 538 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 538.

539.   Paragraph 539 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 539.

540.   Paragraph 540 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 540.

541.   Paragraph 541 contains argument, legal principles, or conclusions of law to which no response is required.  Defendants deny the remaining allegations in Paragraph 541.

1

2

**Count XII**
**Cal. Educ. Code § 220**
**Prohibition of Discrimination**

3    542.   Defendants incorporate by reference their responses to Plaintiffs'

4   allegations in the preceding paragraphs of the First Amended Complaint as if fully

5   set forth herein.

6    543.   Paragraph 543 contains argument, legal principles, or conclusions of

7   law to which no response is required.

8    544.   Paragraph 544 contains argument, legal principles, or conclusions of

9   law to which no response is required.  To the extent a response is required, denied.

10    545.   Paragraph 545 contains argument, legal principles, or conclusions of

11   law to which no response is required.

12    546.   Paragraph 546 contains argument, legal principles, or conclusions of

13   law to which no response is required.  Defendants deny the remaining allegations in

14   Paragraph 546.

15    547.   Paragraph 547 contains argument, legal principles, or conclusions of

16   law to which no response is required.  Defendants deny the remaining allegations in

17   Paragraph 547.

18    548.   Paragraph 548 contains argument, legal principles, or conclusions of

19   law to which no response is required.  Defendants deny the remaining allegations in

20   Paragraph 548.

21    549.   Paragraph 549 contains argument, legal principles, or conclusions of

22   law to which no response is required.  Defendants deny the remaining allegations in

23   Paragraph 549.

24    550.   Paragraph 550 contains argument, legal principles, or conclusions of

25   law to which no response is required.  Defendants deny the remaining allegations in

26   Paragraph 550.

27

28

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

1    551.   Paragraph 551 contains argument, legal principles, or conclusions of

2  law to which no response is required.  Defendants deny the remaining allegations in

3  Paragraph 551.

4                              **<u>Count XIII</u>**
                         **Cal. Civil Code § 51.7**
5                       **Ralph Civil Rights Act of 1976**

6    552.   Defendants incorporate by reference their responses to Plaintiffs'

7  allegations in the preceding paragraphs of the First Amended Complaint as if fully

8  set forth herein.

9    553.   Paragraph 553 contains argument, legal principles, or conclusions of

10  law to which no response is required.

11    554.   Paragraph 554 contains argument, legal principles, or conclusions of

12  law to which no response is required.  Defendants deny the remaining allegations in

13  Paragraph 554.

14    555.   Paragraph 555 contains argument, legal principles, or conclusions of

15  law to which no response is required.  Defendants deny the remaining allegations in

16  Paragraph 555.

17    556.   Paragraph 556 contains argument, legal principles, or conclusions of

18  law to which no response is required.  Defendants deny the remaining allegations in

19  Paragraph 556.

20    557.   Paragraph 557 contains argument, legal principles, or conclusions of

21  law to which no response is required.  Defendants deny the remaining allegations in

22  Paragraph 557.

23    558.   Paragraph 558 contains argument, legal principles, or conclusions of

24  law to which no response is required.  Defendants deny the remaining allegations in

25  Paragraph 558.

26    559.   Paragraph 559 contains argument, legal principles, or conclusions of

27  law to which no response is required.  Defendants deny the remaining allegations in

28  Paragraph 559.

1

2

**Count XIV**
**Cal. Civil Code § 52.1**
**Tom Bane Civil Rights Act**

3      560.   Defendants incorporate by reference their responses to Plaintiffs'

4   allegations in the preceding paragraphs of the First Amended Complaint as if fully

5   set forth herein.

6      561.   Paragraph 561 contains argument, legal principles, or conclusions of

7   law to which no response is required.

8      562.   Paragraph 562 contains argument, legal principles, or conclusions of

9   law to which no response is required.  Defendants deny the remaining allegations in

10   Paragraph 562.

11      563.   Paragraph 563 contains argument, legal principles, or conclusions of

12   law to which no response is required.  Defendants deny the remaining allegations in

13   Paragraph 563.

14      564.   Paragraph 564 contains argument, legal principles, or conclusions of

15   law to which no response is required.  Defendants deny the remaining allegations in

16   Paragraph 564.

17      565.   Paragraph 565 contains argument, legal principles, or conclusions of

18   law to which no response is required.  Defendants deny the remaining allegations in

19   Paragraph 565.

20      566.   Paragraph 566 contains argument, legal principles, or conclusions of

21   law to which no response is required.  Defendants deny the remaining allegations in

22   Paragraph 566.

23      567.   Paragraph 567 contains argument, legal principles, or conclusions of

24   law to which no response is required.

25                    **PRAYER FOR RELIEF**

26      The Prayer for Relief contains argument, legal principles, or conclusions of

27   law to which no response is required.

28

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

1

## **JURY DEMAND**

2      The Jury Demand contains argument, legal principles, or conclusions of law

3  to which no response is required.

4

## **AFFIRMATIVE DEFENSES**

5

### **First Affirmative Defense**

6  Plaintiffs lack standing.

7

### **Second Affirmative Defense**

8  Plaintiffs fail to state a claim upon which relief can be granted.

9

### **Third Affirmative Defense**

10      Plaintiffs' claims fail because they cannot demonstrate that Defendants acted

11  with deliberate indifference to severe and pervasive harassment that denied

12  Plaintiffs equal access to educational programs.

13

### **Fourth Affirmative Defense**

14      Plaintiffs' claims fail because Defendants took prompt and appropriate action

15  in response to complaints of harassment and discrimination.

16

### **Fifth Affirmative Defense**

17      Plaintiffs' claims fail because Defendants have policies and procedures in

18  place to prevent and remedy claims of discrimination and harassment.

19

### **Sixth Affirmative Defense**

20      If Plaintiffs have been damaged, it is by reason of the acts or omissions of

21  some third party or parties, not by reason of anything Defendants did or failed to

22  do.

23

### **Seventh Affirmative Defense**

24      Plaintiffs' claims fail because Defendants acted at all relevant times

25  consistent with federal policy and guidance related to Title VI.

26

### **Eighth Affirmative Defense**

27      Plaintiffs' claims are barred because Defendants exercised reasonable care to

28  prevent and correct promptly any discriminatory conduct.

1

### Ninth Affirmative Defense

2      Plaintiffs' claims fail because Defendants did not treat them differently from

3  any similarly situated individuals outside of their protected class.

4

### Tenth Affirmative Defense

5      Defendants did not act with discriminatory intent or purpose.

6

### Eleventh Affirmative Defense

7      Plaintiffs have failed to join a party or parties necessary for the just

8  adjudication of their claims under the requirements of Rule 19 of the Federal Rules

9  of Civil Procedure.

10

### Twelfth Affirmative Defense

11     Defendants have not violated any established right under the Constitution or

12  laws of the United States or the State of California providing for the protection of

13  civil rights.

14

### Thirteenth Affirmative Defense

15     Plaintiffs cannot bring claims for damages under the California Constitution

16  Equal Protection and Free Exercise Clauses.

17

### Fourteenth Affirmative Defense

18     Plaintiffs' claims are barred by sovereign immunity under the Eleventh

19  Amendment.

20

### Fifteenth Affirmative Defense

21     Plaintiffs' claims are barred by qualified immunity.

22

### Sixteenth Affirmative Defense

23     Plaintiffs' claims are barred by governmental immunities provided to public

24  entities and employees under California law, including, but not limited to, the

25  immunities provided in California Government Code sections 815.2, 818, 818.2,

26  818.8, 820.2, 820.4, 820.8, 821, 821.6, 822.2, and 845.

27

28

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

1

**Seventeenth Affirmative Defense**

Plaintiffs fail to state causes of action against the Individual Defendants upon which they can be found individually liable.

**Eighteenth Affirmative Defense**

Plaintiffs' claims fail because Defendants cannot be held responsible under any theory of vicarious liability.

**Nineteenth Affirmative Defense**

Plaintiffs seek remedies beyond the allowable scope of recovery under Title VI.

**Twentieth Affirmative Defense**

Plaintiffs may not recover punitive damages against a governmental entity, or against governmental employees acting in their official capacity.

**Twenty-First Affirmative Defense**

Plaintiffs may not recover punitive damages because Defendants were not motivated by evil motive or intent and did not act with reckless or callous indifference to Plaintiffs' rights.

**Twenty-Second Affirmative Defense**

Plaintiffs may not recover under California Education Code § 220, which applies only to primary and secondary schools.

**Twenty-Third Affirmative Defense**

Plaintiffs failed to exhaust remedies.

**Twenty-Fourth Affirmative Defense**

Defendants reserve the right to amend their affirmative defenses.

**<u>DEMAND FOR JURY TRIAL</u>**

In accordance with Fed. R. Civ. P. 38(b), Defendants demand a trial by jury on all issues so triable.

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS

Dated:  November 26, 2024    Respectfully submitted,

By:    _/s/ Matthew R. Cowan_
MATTHEW R. COWAN
_Attorney for Defendants The Regents of
the University of California; Michael V.
Drake; Gene D. Block; Darnell Hunt;
Michael Beck; Monroe Gorden, Jr.;
and Rick Braziel_

DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT
CASE NO. 2:24-CV-4702-MCS