Eric C. Rassbach (CA SBN 288041)
Mark L. Rienzi (DC Bar No. 494336)*
Daniel L. Chen (CA SBN 312576)
Laura Wolk Slavis (DC Bar No. 1643193)*
Jordan T. Varberg (DC Bar No. 90022889)*
Amanda G. Dixon (DC Bar No. 90021498)*
Reed M. Bartley (TX Bar No. 24125115)* ‡
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
202-955-0095 tel. / 202-955-0090 fax
erassbach@becketfund.org

Paul D. Clement (DC Bar No. 433215)*
Erin E. Murphy (DC Bar No. 995953)*
Matthew D. Rowen (CA SBN 292292)
Clement & Murphy, PLLC
706 Duke Street
Alexandria, VA 22314

Elliot Moskowitz (NY Bar No. 4039160)*
Rebecca L. Harris (NY Bar No. 5607080)*
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YITZCHOK FRANKEL *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA *et al.*,<br><br>    Defendants. | Case No.: 2:24-cv-04702<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND PERMANENT INJUNCTION**<br><br>Judge: Hon. Mark C. Scarsi<br>Hearing: May 12, 2025, 9:00 a.m.<br>Courtroom: 7C |

*Admitted *pro hac vice*. ‡Not admitted to the D.C. Bar; admitted only in Texas. Supervised by licensed D.C. Bar members.

Pending before the Court is Plaintiffs' motion for partial summary judgment and a permanent injunction as to Counts III, IV, and V in the First Amended Complaint. Having reviewed the papers filed in support of and in opposition to this motion, as well as all supporting declarations and exhibits, the Court hereby GRANTS Plaintiffs' motion on the following basis:

The Court finds that Defendants have made available certain of its programs, activities, and campus areas when Jewish students and faculty, including Plaintiffs, were excluded because of their genuinely held religious beliefs. The Court further finds that Defendants have facilitated and cooperated in the exclusion of Jewish students and faculty from those programs, activities, and campus areas, including by instructing the police and other security not to intervene and in installing metal bike racks around the perimeter of the encampment. In so doing, Defendants' actions had the effect of excluding individuals from public benefits based on their religious status.

The Court further finds that Defendants treated comparable secular activities, namely supporting countries other than Israel, more favorably than Plaintiffs' religious exercise of supporting Israel's right to exist in its homeland.

The Court further finds that Defendants permit discretionary mechanisms of individualized exemptions, as UCLA repeatedly asserts that it retains broad discretion in responding to campus demonstrations.

The Court further finds that Defendants lack a compelling governmental interest for their actions, and that the actions they took were not narrowly tailored to accomplish their asserted interests.

The Court therefore concludes that Plaintiffs have demonstrated success on the merits of their claims that Defendants' actions violated the Free Exercise Clause of the First Amendment to the United States Constitution (Counts III, IV, and V of the First Amended Complaint).

The Court also concludes that Plaintiffs have shown that they will suffer irreparable harm without relief, that the balance of equities favors them, and that an injunction is in the public interest.

Based on these findings of fact and conclusions of law, the Court ORDERS as follows:

1. Defendants Regents of the University of California, Drake, Frenk, Hunt, Beck, Gorden, and Lurie,[1] their successors, their officers, agents, servants, employees, and attorneys, and any other persons acting in concert or actively participating with them (collectively, "Defendants"), are permanently enjoined from offering any ordinarily available programs, activities, or campus areas to students and/or faculty if Defendants know the ordinarily available programs, activities, or campus areas are not fully and equally accessible to Jewish students and/or faculty.

2. Defendants are permanently enjoined from knowingly allowing or facilitating the exclusion of Jewish students and/or faculty from

---

[1] Julio Frenk became UCLA's new Chancellor on January 1, 2025, and thus is automatically substituted for the official-capacity claims against former Chancellor Gene Block. *See* Fed. R. Civ. P. 25(d). Similarly, Steve Lurie became UCLA's new Associate Vice Chancellor for Campus and Community Safety on February 1, 2025, and thus is automatically substituted for the official-capacity claims against former Associate Vice Chancellor Rick Braziel. *See id.*

1
2
3        ordinarily available portions of UCLA's programs, activities, and campus areas, whether as a result of a de-escalation strategy or otherwise.

4
5
6
7        3. Defendants shall instruct Student Affairs Mitigator/Monitor ("SAM") and any and all campus security teams (including without limitation UCPD and UCLA Security) that they are not to aid or participate in any obstruction of access for Jewish students and/or faculty to ordinarily available programs, activities, and campus areas.

8
9
10
11
12
13       4. For purposes of this order, all references to exclusion of Jewish students and/or faculty shall include exclusion of Jewish students and/or faculty based on religious beliefs concerning the Jewish state of Israel.

14
15
16
17
18       5. Nothing in this order prevents Defendants from excluding any student or faculty member, including Jewish students and/or faculty members, from ordinarily available programs, activities, and campus areas pursuant to UCLA code of conduct standards applicable to all UCLA students and/or faculty.

19
20
21       6. Absent a stay of this injunction by the United States Court of Appeals for the Ninth Circuit, this permanent injunction shall take effect immediately.

22
23       7. The Court will retain jurisdiction of this action to, *inter alia*, supervise compliance with its order.

24
25
26
27
28

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND PERMANENT INJUNCTION

3

Dated: _____

_____
The Honorable Mark C. Scarsi
United States District Judge