1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11    YITZCHOK FRANKEL, *et al.*              Case No.  2:24-cv-04702-MCS-MAA

              Plaintiffs,
12                                            **ORDER REGARDING**
                                             **SETTLEMENT CONFERENCE**
13         v.

14    REGENTS OF THE UNIVERSITY OF            Settlement Conference Date and
      CALIFORNIA, *et al.*                    Time:  **March 18, 2025 at 9:00 a.m.**
15
              Defendants.
16

17

18         This matter has been referred by Judge Mark C. Scarsi for a Settlement

19    Conference before Magistrate Judge Maria A. Audero.  Following the parties'

20    March 3, 2025 pre-settlement conference organizational call, the Court sets the

21    following Settlement Conference:

22         A Settlement Conference will be held before Judge Audero on **March 18,**

23    **2025 at 9:00 a.m.**  The Settlement Conference will be conducted in person in

24    Courtroom 880 of the Edward R. Roybal Federal Building and United States

25    Courthouse, located at 255 E. Temple Street, Los Angeles, California 90012.

26    ///

27    ///

28    ///

The following are mandatory guidelines for the parties in preparing for the Settlement Conference.  Please read this Order carefully.

1.    By participating in the Settlement Conference, the parties understand and agree that Judge Audero will not be involved in the actual trial of the case and will assist the parties in an objective appraisal and evaluation of the case.  The purpose of the Settlement Conference is to permit an informal discussion between the attorneys, parties, and the settlement judge of every aspect of the case bearing on its settlement value.

2.    Before the Settlement Conference, the attorneys are directed to discuss settlement with their respective clients so that the parameters of possible settlement will have been explored well in advance of the Settlement Conference.  At the Settlement Conference, each party shall be fully prepared to discuss all economic and non-economic factors relevant to a full and final settlement of the case.  If, prior to the Settlement Conferences are able to resolve the case, counsel immediately must inform the Courtroom Deputy Clerk.

3.    The Court requires the following individuals present at the Settlement Conference: (a) all counsel who will try the case; and (b) on behalf of each party, a representative with full settlement authority who can settle the case during the course of the Settlement Conference.  Any violation of this requirement may cause the Court to cancel the Settlement Conference.  In addition, counsel and/or the party who violate this Order may be subject to sanctions.

a.    Plaintiffs Yitzchok Frankel, Joshua Ghayoum, Eden Shemuelian, and Kamran Shamsa (collectively, "Plaintiffs") are **ORDERED** to appear in person with full settlement authority to authorize dismissal of the case with prejudice should the parties reach a settlement.  Plaintiffs will be represented by any one or more of their attorneys of record, all of whom shall appear in person.

b.    A person yet to be determined, as agreed-upon by the parties, is **ORDERED** to appear in person as representative of Defendants Regents of The

- 2 -

University of California, Michael V. Drake, Gene D. Block, Darnell Hunt, Michael

Beck, Monroe Gordon, Jr., and Rick Braziel (collectively, "Defendants"), with full

settlement authority to commit Defendants to pay, in his or her discretion, a

settlement amount agreed-upon by the parties.  Defendants will be represented by

any one or more of their attorneys or record, all of whom shall appear in person.

       c.     Absent authorization from the Court, counsel appearing without

their clients (whether or not counsel purportedly have been given settlement

authority) may cause the Settlement Conference to be canceled and rescheduled.

The noncomplying party, attorney, or both, may be assessed the costs and expenses

incurred by other parties as a result of such cancellation and rescheduling, as well

as any additional sanctions deemed appropriate.

    4.     Counsel must make arrangements for an interpreter to be present for

any client or party representative requiring an interpreter to understand and

meaningfully participate in the Settlement Conference.  Any violation of this

requirement may cause the Court to cancel the Settlement Conference and order the

noncomplying attorney, party, or both, to pay the costs and expenses incurred by

other parties as a result of such cancellation and rescheduling.  Any questions

regarding the need for an interpreter must be directed to the Courtroom Deputy

Clerk before the date of the Settlement Conference.

    5.     No later than **March 11, 2025 by noon**, each side shall submit a joint

Settlement Conference Statement ("Statement") directly to the chambers of Judge

Audero via email to MAA_Chambers@cacd.uscourts.gov.  The parties may elect to

designate all or a portion of the Statement as Confidential, but must advise the

Court and serve the non-confidential portion accordingly.

       a.     <u>The Statement should not be filed with the Clerk of the Court</u>

<u>and will not be made part of the case file</u>.  The Statement shall be double-spaced

and shall not exceed ten (10) pages in length.  Parties may attach exhibits that are

relevant to settlement discussions, which exhibits shall not count toward the ten-

page limit.  Copies of the confidential portions of the Statement should not be served upon opposing counsel.

   b. Each side's Statement shall include the following:

    (1) A brief statement of the facts of the case, including the party's claims and defenses.  The Statement should include citations to the applicable statutory or other grounds upon which claims or defenses are based.  This Statement should identify the major factual and legal issues in dispute, and cite any controlling authorities.

    (2) An itemized statement of the damages claimed, and of any other relief sought.  This is one of the most critical aspects of the party's Statement.  Any Statement that omits an itemized statement of damages will be considered a violation of this Order and may subject the party to sanctions.

    (3) A summary of the proceedings to date, including any dates/deadlines already set by the District Judge.

    (4) A history of past settlement discussions, offers and demands.

    (5) A forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

    (6) The approximate amount of attorneys' fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for (i) further discovery, (ii) pretrial, and (iii) trial.

    (7) The party's evaluation of the terms on which the case could be settled fairly, taking into account the litigation position and settlement position of the other side.

   c. Failure to deliver a Statement timely, or to otherwise comply with this Order, may result in the imposition of sanctions.

  6. Counsel expressly agree that Judge Audero may conduct *ex parte* communications with either party, if necessary, commencing on the date of this

- 4 -

Order, following the submission of the Statements, through the Settlement

Conference, and for a reasonable period thereafter if the matter does not settle if

Judge Audero determines that additional settlement discussions may be productive.

Judge Audero will not, during any of these conferences, discuss any other aspect of

the case.

       7.     In the event the parties agree that a Settlement Conference at this point

in the litigation would not be meaningful, the parties are instructed to telephone

Judge Audero's Courtroom Deputy Clerk via email to

MAA_Chambers@cacd.uscourts.gov and inform her of this information.  The

Court will then schedule a telephonic conference to discuss the matter.  The Court

also may inquire of the parties separately upon receipt of the Statement, and/or

schedule a telephone conference to discuss issues before the Settlement Conference.

       8.     In light of the parties' discussion with the Court, the Court will hold a

joint session at the commencement of the settlement conference, but will dispense

with an opening statement to be made by each party to the other.

       9.     Counsel should have available for the Court's review copies of all

critical documents (i.e., pleadings, declarations or witness statements, business

records, personnel files, etc.), as well as copies of all important witnesses'

deposition transcripts, if a party believes such documents will assist in the

evaluation of the case.  To the extent a party wishes to rely on documents not

exchanged with the other parties prior to the settlement conference, that party must

have a copy of the document available in a readily-available format so that it may

be shared with the other side during the Settlement Conference.

      10.    Pursuant to Local Rule 16-15.8 and Federal Rules of Evidence 408 and

410, all settlement proceedings shall be confidential and no statement made during

the Settlement Conference to the Court (including statements made in the parties'

confidential settlement briefs regarding the parties' respective settlement

discussions, demands and offers made prior to the Settlement Conference), the

parties and/or their counsel shall be admissible in any proceeding in the case, unless the parties otherwise agree.  No part of a settlement proceeding shall be reported or otherwise recorded, without the consent of the parties, except for any memorialization of a settlement agreement.  Counsel are reminded, and must also notify their clients, that the Local Rules of Court prohibit non-court personnel from recording or broadcasting these proceedings.  C.D. Cal. L. R. 83-6 *et seq.*

11.    Judge Audero may, in her discretion, converse with the lawyers, the parties, the insurance representatives, or any one of them outside of the hearing of the others.  Judge Audero's comments during such separate sessions are not to be used by counsel in settlement negotiations with opposing counsel.  This is a necessary requirement in order to avoid intentional or unintentional misquotation of the judge's comments.  Violation of this policy may be misleading and therefore a hindrance to settlement.

12.    If the parties reach a resolution of the case during the Settlement Conference, the Court will summarize the key terms of the agreement on the record and may direct the parties to draft an appropriate memorandum.  Either or both parties may move for a sealing of the portion of the record that contains confidential settlement terms.  The Court encourages counsel to bring a proposed settlement agreement to the conference.  If no resolution is reached, the Court will consult with the parties to determine whether an additional Settlement Conference is likely to be productive.  The Court also encourages counsel to determine, prior to the Settlement Conference, the timing required for payment of any settlement funds by their client.

///

///

///

///

///

13.     If settlement between any or all parties is reached as a result of the
Settlement Conference, it is the responsibility of all counsel to report the settlement
to the District Judge's Courtroom Deputy Clerk immediately, as well as to timely
memorialize the settlement.  *See* Local Rule 16-15.7.

IT IS SO ORDERED.

DATED: March 3, 2025

_____
HONORABLE MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE