1    MATTHEW R. COWAN (S.B. #281114)
2    mcowan@omm.com
     O'MELVENY & MYERS LLP
3    400 South Hope Street, 19th Floor
     Los Angeles, California  90071-2899
4    Telephone:  (213) 430-6000
     Facsimile:   (213) 430-6407
5
6    ANTON METLITSKY*
     ametlitsky@omm.com
7    JENNIFER SOKOLER*
     jsokoler@omm.com
8    O'MELVENY & MYERS LLP
     1301 Avenue of the Americas, Suite 1700
9    New York, NY 10019
     Telephone:  (212) 326-2000
10   Facsimile:   (211) 326-2061

11   MEAGHAN VERGOW*
     mvergow@omm.com
12   O'MELVENY & MYERS LLP
     1625 Eye Street, N.W.
13   Washington, D.C. 20006
     Telephone:  (202) 383-5300
14   Facsimile:   (202) 383-5414

15   *Attorneys for Defendants*

16   *Admitted pro hac vice*

17   [*Counsel continued on next page*]

18                    **UNITED STATES DISTRICT COURT**
19                    **CENTRAL DISTRICT OF CALIFORNIA**
20                    **WESTERN DIVISION – LOS ANGELES**

| | |
|---|---|
| 21  Frankel, et al., | Case No. 2:24-CV-4702-MCS-PD |
| 22              Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| 23        v. | Judge: Hon. Mark C. Scarsi |
| 24  Regents of the University of California, et al., | Courtroom: 7C |
| 25              Defendants. | |

1

2    [*Counsel continued from previous page*]

3    Charles Robinson (S.B. #113197)
     Rhonda Goldstein (S.B. #250387)
4    Norman Hamill (S.B. #154272)
     The Regents of the University of California
5    1111 Franklin Street, Floor 8
     Oakland, California 94607-5201
6    Telephone:   (510) 987-9800
     Facsimile:   (510) 987-9757
7

8    *Attorneys for Defendants*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                         JOINT STIP. PROTECTIVE ORDER
                                                           CASE NO. 2:24-CV-4702-MCS-PD
28

I.      **PURPOSE AND LIMITATIONS**

Disclosure and discovery in this action is likely to involve production of confidential information, proprietary information, personally identifiable information, and certain other private information for which special protection from public disclosure and from use for any purpose other than prosecuting this action may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

II.     **GOOD CAUSE STATEMENT**

Good cause exists for a Stipulated Protective Order given the potentially relevant but sensitive information that may be in the possession, custody, or control of each of the parties.  This case arises from protest activity on the University of California, Los Angeles ("UCLA") campus last year after the October 7, 2023 terrorist attack in Israel and the ensuing war in Gaza.  Plaintiffs, three UCLA students and one UCLA faculty member, allege that the University's response to pro-Palestinian protests enabled antisemitic conduct on campus.  In addition to declaratory and injunctive relief, Plaintiffs seek punitive damages and compensatory

damages, including lost tuition and damages for emotional distress and deprivation of constitutional and statutory rights since October 7, 2023.

The parties anticipate that discovery in this matter may involve disclosure of sensitive internal information regarding, among other things, internal financial information and documents and communications relating to security or public safety decisions made at UCLA's campus.

The parties also anticipate that discovery in this matter may involve disclosure of personally identifiable information protected by The Family Educational Rights and Privacy Act of 1974 ("FERPA"), as amended, Pub. L. 93–380, 88 Stat. 1974, 20 U.S.C. § 1232g, and the implementing regulations thereunder, 34 C.F.R. Part 99, including from students who are not parties to this litigation. FERPA prohibits public funding of an educational institution that "has a policy or practice of releasing, or providing access to, any personally identifiable information in education records" unless the student provides written consent or the information is furnished in compliance with judicial order or pursuant to a lawfully issued subpoena. 20 U.S.C. § 1232g(b)(2). "Education records" have the meaning set forth in 20 U.S.C. § 1232g(a)(4) and 34 C.F.R. § 99.3.

Under FERPA, "[p]ersonally identifiable information" means information such as names and "[o]ther information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. § 99.3.

Discovery in this matter may involve not just personally identifiable information such as student names, but also potentially sensitive information regarding students' race, national origin, or religion; student performance in UCLA's programs; records reflecting reports of alleged harassment or discrimination or other

JOINT STIP. PROTECTIVE ORDER
CASE NO. 2:24-CV-4702-MCS-PD

violations of university policy; records reflecting student discipline; students' communications with faculty, conduct offices, or student support services; and records reflecting tuition payments that may reveal sensitive personal information, including financial information.

The parties further anticipate that discovery may involve disclosure of potentially highly sensitive information that may cause substantial and concrete injury if disclosed to the public. This information includes, but is not limited to, potentially highly sensitive commercial information and other potentially highly sensitive information concerning security and public safety measures at UCLA's campus, and records reflecting internal reviews and/or investigations relating to alleged violations of University policy. Without waiving Defendants' right to object to the production of these materials, the Parties agree that such information could warrant heightened confidentiality protections in this case.

In light of the sensitive nature of these materials, there is good cause for entry of a protective order that provides for "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designations for such materials, as set forth herein. It is the intent of the parties that information will not be designated as confidential or attorneys' eyes only for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

III.  **DEFINITIONS**

In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a.  "Attorneys' Eyes Only" means any documents, testimony, or information which is in the possession of a Designating Party who believes in good

JOINT STIP. PROTECTIVE ORDER
CASE NO. 2:24-CV-4702-MCS-PD

1    faith that such documents, testimony, or information is entitled to a higher level of

2    confidential treatment under applicable law.

3        b. "Attorneys' Eyes Only Information" means any documents,

4    testimony, or information designated Attorneys' Eyes Only pursuant to the

5    provisions of this Stipulation and Protective Order.  This includes any extracts and

6    summaries of documents, testimony, or information designated as "Attorneys' Eyes

7    Only Information."

8        c. "Confidential" means any documents, testimony, or information

9    which is in the possession of a Designating Party who believes in good faith that such

10   documents, testimony, or information is entitled to confidential treatment under

11   applicable law, and other privacy obligations.  This includes, for example, documents

12   or testimony containing Personally Identifiable Information, Proprietary

13   Information, security or public safety information, or other non-public information

14   the disclosure of which, in the good faith judgment of the Designating Party, would

15   be Confidential Information and detrimental to the conduct of that Designating

16   Party's business, the business of any of that Designating Party's customers or clients,

17   student privacy, or security or public safety, if it became public.

18       d. "Confidential Information" means any documents, testimony, or

19   information designated as Confidential pursuant to the provisions of this Stipulation

20   and Protective Order.  This includes any extracts and summaries of documents,

21   testimony, or information designated as "Confidential Information."

22       e. "Court" means the Hon. Mark C. Scarsi, U.S. District Court

23   Judge, Hon. Patricia Donahue, U.S. Magistrate Judge, and/or any other judge or

24   referee to which this Proceeding may be assigned.

25

26

27

28

JOINT STIP. PROTECTIVE ORDER
CASE NO. 2:24-CV-4702-MCS-PD

f.    "Designating Party" means any party, or a nonparty, who produces documents or information for this Proceeding and designates documents, testimony, or information as "Confidential Information" as provided below.

g.    "Education Records" have the meaning set forth in 20 U.S.C. § 1232g(a)(4) and 34 C.F.R. § 99.3.

h.    "Eligible Student" has the meaning set forth in 34 C.F.R. § 99.3.

i.    "Non-Designating Party" means all parties to this Proceeding other than the Designating Party.

j.    "Personally Identifiable Information" means Social Security numbers, tax identification numbers, birth dates, financial account numbers, full home addresses, passport numbers, and driver's license numbers for which redacted filings are permitted by Civil Local Rule 5.2-1 and Federal Rule of Civil Procedure 5.2.  To the extent a Party or nonparty is bound by FERPA, "Personally Identifiable Information" also has the meaning set forth in 34 C.F.R. § 99.3 for which redacted filings are permitted by FERPA.

k.    "Proceeding" means the above-entitled proceeding, Case No. 2:24-CV-4702-MCS-PD.

l.    "Proprietary Information" means information not already publicly available that constitutes: (a) any information subject to protection under the Privacy Act, 5 U.S.C. § 552a, or the Trade Secrets Act, 18 U.S.C. § 1905; (b) trade secret or other confidential research, development, or commercial information entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G); or (c) any other information subject to a sealing in the above-captioned actions pursuant to Civil Local Rule 79-5.

JOINT STIP. PROTECTIVE ORDER
CASE NO. 2:24-CV-4702-MCS-PD

## IV.    **DESIGNATING CONFIDENTIALITY**

a.    **Who may designate:** The parties or nonparty producing the documents or providing the testimony in the Proceeding may designate that information as "Confidential Information" under this Order, provided it meets the above criteria.

b.    Any information submitted in pre-hearing discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this case, which is asserted by a Designating Party to contain or constitute Confidential Information shall be so designated by such Designating Party in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL" or a comparable notice. Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this Order.

c.    Documents produced by a Party or nonparty may be designated as Confidential by that submitting party by either: (i) stamping or affixing the legend "CONFIDENTIAL" to each page containing such material at or before production or within 45 days from the execution of this Stipulation, whichever is later; or (ii) in the case of electronically stored information produced in native format, by including "Confidential Information" in the file or directory name, or by affixing the legend "Confidential Information" to the media, system, database, or other computing device that contains the materials (e.g., CD-ROM, flash drive, DVD). The Designating Party will additionally endeavor to mark all such designated materials in the load file so that these files can be readily identified.

d.    Testimony may be designated as Confidential Information through any one or more of the following means: (i) by stating orally on the record

that the information is "Confidential Information" on the day the testimony is given; or (ii) by sending written notice to all parties designating information as "Confidential Information" within 14 court days after receipt of a copy of the transcript from the court reporter; or (iii) by stamping or affixing the legend "CONFIDENTIAL" on the relevant portion(s) of the transcript at or before the signing of the transcript by the witness. All information disclosed during a deposition shall be deemed to have been designated "Confidential Information" until the expiration of the latest of the time periods for designation referenced in parts (i) and (ii) of the preceding sentence, whether or not any portion of the transcript has been designated previously.

e.    When any Confidential Information is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "CONFIDENTIAL".

f.    Attorneys' Eyes Only Designation:  Any information submitted in pre-hearing discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in this case, which is asserted by a Designating Party to contain Attorneys' Eyes Only Information that necessitates limiting disclosure to Attorneys' Eyes Only, shall be so designated by such Designating Party in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted.  Documents shall be clearly and prominently marked on their face with the legend:  "ATTORNEYS' EYES ONLY" or a comparable notice.  Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this Order.

Documents produced by a Party or nonparty may be designated Attorneys' Eyes Only by that submitting party by either: (i) stamping or affixing the legend

JOINT STIP. PROTECTIVE ORDER
CASE NO. 2:24-CV-4702-MCS-PD

"ATTORNEYS' EYES ONLY" to each page containing such material at or before production or within 45 days from the execution of this Stipulation, whichever is later; or (ii) in the case of electronically stored information produced in native format, by including "Attorneys' Eyes Only" in the file or directory name, or by affixing the legend "Attorneys' Eyes Only" to the media, system, database, or other computing device that contains the materials (e.g., CD-ROM, floppy disk, DVD). The Designating Party will additionally endeavor to mark all such designated materials in the load file so that these files can be readily identified.

Testimony may be designated as Attorneys' Eyes Only through any one or more of the following means: (i) by stating orally on the record that the information is "Attorneys' Eyes Only" on the day the testimony is given; or (ii) by sending written notice to all parties designating information as "Attorneys' Eyes Only" within 14 court days after receipt of a copy of the transcript from the court reporter; or (iii) by stamping or affixing the legend "ATTORNEYS' EYES ONLY" on the relevant portion(s) of the transcript at or before the signing of the transcript by the witness.

When any information designated Attorneys' Eyes Only is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "ATTORNEYS' EYES ONLY".

g.    **Inadvertent Failure to Designate**:    Inadvertent failure to designate materials as Confidential Information or Attorneys' Eyes Only Information at the time of production or disclosure (including via testimony in a deposition) shall not operate to waive a party's right to later designate such materials as Confidential Information or Attorneys' Eyes Only Information. In the event documents which are claimed to be Confidential Information or Attorneys' Eyes Only Information are inadvertently produced without the appropriate designation, the producing party may

notify in writing the party to whom the production has been made that the materials constitute Confidential Information or Attorneys' Eyes Only Information.  Upon receipt of this written notice, the parties shall thereafter mark and treat the materials as so designated.

h.    **De-designation by the Court**:  The Court may determine that information alleged to be Confidential or Attorneys' Eyes Only is improperly designated, or that its disclosure is necessary for the proper disposition of the proceeding, before, during or after the close of a hearing herein.  If such a determination is made by the Court, the Parties shall not object to an opportunity being provided to the Designating Party to argue its confidentiality prior to the time of such ruling.

i.    **Provisions regarding FERPA**: Nothing in this Stipulated Protective Order shall be construed to permit any party or nonparty to refuse to produce documents or information otherwise discoverable under Fed. R. Civ. P. 26 on grounds of compliance with FERPA if it is reasonably possible for such party or nonparty to guarantee the "removal of all personally identifiable information" and to "ma[k]e a reasonable determination that a student's identity is not personally identifiable, whether through single or multiple releases, and taking into account other reasonably available information." 34 C.F.R. § 99.31(b)(1). Moreover, to the extent a court order is required under FERPA as a condition precedent to the production of documents or information that are otherwise discoverable under Fed. R. Civ. P. 26, the Parties shall meet and confer to determine a suitable manner of either producing the non-protected content contained in such documents or information or obtaining a court order that the parties and any nonparties may rely on as a legal basis for producing such documents or information.

JOINT STIP. PROTECTIVE ORDER
CASE NO. 2:24-CV-4702-MCS-PD

## V. <u>LIMITATIONS ON DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION</u>

a.     "Confidential Information" may be used solely for the purposes of the present Proceeding and not for any other purpose.  In the absence of written permission from the Designating Party or an order by the Court, any Confidential Information submitted in accordance with the above provisions shall not be disclosed to any person other than:

(i)      the parties, provided that any Party receiving Confidential Information agrees to be bound by the terms of this Order and signs the undertaking attached hereto as Exhibit A;

(ii)      the parties' in-house counsel to the extent necessary solely for the purposes of overseeing and directing the Proceeding (provided the in-house counsel has been advised of and agrees to be bound by the terms of this Order);

(iii)      the parties' outside counsel and agents including their associated attorneys and necessary secretarial and support personnel assisting such counsel, as well as litigation service providers engaged by outside counsel (such as electronic discovery vendors, graphic services, and printing and document services) who are directly assisting counsel in this litigation, are under the supervision or control of such counsel, and have been advised of and agree to be bound by the terms of this Order;

(iv)      qualified persons taking testimony involving such documents or information and necessary court reporters, stenographic, videographic, and clerical personnel thereof;

    (v)  experts or consultants and their staff who are employed for the purposes of this litigation, provided that person agrees to be bound by the terms of this Order and signs the undertaking attached hereto as Exhibit A;

    (vi)  witnesses and their counsel, in connection with actual or potential testimony (including deposition testimony) in this litigation, provided that there is a reasonable basis to believe that the witness may have relevant information or give relevant testimony regarding the Confidential Information, and further provided that the witness agrees to be bound by the terms of this Order and signs the undertaking attached hereto as Exhibit A, a copy of which shall be provided to the Designating Party within 14 days of execution;

    (vii)  the Court and the Court's staff;

    (viii)  employees and contract personnel of the U.S. District Court for the Central District of California (a) for developing or maintaining the records of this case or related proceedings, or (b) in internal investigations, audits, reviews, evaluations relating to the programs, personnel, and operations of the Court; any person or entity that authored or previously received or had legal access to or possession of the information, and in the case of a deposition, employees of the entity that produced the document; and

    (ix)  professional translators, provided the translator agrees to be bound by the terms of this Order and signs the undertaking attached hereto as Exhibit A.

11

JOINT STIP. PROTECTIVE ORDER
CASE NO. 2:24-CV-4702-MCS-PD

b.    **Limitations on Disclosure and Use of Attorneys' Eyes Only**

**Information**:  "Attorneys' Eyes Only Information" may be used solely for the purposes of the present Proceeding and not for any other purpose.  In the absence of written permission from the Designating Party or an order by the Court, any Attorneys' Eyes Only Information submitted in accordance with the above provisions shall not be disclosed to any person other than:

(i)    the parties' in-house counsel to the extent necessary solely for the purposes of overseeing and directing the Proceeding (provided the in-house counsel has been advised of and agrees to be bound by the terms of this Order);

(ii)    the parties' outside counsel, and agents including their associated attorneys and necessary secretarial and support personnel assisting such counsel, as well as litigation service providers engaged by outside counsel (such as electronic discovery vendors, graphic services, and printing and document services) who are directly assisting counsel in this litigation, are under the supervision or control of such counsel, and have been advised of and agree to be bound by the terms of this Order;

(iii)    qualified persons taking testimony involving such documents or information and necessary court reporters, stenographic, videographic, and clerical personnel thereof;

(iv)    experts or consultants and their staff who are employed for the purposes of this litigation provided that person agrees to be bound by the terms of this Order and signs the undertaking attached hereto as Exhibit A;

(v)    the Court and the Court's staff;

JOINT STIP. PROTECTIVE ORDER
CASE NO. 2:24-CV-4702-MCS-PD

(vi)      employees and contract personnel of the U.S. District Court for the Central District of California (a) for developing or maintaining the records of this case or related proceedings, or (b) in internal investigations, audits, reviews, evaluations relating to the programs, personnel, and operations of the Court;

(vii)      any person or entity that authored or previously received or had legal access to or possession of the information, and in the case of a deposition, employees of the entity that produced the document.

## VI.    SUBMISSION OF CONFIDENTIAL INFORMATION AND ATTORNEYS' EYES ONLY INFORMATION TO COURT

A party that seeks to file under seal any Confidential Information or Attorneys' Eyes Only Information designated pursuant to paragraph 3 above must comply with Civil Local Rule 79-5. Confidential Information or Attorneys' Eyes Only Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information or Attorneys' Eyes Only Information at issue. If a request to file Confidential Information or Attorneys' Eyes Only Information under seal is denied by the court, then the Party may file the information in the public record unless otherwise instructed by the court. If a Party does not think that Confidential Information or Attorneys' Eyes Only Information designated according to paragraph 3 above should be filed under seal, the Parties shall meet and confer prior to filing formal opposition with the court. Any document or information submitted under seal per C.D. Cal. Civil L.R. 79-5 is to be treated as such, subject to a contrary ruling after hearing by the Court.

a.    **Limitations on Scope of Order**: The restrictions upon Confidential Information or Attorneys' Eyes Only Information shall not apply if the

Designating Party agrees in writing or if the Court rules that the information was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.  Likewise, nothing in this Order prevents disclosure by a person or entity of information that it authored, was previously aware of, or previously had legal access to or possession of.

   b. **Challenge to Confidentiality Designation:** If, while a case is before the Court, a receiving party disagrees with any designation of Confidential Information or Attorneys' Eyes Only Information, it shall notify the Designating Party in writing, and they are to confer as to the status of the subject information within five days of such notification.  If prior to, or at the time of such a conference, the Designating Party withdraws its designation of such information as being subject to this Order, the Designating Party shall express the withdrawal in writing and serve such withdrawal upon all parties.

   c. If the recipient and the Designating Party are unable to concur upon the status of the subject information within ten days from the date of notification of such disagreement, any party to this Order may raise the issue with the Court, including through the informal discovery conference process, and the Court may rule upon the matter.

   d. The Court may *sua sponte* question the designation of any information as Confidential Information or Attorneys' Eyes Only Information and may remove or modify such designation.

   e. **Inadvertent Disclosure**:  If Confidential Information or Attorneys' Eyes Only Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party and, without prejudice to other rights and remedies of the Designating Party,

JOINT STIP. PROTECTIVE ORDER
CASE NO. 2:24-CV-4702-MCS-PD

make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

f.  **Resolution of Proceeding**:  Upon final resolution of this Proceeding, each recipient of Confidential Information or Attorneys' Eyes Only Information that is subject to this Order shall assemble and return to the Designating Party all items containing such information, including all copies of such matter which may have been made.  Alternatively, the parties subject to this party may destroy all items containing Confidential Information or Attorneys' Eyes Only Information and certify to the Designating Party (or its counsel) that such destruction has taken place. This paragraph shall not apply, however, to any attorney work product generated by the parties' respective counsel, and parties and their Counsel shall be permitted to retain the attorney work product generated for this Proceeding, subject to the continuing obligations of this Order.  Parties' outside counsel are additionally permitted to retain a record copy of any filings, submissions, and service items in this Proceeding, including exhibits thereto, subject again to the continuing obligations of this Order.  This paragraph shall not apply to the Court to the extent it must retain such material pursuant to statutory requirements and for other recordkeeping purposes.

g.  **Privilege and Inadvertent Disclosure**: The parties do not intend to disclose information subject to a claim of attorney-client privilege, work product designation, or any other privilege or protection, or to waive any such protection.  If a party, or producing nonparty, inadvertently discloses such privileged or protected information ("Inadvertently Disclosed Information"), it shall promptly notify the receiving party and the provisions below will apply.  If the receiving party discovers that it has received likely Inadvertently Disclosed Information, it shall immediately

inform the disclosing party or nonparty, cease all use of such Inadvertently Disclosed Information, and follow the same procedures set forth in this Section:

The disclosure of Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture in this proceeding or any other federal or state proceeding of any claim of attorney-client privilege, work product protection, or any other privilege or protection that the disclosing party or nonparty would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter, including to the full extent permitted by Federal Rule of Evidence 502.

If a disclosing party or nonparty notifies the receiving party of Inadvertently Disclosed Information, the receiving party shall: (i) immediately cease using, copying, or distributing the Inadvertently Disclosed Information; and (ii) return or certify the destruction, within five (5) days, of all copies of the Inadvertently Disclosed Information, including any documents created by the receiving party based upon such information, to the disclosing party or nonparty, and including taking reasonable steps to retrieve and return or destroy the Inadvertently Disclosed Information if the receiving party disclosed it before being notified by the disclosing party or nonparty.

The receiving party may challenge any assertion of privilege or protection, including the clawback of Inadvertently Disclosed Information, by moving the Court for an order permitting the production (or reproduction) and use of the Inadvertently Disclosed Information.  With respect to the clawback of Inadvertently Disclosed Information, such motion must, unless otherwise stipulated by the parties, be made within ten (10) days after the disclosing party or nonparty first provides notice to the receiving party of the Inadvertently Disclosed Information and the basis for its assertion of privilege.

JOINT STIP. PROTECTIVE ORDER
CASE NO. 2:24-CV-4702-MCS-PD

A motion filed by the receiving party under this provision may not reference the contents of or attach the challenged discovery material or information.  It is the disclosing party or nonparty's burden to support and justify the appropriateness of any assertion of privilege or protection that it makes.  The parties recognize and agree that if a party claims production was inadvertent, the presumption, which shall be rebuttable, shall be that such production was inadvertent.  The disclosing party or nonparty may, at its election, submit the material to the Court for in camera inspection in opposing any such motion, which shall not be deemed a waiver of any such privilege or protection.  The receiving party must take reasonable steps to retrieve the Inadvertently Disclosed Information if the receiving party disclosed it before being notified by the disclosing party or nonparty.

JOINT STIP. PROTECTIVE ORDER
CASE NO. 2:24-CV-4702-MCS-PD

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED: March 3, 2025                    /s/ Matt Cowan
4                                            MATTHEW R. COWAN
                                             *Attorney for Defendants The Regents*
5                                            *of the University of California;*
                                             *Michael V. Drake; Gene D. Block;*
6                                            *Darnell Hunt; Michael Beck; Monroe*
7                                            *Gorden, Jr.; and Rick Braziel*

8
     DATED: March 3, 2025                    /s/ Elliot Moskowitz
9                                            ELLIOT MOSKOWITZ
10                                           *Attorney for Plaintiffs Yitzchok*
                                             *Frankel; Joshua Ghayoum; Eden*
11                                           *Shemuelian; and Dr. Kamran Shamsa*

12

13   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

14
                                             *Patricia Donahue*
15   DATED: March 4, 2025

16                                           HON. PATRICIA DONAHUE
                                             United States Magistrate Judge
17

18

19

20

21

22

23

24

25

26

27

28                               18              JOINT STIP. PROTECTIVE ORDER
                                                 CASE NO. 2:24-CV-4702-MCS-PD

1

## SIGNATURE ATTESTATION

2

3
        Pursuant to Local Rule 5-4.3.4, I hereby attest that the other signatory listed,

on whose behalf the filing is submitted, concurs in the filing's content and has

4
authorized the filing.

5

6
DATED: March 3, 2025                    */s/ Matt Cowan*

7                                        MATTHEW R. COWAN
                                         *Attorney for Defendants The Regents*
8                                        *of the University of California;*
                                         *Michael V. Drake; Gene D. Block;*
9                                        *Darnell Hunt; Michael Beck; Monroe*
                                         *Gorden, Jr.; and Rick Braziel*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

**EXHIBIT A**
**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Information or Attorneys' Eyes Only Information supplied in connection with the Proceeding, *Frankel et al. v. Regents of the University of California et al.*, Case No. 2:24-CV-4702-MCS-PD (the "Proceeding"). I certify that I understand that the Confidential Information or Attorneys' Eyes Only Information is being provided to me subject to the terms and restrictions of the Stipulation and Protective Order in this Proceeding. I have been given a copy of this Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the Confidential Information or Attorneys' Eyes Only Information as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Order. I will not copy or use, except solely for the purposes of this Proceeding, any Attorneys' Eyes Only Information or Confidential Information obtained pursuant to this Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Information or Attorneys' Eyes Only Information provided to me in the Proceeding in a secure manner, and that all copies of such Information are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Information will be returned to counsel who provided me with such Information.

I further hereby agree to be bound by and subject to the jurisdiction of the United States District Court for the Central District of California for the purposes of any dispute arising from any alleged violation of the Order. In such dispute, I designate _____ as authorized to receive service on my behalf and waive personal service for any enforcement action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

JOINT STIP. PROTECTIVE ORDER
CASE NO. 2:24-CV-4702-MCS-PD

Executed this _____ day of _____, 20__, at _____.

By: _____    Signature: _____

Title: _____

Address:_____

_____

_____

JOINT STIP. PROTECTIVE ORDER
CASE NO. 2:24-CV-4702-MCS-PD