MATTHEW R. COWAN (S.B. #281114)
mcowan@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 19th Floor
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

ANTON METLITSKY*
ametlitsky@omm.com
JENNIFER SOKOLER*
jsokoler@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

MEAGHAN VERGOW*
mvergow@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendants*

*Admitted pro hac vice*

[*Counsel continued on next page*]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION – LOS ANGELES**

| | |
|---|---|
| Frankel, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Regents of the University of California, et al.,<br><br>　　　　　Defendants. | Case No. 2:24-CV-4702-MCS<br><br>**INDIVIDUAL DEFENDANTS' RESPONSE TO STATEMENT OF INTEREST OF UNITED STATES OF AMERICA**<br><br>Judge:　　Hon. Mark C. Scarsi<br>Courtroom:　7C<br>Hearing:　March 31, 2025, 9:00 AM |

[*Counsel continued from previous page*]

Charles Robinson (S.B. #113197)
Rhonda Goldstein (S.B. #250387)
Norman Hamill (S.B. #154272)
The Regents of the University of California
1111 Franklin Street, Floor 8
Oakland, California 94607-5201
Telephone: (510) 987-9800
Facsimile: (510) 987-9757

*Attorneys for Defendants*

Four months ago, the Individual Defendants moved for judgment on the pleadings (the "motion"). The motion does not challenge the preliminary injunction that is currently in place. Instead, the motion principally targets Plaintiffs' efforts to recover damages from the Individual Defendants in their personal capacities. Those claims are barred by qualified immunity because, when the Royce Quad encampment was constructed, no precedent addressed the particular circumstances that the Individual Defendants faced, let alone clearly prohibited the de-escalation response that they pursued.

Six weeks after the motion was fully briefed, the United States filed a "statement of interest" ("Statement") opposing the Individual Defendants' request for judgment on the Equal Protection Clause claim in their personal capacity and the Title VI claim. Neither of the arguments in the Statement moves the needle. And the Statement's silence on all of the Individual Defendants' *other* arguments, including qualified immunity and punitive damages, is telling. Indeed, that the Statement espouses a novel view of Equal Protection law—that alleging "deliberate indifference" is enough to state a claim—only underscores why qualified immunity is appropriate here. Plainly, this new view of the law was not clearly established when the Individual Defendants were responding to the encampment on the UCLA campus.

For the reasons explained below and in the motion itself, the Individual Defendants are entitled to judgment on the pleadings.

## I. PLAINTIFFS FAIL TO SUFFICIENTLY ALLEGE THE "INTENT" ELEMENT OF THEIR EQUAL PROTECTION CLAIMS

To state an Equal Protection Clause claim, "a plaintiff must show that the defendants *acted* with an *intent or purpose* to discriminate … based upon membership in a protected class." *Shooter v. Arizona*, 4 F.4th 955, 960 (9th Cir. 2021) (emphasis added). The Statement is wrong that the FAC adequately pleads this element, and its effort to demonstrate that an alternative standard applies is

foreclosed by well-established precedent.

First, the Statement asserts that the FAC "contains numerous allegations that Individual Defendants acted with the intent to discriminate against Plaintiffs." Statement at 10. Not so. The Statement's examples do not illustrate that the discriminatory conduct at the core of the FAC was taken by the Individual Defendants. *See id.* (quoting FAC ¶ 445 for the allegation that UCLA "knowingly allowed *private individuals* to bar Jewish persons from parts of the UCLA campus because of their Jewish ethnicity and religion"); *see also id.* (quoting FAC ¶ 513 for the allegation that "Jewish students and faculty were being denied access to campus buildings and facilities" by individuals in the encampment). And the few allegations that the Statement cites concerning the Individual Defendants' intent are no more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *e.g.*, Statement at 10 (quoting FAC ¶ 510 for the allegation that Individual Defendants "conspired with activists from the encampment to deprive Plaintiffs of equal access to all parts of the UCLA campus … in violation of the equal protection of the laws"), or are directly undermined by other allegations, *see, e.g.*, FAC ¶ 108 (admitting that Individual Defendants deemed the encampment "unauthorized").

Alternatively, the Statement maintains that the FAC need not plead that the Individual Defendants acted with discriminatory intent so long as Plaintiffs plausibly allege that the Individual Defendants were "deliberately indifferent" to the discriminatory conduct of others. Statement at 11-13. But with one exception, the cases relied on for this novel proposition concern claims under civil rights statutes—not the Equal Protection Clause. *See id.* at 11-12 (citing *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 642-47 (1999) (Title IX); *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 666 (2d Cir. 2012) (Title VI); *Vance v. Spencer Cnty. Pub. Sch. Dist.*, 231 F.3d 253, 261 (6th Cir. 2000) (Title IX)). Nor can the Statement's position be squared with controlling Equal Protection precedent, which uniformly holds that

Plaintiffs must plausibly plead intentionally discriminatory conduct. *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976); *Shooter*, 4 F.4th at 960; *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

*Flores v. Morgan Hill Unified School District*, 324 F.3d 1130, 1135 (9th Cir. 2003), concerns an Equal Protection claim. But as the Individual Defendants explained in their reply brief, *Flores* stands for the unremarkable proposition that school administrators cannot directly discriminate against students by refusing to investigate their allegations of discrimination *because of* a protected trait. ECF 123 at 11. In other words, the alleged "inaction" in *Flores* was intentionally motivated by a discriminatory intent. The FAC, however, "does not plausibly allege the *Individual Defendants* targeted Jewish students, or that they would have responded to the encampment differently for a different group of students," *id.*—a fact this Court recognized when it observed "none of us thinks UCLA wants to have Jewish students excluded." ECF 108-1 at 21-22.

In any event, that the Statement advances this novel legal theory underscores that the Individual Defendants are entitled to qualified immunity. Even if the Court agrees that, *going forward*, the Equal Protection Clause should be construed as the Statement argues, there is no question that it was not clearly established at the time of the encampment that Individual Defendants could violate the Equal Protection Clause without engaging in discriminatory conduct. Accordingly, the Statement confirms that the Individual Defendants are entitled to qualified immunity.

## II. TITLE VI CLAIMS CANNOT BE BROUGHT AGAINST INDIVIDUALS IN THEIR OFFICIAL CAPACITY

Like Plaintiffs, the Statement accepts that the Individual Defendants cannot be sued in their personal capacities under Title VI. Nevertheless, the Statement contends that Plaintiffs can pursue Title VI claims against the Individual Defendants in their

official capacity. That argument fails.

As explained in the motion, this Court should follow decisions—including one affirmed by the Ninth Circuit—holding that Title VI's plain text does not permit claims against individuals because they are not "programs" or "activities" that receive federal funding. *See Braunstein v. Arizona*, 2008 WL 11447902, at *2 (D. Ariz. May 1, 2008) (Title VI "does not apply to individuals, only to programs or activities receiving Federal financial assistance"), *aff'd sub nom. Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177 (9th Cir. 2012); *see also Wentworth v. Cal. Connections Acad.*, 2022 WL 1427157, at *3 (S.D. Cal. May 5, 2022), *appeal dismissed*, 2023 WL 3866603 (9th Cir. Feb. 16, 2023) ("Title VI actions must be brought against an entity, not an individual."); *accord Banks v. Albertsons Deal & Delivery*, 2024 WL 3357635, at *3 (D. Nev. July 8, 2024) (similar); *Ogando v. Natal*, 2023 WL 8191089, at *7 (N.D. Cal. Nov. 27, 2023) (similar).

The Statement asserts that there is a division of authority regarding whether official-capacity suits against individuals can be brought under Title VI.[1] Not so. *Wood v. Yordy* interprets another federal statute, not Title VI. 753 F.3d 899, 904 (9th Cir. 2014) (interpreting Religious Land Use and Institutionalized Persons Act). *Riley's American Heritage Farms v. Elsasser* interprets the First Amendment. 32 F.4th 707, 732 (9th Cir. 2022). *T.M. ex rel. Benson v. San Francisco Unified School District* is about sovereign immunity, not whether official-capacity damages suits can be brought under Title VI. 2010 WL 291828, at *5 (N.D. Cal. Jan. 19, 2010). And in *Mountain West Holding Co. v. Montana*, the Ninth Circuit allowed a Title VI claim for damages to proceed only against a state, *not* individuals. 691 F. App'x 326, 329 n.1 (9th Cir. 2017). Indeed, the Statement does not cite a single binding authority

---

[1] The Statement also cites DOJ's *own* manual to show that its interpretation of Title VI is "consistent with ... the position taken by the Department of Justice." Statement at 6. That the DOJ takes a broad view of its *own authority* is hardly surprising, and in any event, is not entitled to deference.

allowing an official-capacity Title VI claim for damages against an individual.[2] The Court should grant judgment to the Individual Defendants on the Title VI claim because there is no cause of action to sue university administrators under that statute.

## CONCLUSION

This Court should grant the Individual Defendants' Motion for Judgment on the Pleadings.

Dated: March 24, 2025              Respectfully submitted,

By:   */s/ Matthew R. Cowan*
MATTHEW R. COWAN
*Attorney for Defendants Michael V. Drake; Gene D. Block; Darnell Hunt; Michael Beck; Monroe Gorden, Jr.; Rick Braziel; Julio Frenk (by automatic substitution); and Steve Lurie (by automatic substitution)*

---

[2] The cases in the Statement suggesting that some courts have allowed official-capacity claims for injunctive relief under Title VI are not at odds with the Individual Defendants' argument that Plaintiffs cannot recover *damages* against them pursuant to this statute.