MATTHEW R. COWAN (S.B. #281114)
mcowan@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 19th Floor
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

ANTON METLITSKY*
ametlitsky@omm.com
JENNIFER SOKOLER*
jsokoler@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

MEAGHAN VERGOW*
mvergow@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendants*

*Admitted pro hac vice*

[*Counsel continued on next page*]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| Frankel, et al.,<br><br>                    Plaintiffs,<br><br>    v.<br><br>Regents of the University of California, et al.,<br><br>                    Defendants. | Case No. 2:24-CV-4702-MCS-PD<br><br>**DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND PERMANENT INJUNCTION**<br><br>Judge: Hon. Mark C. Scarsi<br>Courtroom: 7C<br>Hearing: May 12, 2025, 9:00 a.m. |

[*Counsel continued from previous page*]

Charles Robinson (S.B. #113197)
Rhonda Goldstein (S.B. #250387)
Norman Hamill (S.B. #154272)
The Regents of the University of California
1111 Franklin Street, Floor 8
Oakland, California 94607-5201
Telephone:   (510) 987-9800
Facsimile:    (510) 987-9757

*Attorneys for Defendants*

DEFS.' OBJECTIONS TO EVIDENCE
SUBMITTED ISO PLFS.' PARTIAL MOT.
SUMMARY JUDG.
CASE NO. 2:24-CV-4702-MCS

# EVIDENTIARY OBJECTIONS

Pursuant to this Court's Initial Standing Order for Civil Cases, Defendants respectfully submit their objections to certain evidence submitted by Plaintiffs in support of Plaintiffs' Motion for Partial Summary Judgment and Permanent Injunction. *See* ECF 128.[1]

| Material Objected To | Objection | Ruling |
|---|---|---|
| 1. UCLA Antisemitism Task Force Report, attached as Ex. 1 to 3d Rassbach Declaration | 1. Relevance; hearsay; hearsay within hearsay. Plaintiffs rely on this report and quotes within it for the truth of the matter asserted and have not established the applicability of any exception to the rule against hearsay. The Task Force is an independent entity comprising UCLA faculty and anonymous members. It does not speak for UCLA, and UCLA has not adopted its factual findings or recommendations nor did UCLA authorize the Task Force to make the specific factual findings it made. To the extent the report makes legal conclusions, these are not factual assertions and are irrelevant to this Court's independent analysis of what the law is. Fed. R. Evid. 402; Fed. R. Evid. 802; Fed. R. Evid. 805 (each statement of hearsay within hearsay must meet an exception); *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. | 1. Sustained / Overruled |

---

[1] Consistent with this Court's Standing Order, Defendants set out their evidentiary objections in three-column table format. For the sake of clarity and to more fully state their objections, Defendants are objecting to Exhibits 1-6 attached to the Third Declaration of Eric Rassbach. The first six rows in the table set out the basis for these objections, which are then restated for each specific piece of evidence.

| Material Objected To | Objection | Ruling |
|---|---|---|
| | 2011) (excluding hearsay statements within a report). | |
| 2.  21st Century Policing Solutions Report, attached as Ex. 2 to 3d Rassbach Declaration | 2.  Hearsay; hearsay within hearsay.  Plaintiffs rely on this report and quotes within it for the truth of the matter asserted and have not established the applicability of any exception to the rule against hearsay.  21st Century Policy Solutions is an independent third party.  It does not speak for UCLA, and UCLA has not adopted its factual findings or recommendations nor did UCLA authorize 21st Century Policing Solutions to make the specific factual findings it made.  Fed. R. Evid. 802; Fed. R. Evid. 805 (each statement of hearsay within hearsay must meet an exception); *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011) (excluding hearsay statements within a report). | 2.  Sustained / Overruled |
| 3.  October 31, 2024 Republican Staff Report on Antisemitism on College Campuses Exposed, Committee on Education & the Workforce, U.S. House of Representatives, attached as Ex. 3 to 3d Rassbach Declaration ("Staff Report") | 3.  Relevance; hearsay; hearsay within hearsay.  Plaintiffs rely on this report and quotes within it for the truth of the matter asserted and have not established the applicability of any exception to the rule against hearsay.  To the extent the report makes legal conclusions, these are not factual assertions and are irrelevant to this Court's independent analysis of what the law is.  Fed. R. Evid. 402; Fed. R. Evid. 802; Fed. R. Evid. 803(8); Fed. R. Evid. 805 (each statement of hearsay within hearsay must meet an exception); *Barry v. Trs. of Int'l Ass'n Full-Time Salaried Officers & Emps. of Outside Loc.* | 3.  Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| | *Unions & Dist. Couns. (Iron Workers) Pension Plan*, 467 F. Supp. 2d 91, 98 (D.D.C. 2006) (collecting cases where courts excluded congressional reports as unreliable hearsay); *Alexander v. FBI*, 691 F. Supp. 2d 182, 196 (D.D.C. 2010) (House report unreliable and inadmissible hearsay). | |
| 4.  December 18, 2024 U.S. House of Representatives Report, attached as Ex. 4 to 3d Rassbach Declaration | 4.  Relevance; hearsay; hearsay within hearsay.  Plaintiffs rely on this report and quotes within it for the truth of the matter asserted and have not established the applicability of any exception to the rule against hearsay.  To the extent the report makes legal conclusions, these are not factual assertions and are irrelevant to this Court's independent analysis of what the law is.  Fed. R. Evid. 402; Fed. R. Evid. 802; Fed. R. Evid. 805 (each statement of hearsay within hearsay must meet an exception); *Barry v. Trs. of Int'l Ass'n Full-Time Salaried Officers & Emps. of Outside Loc. Unions & Dist. Couns. (Iron Workers) Pension Plan*, 467 F. Supp. 2d 91, 98 (D.D.C. 2006) (collecting cases where courts excluded congressional reports as unreliable hearsay); *Alexander v. FBI*, 691 F. Supp. 2d 182, 196 (D.D.C. 2010) (House report unreliable and inadmissible hearsay). | 4.  Sustained / Overruled |
| 5.  December 20, 2024 Letter from U.S. Department of Education, attached as | 5.  Relevance; hearsay.  Most of this letter does not concern events at UCLA at all or the events at issue in this lawsuit, i.e., the Royce Quad encampment.  The limited portions of | 5.  Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| Ex. 5 to 3d Rassbach Declaration | this letter that do involve the Royce Quad encampment rely heavily on the allegations in this litigation, which have not been proven, and is in any event irrelevant to this Court's independent analysis of what the law is.  To the extent the letter concerns Title VI, it is further irrelevant on the grounds that the present motion for summary judgment involves an Equal Protection Clause claim.  To the extent the letter relies on out-of-court statements, it contains hearsay within hearsay without an exception.  Fed. R. Evid. 402; Fed. R. Evid. 802; Fed. R. Evid. 805 (each statement of hearsay within hearsay must meet an exception); *Fry v. Doane Univ.*, 2020 WL 5849414, at *24 n.10 (D. Neb. Oct. 1, 2020) (finding an "OCR report inadmissible as irrelevant to this court's independent analysis of the law as it applies to the particular evidence before it"). | |
| 6.  December 18, 2024 Resolution Agreement, attached as Ex. 6 to 3d Rassbach Declaration | 6.  Relevance; evidence of subsequent remedial measures.  This is a resolution agreement the University of California system entered into with the U.S. Department of Education; it concerns multiple UC campuses in addition to UCLA.  To the extent the agreement concerns Title VI, it is further irrelevant on the grounds that the present motion for summary judgment involves an Equal Protection Clause claim.  To the extent Plaintiffs seek to use this agreement as evidence of culpable conduct, *see* Pls. Mem. ISO MSJ at 2 | 6.  Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| | (UCLA "entered into an agreement with the United States Department of Education Office for Civil Rights to remediate its behavior"), it is barred as evidence of subsequent remedial measures.  Fed. R. Evid. 402; Fed. R. Evid. 407. | |
| 7.  3d Rassbach Decl. Ex. 1 at 14, 31, 52-58 (UCLA Antisemitism Task Force Report)<br><br>*After Hamas's terrorist attack on October 7, 2023, UCLA's campus experienced a "disturbing rise of antisemitism," including a number of antisemitic incidents and events, of which UCLA was aware.* | 7.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 7.  Sustained / Overruled |
| 8.  3d Rassbach Decl. Ex. 1 at 54-57 (UCLA Antisemitism Task Force Report)<br><br>*For example, during demonstrations on campus, there were chants of "kill the Jews," "from the river to the sea, Palestine will be free," and "Intifada."* | 8.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 8.  Sustained / Overruled |
| 9.  3d Rassbach Decl. Ex. 1 at 42, 48, 71 (UCLA Antisemitism Task Force Report) | 9.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary* | 9.  Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| *Swastikas were also seen around campus.* | *Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | |
| 10. 3d Rassbach Decl. Ex. 1 at 71 (UCLA Antisemitism Task Force Report).<br><br>*Other activists chalked Stars of David onto UCLA's sidewalks alongside directions to "Step Here."* | 10. Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 10. Sustained / Overruled |
| 11. 3d Rassbach Decl. Ex. 1 at 57 (UCLA Antisemitism Task Force Report)<br><br>*During an event on November 8, 2023, activists bashed a piñata depicting Israeli Prime Minister Benjamin Netanyahu while the crowd cheered and chanted "beat that fucking Jew."* | 11. Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 11. Sustained / Overruled |
| 12. 3d Rassbach Decl. Ex. 1 at 58-59 (UCLA Antisemitism Task Force Report)<br><br>*This came to include UCLA. On April 25, 2024, a group of activists "established an unauthorized physical encampment on part of Royce Quad"* | 12. Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 12. Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| *in the middle of the night.* | | |
| 13.  3d Rassbach Decl. Ex. 3 at 143 (Staff Report)<br><br>*The encampment grew throughout the week it existed, at one point reaching "an estimated 250-300 tents inside the heavily fortified encampment" and "at least 500 individuals during the day."* | 13.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 803(8); Fed. R. Evid. 805; *Barry v. Trs. of Int'l Ass'n Full-Time Salaried Officers & Emps. of Outside Loc. Unions & Dist. Couns. (Iron Workers) Pension Plan*, 467 F. Supp. 2d 91, 98 (D.D.C. 2006); *Alexander v. FBI*, 691 F. Supp. 2d 182, 196 (D.D.C. 2010). | 13.  Sustained / Overruled |
| 14.  3d Rassbach Decl. Ex. 1 at 61, 73, 78 (UCLA Antisemitism Task Force Report)<br><br>*Activists also displayed antisemitic imagery on signs and graffiti.* | 14.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 14.  Sustained / Overruled |
| 15.  3d Rassbach Decl. Ex. 1 at 60 (UCLA Antisemitism Task Force Report)<br><br>*Activists established a perimeter around the encampment with metal barriers and plywood, using metal bicycle racks that UCLA had placed on the periphery of the encampment.* | 15.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 15.  Sustained / Overruled |
| 16.  3d Rassbach Decl. Ex. 3 at 142 (Staff Report) | 16.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 803(8); Fed. R. Evid. 805; *Barry v.* | 16.  Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| "As early as April 25, violence was documented within and around the encampment." | *Trs. of Int'l Ass'n Full-Time Salaried Officers & Emps. of Outside Loc. Unions & Dist. Couns. (Iron Workers) Pension Plan*, 467 F. Supp. 2d 91, 98 (D.D.C. 2006); *Alexander v. FBI*, 691 F. Supp. 2d 182, 196 (D.D.C. 2010). | |
| 17.  3d Rassbach Decl. Ex. 1 at 61-64, 68, 70, 81 (UCLA Antisemitism Task Force Report); 3d Rassbach Decl. Ex. 4 at 447-448 ("U.S. House Antisemitism Report")<br><br>Activists *"began using human phalanxes (with protesters shouting, 'human chain') to block certain persons from moving freely through public areas of Royce Quad, and surrounded some other individuals to forcibly move them from areas in or adjacent to the encampment."* | 17.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 803(8); Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011); *Barry v. Trs. of Int'l Ass'n Full-Time Salaried Officers & Emps. of Outside Loc. Unions & Dist. Couns. (Iron Workers) Pension Plan*, 467 F. Supp. 2d 91, 98 (D.D.C. 2006); *Alexander v. FBI*, 691 F. Supp. 2d 182, 196 (D.D.C. 2010). | 17.  Sustained / Overruled |
| 18.  3d Rassbach Decl. Ex. 1 at 61-64, 68, 70, 81 (UCLA Antisemitism Task Force Report); 3d Rassbach Decl. Ex. 4 at 447-448 (U.S. House Antisemitism Report). | 18.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 803(8); Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011); *Barry v. Trs. of Int'l Ass'n Full-Time Salaried Officers & Emps. of Outside Loc. Unions & Dist. Couns. (Iron Workers) Pension Plan*, 467 F. Supp. 2d 91, 98 (D.D.C. | 18.  Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| Jews "wearing a Star of David or a kippah" or "refusing to denounce" Israel "were physically blocked by the protesters' phalanxes from entering or passing through the occupied area of Royce Quad, entering Royce Hall, or entering Powell Library." | 2006); *Alexander v. FBI*, 691 F. Supp. 2d 182, 196 (D.D.C. 2010). | |
| 19.  3d Rassbach Decl. Ex. 1 at 68, 70, 81 (UCLA Antisemitism Task Force Report)<br><br>*These actions "denied Jews and others free passage and access to campus classrooms and facilities" and "resulted in Jews and others who would not renounce the State of Israel being hindered in their efforts to freely and fully avail themselves of campus offerings."* | 19.  Hearsay; hearsay within hearsay; irrelevant legal conclusions.  Fed. R. Evid. 402; Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 19.  Sustained / Overruled |
| 20.  3d Rassbach Decl. Ex. 2 at 108 ("UCLA Independent Investigation Report")<br><br>*"[A]fter social media posts about Jewish students being excluded from portions of campus went viral,* | 20.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 20.  Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| *administrators were inundated with complaints and concerns from parents, politicians, and community members about why the University was allowing it to continue."* | | |
| 21.  3d Rassbach Decl. Ex. 1 at 64 (UCLA Antisemitism Task Force Report)<br><br>*"[T]he encampment's denial of passage and access to certain parts of campus to 'supporters of Israel' ended up targeting Jews"* and *"constitutes de facto discrimination against a protected class."* | 21.  Hearsay; hearsay within hearsay; irrelevant legal conclusions.  Fed. R. Evid. 402; Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 21.  Sustained / Overruled |
| 22.  3d Rassbach Decl. Ex. 1 at 81 (UCLA Antisemitism Task Force Report)<br><br>Indeed, *"the denial of common rights or access to supporters of Israel constitutes a form of de facto or structural antisemitism and should be viewed as discrimination against a protected class."* | 22.  Hearsay; hearsay within hearsay; irrelevant legal conclusions.  Fed. R. Evid. 402; Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 22.  Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| 23.  3d Rassbach Decl. Ex. 1 at 81 (UCLA Antisemitism Task Force Report)<br><br>*"In so far as conditions on campus resulted in Jews and others who would not renounce the State of Israel being hindered in their efforts to freely and fully avail themselves of campus offerings, the University also failed in its legal obligation to protect First Amendment rights to the free exercise of religion ...."* | 23.  Hearsay; hearsay within hearsay; irrelevant legal conclusions.  Fed. R. Evid. 402; Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 23.  Sustained / Overruled |
| 24.  3d Rassbach Decl. Ex. 3 at 143 (Staff Report)<br><br>*"[T]he administration was informed that instructors were moving their classes (many of which were the final review sessions before midterm exams) into the encampment."* | 24.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 803(8); Fed. R. Evid. 805; *Barry v. Trs. of Int'l Ass'n Full-Time Salaried Officers & Emps. of Outside Loc. Unions & Dist. Couns. (Iron Workers) Pension Plan*, 467 F. Supp. 2d 91, 98 (D.D.C. 2006); *Alexander v. FBI*, 691 F. Supp. 2d 182, 196 (D.D.C. 2010). | 24.  Sustained / Overruled |
| 25.  3d Rassbach Decl. Ex. 1 at 70 (UCLA Antisemitism Task Force Report)<br><br>*Indeed, the activists involved in blocking students included UCLA* | 25.  Hearsay; hearsay within hearsay; irrelevant legal conclusions.  Fed. R. Evid. 402; Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 25.  Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| *faculty, who "entered the encampment in support of its activities" and "participat[ed] in the encampment activities including denial of campus access to Jews and those supporting Israel" and thus "participated in and abetted discrimination against and harassment of Jews and supporters of Israel."* | | |
| 26.  3d Rassbach Decl. Ex. 1 at 70 (UCLA Antisemitism Task Force Report)<br><br>*Faculty members called for fellow faculty to excuse student absences related to presence at the encampment, and reports indicated that some faculty offered "extra credit for attendance at the encampment or related events."* | 26.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 26.  Sustained / Overruled |
| 27.  3d Rassbach Decl. Ex. 3 at 142 (Staff Report)<br><br>*"From the beginning, … it was obvious to many campus leaders that the encampment on Royce* | 27.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 803(8); Fed. R. Evid. 805; *Barry v. Trs. of Int'l Ass'n Full-Time Salaried Officers & Emps. of Outside Loc. Unions & Dist. Couns. (Iron Workers) Pension Plan*, 467 F. Supp. 2d 91, 98 (D.D.C. 2006); *Alexander* | 27.  Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| *Quad violated a long list of University policies and presented a clear and present danger to Jewish students."* | *v. FBI*, 691 F. Supp. 2d 182, 196 (D.D.C. 2010). | |
| 28.  3d Rassbach Decl. Ex. 1 at 60 (UCLA Antisemitism Task Force Report)<br><br>*Also on April 25, Defendants directed the installation of metal bike racks around the encampment. More bike racks were installed two days later, again at Defendants' direction.* | 28.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 28.  Sustained / Overruled |
| 29.  3d Rassbach Decl. Ex. 3 at 141-42 (Staff Report)<br><br>*"[A]dministrators" also "acted to make it easier for the encampment to remain in place: the sprinklers on Royce Quad were turned off, and University leadership was informed by facilities staff that they would stay off for the duration of the encampment."* | 29.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 803(8); Fed. R. Evid. 805; *Barry v. Trs. of Int'l Ass'n Full-Time Salaried Officers & Emps. of Outside Loc. Unions & Dist. Couns. (Iron Workers) Pension Plan*, 467 F. Supp. 2d 91, 98 (D.D.C. 2006); *Alexander v. FBI*, 691 F. Supp. 2d 182, 196 (D.D.C. 2010). | 29.  Sustained / Overruled |
| 30.  3d Rassbach Decl. Ex. 2 at 110 (UCLA Independent Investigation Report) | 30  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary* | 30.  Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| *Part of the role of outside security personnel like CSC is to "enforce boundaries by ensuring barriers remain in place and telling people where they are allowed to go."* | *Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | |
| 31.  3d Rassbach Decl. Ex. 1 at 68 (UCLA Antisemitism Task Force Report); 3d Rassbach Decl. Ex. 2 at 100, 112 (UCLA Independent Investigation Report)<br><br>*UCLA also directed the UCLA PD not to intervene in the encampment.* | 31.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 31.  Sustained / Overruled |
| 32.  3d Rassbach Decl. Ex. 2 at 100 (UCLA Independent Investigation Report)<br><br>*There was a "widespread belief among UCLA Police Department officials that they were not allowed to take any action to respond to behavior that began as a policy violation."* | 32.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 32.  Sustained / Overruled |
| 33.  3d Rassbach Decl. Ex. 2 at 112 (UCLA | 33.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary* | 33.  Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| Independent Investigation Report)<br><br>*"[T]he UCLA administration was responsive to ... requests" from "[e]ncampment members" who "made clear throughout the encampment period they did not want to engage with police or to see police in or around the encampment."* | *Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | |
| 34.  3d Rassbach Decl. Ex. 2 at 112 (UCLA Independent Investigation Report)<br><br>*Indeed, "there is general agreement across most accounts that police were instructed to remain wholly unseen by protesters."* | 34.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 34.  Sustained / Overruled |
| 35.  3d Rassbach Decl. Ex. 2 at 112 (UCLA Independent Investigation Report)<br><br>*In one incident, "when protesters objected to officers' presence in a nearby building, where they had positioned themselves to gain information about the* | 35.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 35.  Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| *state of the encampment, administrators instructed officers to leave."* | | |
| 36.  3d Rassbach Decl. Ex. 3 at 143 (Staff Report); 3d Rassbach Decl. Ex. 1 at 65-66 (UCLA Antisemitism Task Force Report)<br><br>*The violence included "the child of a Holocaust survivor" being "pepper sprayed by encampment participants" and "a Jewish student" being "thrown to the ground by members of the encampment and repeatedly kicked in the head."* | 36.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 803(8); Fed. R. Evid. 805; *Barry v. Trs. of Int'l Ass'n Full-Time Salaried Officers & Emps. of Outside Loc. Unions & Dist. Couns. (Iron Workers) Pension Plan*, 467 F. Supp. 2d 91, 98 (D.D.C. 2006); *Alexander v. FBI*, 691 F. Supp. 2d 182, 196 (D.D.C. 2010). | 36.  Sustained / Overruled |
| 37.  3d Rassbach Decl. Ex. 1 at 65-66 (UCLA Antisemitism Task Force Report)<br><br>*While UCLA increased the number of security staff around the encampment, it did not immediately clear the encampment.* | 37.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 37.  Sustained / Overruled |
| 38.  3d Rassbach Decl. Ex. 3 at 144 (Staff Report) | 38.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 803(8); Fed. R. Evid. 805; *Barry v. Trs. of Int'l Ass'n Full-Time Salaried* | 38.  Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| *That evening (on April 30, 2024), "[w]hen campus administrators attempted to close Royce Hall and Powell Library ... , a UCPD lieutenant reported that encampment members were 'controlling' the east entrance, allowing encampment members unrestricted access to the building and its bathrooms."* | *Officers & Emps. of Outside Loc. Unions & Dist. Couns. (Iron Workers) Pension Plan*, 467 F. Supp. 2d 91, 98 (D.D.C. 2006); *Alexander v. FBI*, 691 F. Supp. 2d 182, 196 (D.D.C. 2010). | |
| 39.  3d Rassbach Decl. Ex. 1 at 68 (UCLA Antisemitism Task Force Report)<br><br>*The "UCLA Police Department Chief stated on May 2, 2024, that he had advised UCLA leadership, from the beginning, not to allow the encampment since it violated campus rules against overnight camping and he feared it could lead to problems, but University leadership decided to allow it 'as an expression of students' First Amendment rights.'"* | 39.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 39.  Sustained / Overruled |
| 40.  3d Rassbach Decl. Ex. 1 at 68 (UCLA | 40.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary* | 40.  Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| Antisemitism Task Force Report)<br><br>*Indeed, "[c]ampus officials continued to refuse to break up the encampment even after the protesters denied Jews and others free passage and access to campus classrooms and facilities on grounds that allowance of such behaviors and activities was part of their 'de-escalation strategy.'"* | *Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | |
| 41.  3d Rassbach Decl. Ex. 3 at 184 (Staff Report)<br><br>*UCLA "failed to issue any suspensions or probations against students for conduct related to antisemitic protests, disruptions, and harassment[.]"* | 41.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 803(8); Fed. R. Evid. 805; *Barry v. Trs. of Int'l Ass'n Full-Time Salaried Officers & Emps. of Outside Loc. Unions & Dist. Couns. (Iron Workers) Pension Plan*, 467 F. Supp. 2d 91, 98 (D.D.C. 2006); *Alexander v. FBI*, 691 F. Supp. 2d 182, 196 (D.D.C. 2010). | 41.  Sustained / Overruled |
| 42.  3d Rassbach Decl. Ex. 3 at 184 (Staff Report)<br><br>*"Of the 96 UCLA students arrested on May 2, 2024, following their refusal to leave the school's unlawful encampment, 92 signed an agreement with the Office of Student* | 42.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 803(8); Fed. R. Evid. 805; *Barry v. Trs. of Int'l Ass'n Full-Time Salaried Officers & Emps. of Outside Loc. Unions & Dist. Couns. (Iron Workers) Pension Plan*, 467 F. Supp. 2d 91, 98 (D.D.C. 2006); *Alexander v. FBI*, 691 F. Supp. 2d 182, 196 (D.D.C. 2010). | 42.  Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| *Conduct that allowed them to evade discipline in return for stating they would refrain from future violations of the Student Conduct Code." "Of the four students [who] did not sign the agreement, three of them are listed as 'graduation hold in place,' while one remains enrolled at UCLA."* | | |
| 43.  3d Rassbach Decl. Ex. 3 at 184 (Staff Report); Rassbach Decl. Ex. 4 at 454 (Staff Report)<br><br>"No UCLA students were disciplined for blocking Jewish students from accessing public areas of UCLA's campus during the encampment[,]" and "UCLA has failed to identify any of those responsible for the blocking [of] Jewish students from accessing these areas." | 43.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 803(8); Fed. R. Evid. 805; *Barry v. Trs. of Int'l Ass'n Full-Time Salaried Officers & Emps. of Outside Loc. Unions & Dist. Couns. (Iron Workers) Pension Plan*, 467 F. Supp. 2d 91, 98 (D.D.C. 2006); *Alexander v. FBI*, 691 F. Supp. 2d 182, 196 (D.D.C. 2010). | 43.  Sustained / Overruled |
| 44.  3d Rassbach Decl. Ex. 1 at 73 & n.178 (UCLA Antisemitism Task Force Report) | 44.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 44.  Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| *Further demonstrations and encampments have appeared on campus since the first one.* | | |
| 45.  3d Rassbach Decl. Ex. 1 at 78 (UCLA Antisemitism Task Force Report)<br><br>*On October 7, 2024— the one-year anniversary of Hamas's terrorist attacks on Israel—"UCLA's Undergraduate Student Association Council (USAC) Cultural Affairs Commission," which is part of the university and "is funded by mandatory undergraduate student fees," "posted a series of images and statements that depicted paragliders and inverted red triangles, which are used by Hamas as symbols to indicate Israeli targets and are now associated with torture, rape, and murder of unarmed civilian victims" which "dehumanizes Jews and Israelis and ... celebrate[s] overt violence against Israeli civilians."* | 45.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 45.  Sustained / Overruled |

| Material Objected To | Objection | Ruling |
|---|---|---|
| 46.  3d Rassbach Decl. Ex. 1 at 79 (UCLA Antisemitism Task Force Report)<br><br>*Also on October 7, 2024, "the UCLA student group, Students for Justice in Palestine, organized and held a demonstration in North Di[cks]on Court ... in violation of campus time, place, and manner restrictions, and other campus and University rules." "No disciplinary actions have been taken against these student groups or individuals who are in violation of campus policies."* | 46.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 46. Sustained / Overruled |
| 47.  3d Rassbach Decl. Ex. 1 at 81 (UCLA Antisemitism Task Force Report)<br><br>*"Jewish support of a nation-state in their historic homeland of Israel ... is integral to religious belief and identification among a large majority of Jews."* | 47.  Hearsay; hearsay within hearsay. Fed. R. Evid. 802; Fed. R. Evid. 805; *S.F. Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 744 (N.D. Cal. 2011). | 47. Sustained / Overruled |

1

2
Dated: April 4, 2025                    Respectfully submitted,

3
By:      /s/ Matthew R. Cowan

4
MATTHEW R. COWAN
*Attorney for Defendants*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' OBJECTIONS TO EVIDENCE
SUBMITTED ISO PLFS.' PARTIAL MOT.
SUMMARY JUDG.
CASE NO. 2:24-CV-4702-MCS