THOMAS B. HARVEY (SBN 287198)
Law Offices of Thomas B. Harvey
365 East Avenida de Los Arboles, #226
Thousand Oaks, CA 91360
Tel: (805) 768-4440
Email: tbhlegal@proton.me

Attorney for Proposed Intervenors

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YITZCHOK FRANKEL; JOSHUA GHAYOUM; EDEN SHEMUELIAN, and DR. KAMRAN SHAMSA,<br><br>     Plaintiffs,<br><br>vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; MICHAEL V. DRAKE, President of the University of California; GENE D. BLOCK, Chancellor, University of California, Los Angeles; DARNELL HUNT, Executive Vice-President and Provost; MICHAEL BECK, Administrative Vice Chancellor; MONROE GORDEN, JR., Vice Chancellor; and RICK BRAZIEL, Assistant Vice Chancellor, each in both his official and personal capacities,<br><br>     Defendants. | Case No. 2:24-cv-04702-MCS-<br><br>(1) EMERGENCY RENEWAL OF MOTION FOR LEAVE TO INTERVENE<br><br>(2) OPPOSITION TO VACATING DISMISSAL ORDER AND ENTERING FINAL JUDGMENT<br><br>**Judge: Hon. Mark C. Scarsi** |

---

EMERGENCY RENEWAL OF MOTION FOR LEAVE TO INTERVENE AND OPPOSITION TO VACATING
DISMISSAL AND ENTERING FINAL JUDGMENT Case No. 2:24-cv-04702-MCS

## EMERGENCY RENEWAL OF MOTION FOR LEAVE TO INTERVENE AND OPPOSITION TO VACATING DISMISSAL AND ENTERING FINAL JUDGMENT

On July 18, 2025, this Court entered an Order of Dismissal without prejudice in the above styled case. The Order retained jurisdiction over the case to vacate the Order and reopen the action within 45 days "upon a request supported by a showing of good cause why settlement cannot be completed within the 45-day period, explaining what further settlement processes are necessary and when the party or parties making the request expect the process to be concluded." (ECF 206) The Court added that nothing in the Order precluded the parties from filing a stipulation of dismissal with prejudice under Fed. R. Civ. P. 41(a)(1)(A) as it does not require approval of the court. Proposed Intervenors previously filed a motion for leave to intervene on June 2, 2025 with a memorandum in support that was set for hearing on July 21, 2025. (ECF 178) Proposed Intervenors hereby renew that motion and are prepared to argue it.

On July 29, 2025, Parties filed a Joint Stipulation for Consent Judgment and Permanent Injunction with an attached proposed Permanent Injunction. (ECF 207). The Proposed Order states that the Court "shall retain jurisdiction over this action for purposes of implementing and enforcing this Consent Judgment and any additional orders necessary, including over any disputes arising from the Enjoined Parties' compliance with the injunction described above or the Parties' compliance with the separate Settlement Agreement." (Id.)

The Parties have failed to comply with the Court's dismissal Order in the following ways:

1. Parties did not file a motion to vacate the Court's Order.

2. Parties have provided no good cause to vacate the Court's Order and reopen the case.

3. Instead of filing a stipulation of dismissal with prejudice under Fed. R. Civ. P. 41(a)(1)(A), they have requested a permanent injunction and the Court's jurisdiction over it for fifteen (15) years.

Proposed Intervenors strongly object to this maneuver by the Parties to exclude them from the case. It is apparent that UCLA and the Frankel Plaintiffs understood the Court's Order of Dismissal as an opportunity to deny the right of Proposed Intervenors to be heard on their Motion for Leave to Intervene, properly filed and noticed for hearing on July 21, 2025. (ECF 178)

***If the Court has jurisdiction to enter a permanent injunction, then the case is still open and Proposed Intervenors' Motion for Leave to Intervene must be heard and ruled on.***

Proposed Intervenors' interests are concrete and under threat. UCLA Defendants failed to defend the case in any meaningful way. They never challenged the wholly unsupported, false, and ridiculous allegations that the Palestine Solidarity Encampment, which, in fact, included Jewish faculty, students, and community members who held Shabbat and Seder services, was a so-called "Jew exclusion zone." Their core claim is false, and the relief sought from it is intended to violate student, faculty, and campus community rights, rather than to protect the rights to free expression on campus.

As soon as Proposed Intervenors challenged their baseless claims, Plaintiffs sought a settlement. In short, Frankel Plaintiffs seek both to theatrically and publicly accuse members of the encampment of antisemitism *and* to bar them from defending against those claims, risking their reputations and their right to free speech.

UCLA's position is no more defensible. By seeking to settle, they accept Frankel's baseless allegations that Jewish faculty, students, and community members

are antisemitic and settle with the Plaintiffs instead of defending their own students and faculty. In so doing, UCLA circumvents Proposed Intervenors' rights to intervene and use this Court's authority to give them cover to ban all pro-Palestine protest from campus.

The parties may prefer to litigate without opposition from those they accuse of discrimination, but the Court should not allow this to happen. Proposed Intervenors have a direct, protectable interest in contesting the distortions embedded in this case. A wide and deep group of UCLA community members protested a genocide and their University's financial investments in it. In response, Plaintiffs accuse them of antisemitism, and their own University not only fails to defend them, but it also accepts this false allegation as true. Moreover, their livelihood, access to education, reputations, and right to free speech are threatened by the collusion between Plaintiffs and Defendants, who seem willing to sacrifice all of it to pander to dangerously false claims.

This Court should deny the proposed consent judgment and permanent injunction that violates its own order (ECF 206) and require parties to engage in a private settlement outside of this Court.

If, however, the Court is inclined to grant this proposal on a dismissed and closed case, then it is clear the case is open, and the Court should grant Proposed Intervenors' Motion for Leave to Intervene incorporated here by reference (ECF 178) to defend the case and adequately represent their interests.

Plaintiffs' central premise is the false claim that ***Proposed Intervenors discriminated against them for being Jewish***. As the UCLA Defendants have demonstrated, they have no legal (or political) incentive to defend against this false claim and therefore have conceded it to focus their defense on denying responsibility for Movants' actions.  Nor do the UCLA Defendants have any incentive to protect against Plaintiffs' overt efforts to redefine Judaism as Zionism and erase Jews who

dissent. The proposed consent judgment and permanent injunction, in addition to the private settlement agreement outside of this court and the public view, only goes to prove the need for intervention.

Far from seeking to obstruct this case, Proposed Intervenors seek to ensure this case produces an accurate record by testing Plaintiffs' false allegations and providing a complete record to prevent Plaintiffs from infringing on Movants' First Amendment rights by redefining their religion, forcing them to associate with supremacists, or punishing their protected speech.

While Plaintiffs' case purports to protect students' rights, it risks infringing on the fundamental rights of students, faculty, and community members—compelling this motion for leave to intervene. Plaintiffs seek to make the Court's narrowly defined Preliminary Injunction permanent, despite its conflation of anti-Zionism with antisemitism and ambiguities about its scope. If left unchallenged, this injunction will continue to be exploited by Defendants to chill protected expression, infringe on faculty members' right to teach and publish about Palestine, and interfere with students' opportunities to learn about or advocate for Palestine.

UCLA has failed to substantively defend the case beyond disclaiming responsibility for acts in the encampment. Because they do not dispute allegations of antisemitic conduct, there has been no meaningful adversarial process on crucial points. The absence of a defense skewed the record such that the Court held that "Jewish students were excluded from portions of the UCLA campus because they refused to denounce their faith" (ECF 89 at 2). Further illustrating the need for intervention, UCLA entered a Joint Stipulation anticipating the disclosure of non-parties' private disciplinary records. (ECF 133 at 2).

Proposed Intervenors include three Jewish UCLA community members, two of whom participated in the Palestine Solidarity Encampment that Plaintiffs allege was antisemitic and impaired their Free Exercise rights. Proposed Intervenors dispute that

Jewish students were excluded from the Palestine Solidarity Encampment because of their faith, including under the legal standards applicable to Plaintiffs' Free Exercise claim. All Proposed Intervenors reject the notion that opposition to Zionism is antisemitic.

If Proposed Intervenors are granted intervention, they will be the only party defending the perspective of millions of Jews, including many within Israel, that there is no contradiction between opposing genocide in Palestine and being Jewish.  This is true even if only a minority of Jews denounce the genocide or describe themselves as anti-Zionist, because this Court lacks authority under the First Amendment to define the tenets of Judaism.

For all the reasons stated above, the Court should deny the Consent Judgment and Proposed Permanent injunction. If the Court grants is inclined to consider these proposals in contravention of its own Order, however, the Court should grant Proposed Intervenors' Motion for Leave to Intervene before considering the Parties Joint Stipulation and Consent Order.

DATED: July 29, 2025

BY: /s/ Thomas B. Harvey
THOMAS B. HARVEY (SBN 287198)
Law Offices of Thomas B. Harvey
Attorney for Proposed Intervenors

## CERTIFICATE OF SERVICE

I am a resident of the State of California and over 18 years of age, and am not a party to this action. My business address is 365 E. Avenida de Los Arboles, #226, Thousand Oaks, CA 91360, which is located in the county where any non-personal service described below took place.

I hereby certify that on July 29, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the CM/ECF System.

Participants in the case who are registered CM/ECF Users will be served by the CM/ECF System.

/s/ *Thomas B. Harvey*
Thomas. B. Harvey

EMERGENCY RENEWAL OF MOTION FOR LEAVE TO INTERVENE AND OPPOSITION TO VACATING DISMISSAL AND ENTERING FINAL JUDGMENT Case No. 2:24-cv-04702-MCS