1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| YITZCHOK FRANKEL *et al.*, | Case No.: 2:24-cv-04702-MCS-PD |
|---|---|
| Plaintiffs, | |
| v. | **CONSENT JUDGMENT AND PERMANENT INJUNCTION (ECF No. 207)** |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA *et al.*, | |
| Defendants. | Judge: Hon. Mark C. Scarsi |
| | Courtroom: 7C |

1    Plaintiffs Yitzchok Frankel; Joshua Ghayoum; Eden Shemuelian; and
2 Dr. Kamran Shamsa ("Plaintiffs") and Defendants The Regents of the
3 University of California; Michael V. Drake; Julio Frenk; Darnell Hunt;
4 Michael Beck; Monroe Gorden, Jr.; and Steve Lurie ("Defendants")
5 (collectively, the "Parties") have agreed to enter into this Consent
6 Judgment and Permanent Injunction ("Consent Judgment") in
7 conjunction with their Settlement Agreement, as follows, in order to
8 resolve all claims in this case, including Plaintiffs' claims under the Free
9 Exercise Clause.

10    Subject to the Court's approval of this Consent Judgment, the Parties,
11 desiring that this action be settled by the appropriate consent judgment
12 and without the burden of protracted litigation, agree to the jurisdiction
13 of this Court over the Parties and the subject matter of this action,
14 including for purposes of enforcement of the Consent Judgment. Subject
15 to the Court's approval of this Consent Judgment, the Parties waive a
16 hearing and findings of fact and conclusions of law on all issues.

17    The Parties further agree that, in conjunction with their Settlement
18 Agreement, this Consent Judgment will resolve all issues raised in the
19 First Amended Complaint, and is final and binding on the Parties and
20 their respective officials, agents, employees, and successors, and all
21 persons acting on their behalf or in active concert and in participation
22 with them. The Parties have also entered into a separate Settlement
23 Agreement to fully and finally resolve the entire dispute between them.

24    The Parties agree that they shall not appeal from any ruling that
25 adopts this Consent Judgment. The Parties further agree that they will
26 defend the terms of this Consent Judgment if it is challenged in court.
27 However, they reserve the right to seek reconsideration or appeal should

the Court not enter the entirety of the relief agreed to herein. The Parties request that this Court enter the Consent Judgment without modification.

Additionally, if this Consent Judgment is adopted by the Court and Defendants make the payments described in their separate Settlement Agreement, entry of this Consent Judgment shall constitute final and complete resolution of this action.

## INJUNCTION AND ORDER

Accordingly, in light of the foregoing and upon the Parties' consent, the Court **ORDERS** as follows:

1. The Court has determined that it has jurisdiction over the matters alleged in Plaintiffs' First Amended Complaint and that venue is proper in this Court.

2. The Court has determined that this Consent Judgment is fair, reasonable, equitable, lawful, and in the public interest.

3. The Court further **ORDERS** the following:

    a. The Regents of the University of California, President of the University of California, the Chancellor of UCLA, the Executive Vice Chancellor and Provost of UCLA, the Administrative Vice Chancellor of UCLA, the Vice Chancellor of Student Affairs of UCLA, and the Associate Vice Chancellor for Campus and Community Safety of UCLA—in their official capacities (collectively, the "Enjoined Parties")—are enjoined from offering any of UCLA's ordinarily available programs, activities, or campus areas to students, faculty, and/or staff if the Enjoined Parties know the ordinarily available programs, activities, or campus areas are not fully and equally accessible to Jewish students, faculty, and/or staff.

b. The Enjoined Parties are prohibited from knowingly allowing or facilitating the exclusion of Jewish students, faculty, and/or staff from ordinarily available portions of UCLA's programs, activities, and/or campus areas, whether as a result of a de-escalation strategy or otherwise.

c. For purposes of this order, all references to the exclusion of Jewish students, faculty, and/or staff shall include exclusion of Jewish students, faculty, and/or staff based on religious beliefs concerning the Jewish state of Israel.

d. Nothing in this order prevents the Enjoined Parties from excluding any student, faculty member, or staff member, including Jewish students, faculty, and/or staff, from ordinarily available programs, activities, and campus areas pursuant to UCLA code of conduct standards applicable to all UCLA students, faculty, and/or staff.

e. Nothing in this order requires the Enjoined Parties to immediately cease providing medical treatment at hospital and medical facilities, fire department services, and/or police department services. However, the Enjoined Parties remain obligated to take all necessary steps to ensure that such services and facilities remain fully and equally open and available to Jewish students, faculty, and/or staff.

f. This injunction shall take effect as of the date of its entry by the Court, and remain in effect for a term of fifteen (15) years from that date (the final date being the "Termination Date"). The Termination Date may be extended to a later date set by the Court if, upon request by the Court, the Enjoined Parties are unable to demonstrate that violations are unlikely to recur in the absence of a decree extending the Termination Date.

4. The Court **FURTHER ORDERS** that it shall retain jurisdiction over this action for purposes of implementing and enforcing this Consent Judgment and any additional orders necessary, including over any disputes arising from the Enjoined Parties' compliance with the injunction described above or the Parties' compliance with the separate Settlement Agreement.

**IT IS SO ORDERED.**

Dated: July 29, 2025

Mark C. Scarsi
United States District Judge