UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:24-cv-04702-MCS-PD | Date August 1, 2025 |
| Title *Frankel v. Regents of the University of California* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):  Attorney(s) Present for Defendant(s):

None Present  None Present

**Proceedings:** **(IN CHAMBERS) ORDER RE: MOTIONS TO INTERVENE (ECF NOS. 178, 208)**

Proposed intervenors ("Movants"), appearing pseudonymously, filed a motion to intervene, (Mot., ECF No. 178), which was set for hearing on July 21, 2025, (TOE, ECF No. 199). On July 18, the parties to this litigation filed a status report stating that they had reached a settlement, (Status Report, ECF No. 205), and the Court issued an order of dismissal, (Order, ECF No. 206).[1] The parties then filed a stipulation for the Court to enter an order for a consent judgment and permanent injunction. (Stip., ECF No. 207.) Movants then filed a renewed motion for leave to intervene and a request for the Court to vacate its order of dismissal. (Renewed Mot., ECF No. 208.) The Court deems both motions to intervene appropriate for decision without oral argument or further briefing and vacates the hearing on the renewed motion set for August 11, 2025. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

The motions are denied as moot. "Where parties enter into a settlement that resolves all outstanding disputes, . . . the case becomes moot." *DHX, Inc. v. Allianz AGF MAT, Ltd.*, 425 F.3d 1169, 1174 (9th Cir. 2005). Here, the parties have spent

---

[1] The order of dismissal technically resolved the motion to intervene as a matter of docket management, but this Order addresses its substance.

extensive time in settlement negotiations and crafted a carefully designed agreement that disposes of all issues in this case. (*See* Order Regarding Settlement, ECF No. 209 (indicating the settlement officer spent over 27 hours on the record with the parties).) The Court has dismissed the case and entered judgment. (Order; Consent J. & Permanent Inj., ECF No. 210.) Therefore, there is no live case or controversy in which to intervene. *See Yocha Dehe Wintun Nation v. Newsom*, No. 2:19-cv-00025-JAM-AC, 2019 U.S. Dist. LEXIS 153452, at *2 (E.D. Cal. Sept. 9, 2019) ("Absent a pending case or controversy, the Court sua sponte denied [the] motion to intervene as moot."); *see also Cal. Dep't of Toxic Substances Control v. Com. Realty Projs., Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002) (finding that the district court did not abuse its discretion in denying a motion to intervene that would "complicate the issues and upset the delicate balance achieved" by the consent decree resulting from the parties' settlement).

Even if the Court entertained the merits of Movants' motions, it would deny the motions on untimeliness grounds alone.[2] Movants seek to intervene as a matter of right or permissively, which both contain timeliness requirements. *See United States v. Washington*, 86 F.3d 1499, 1506–07 (9th Cir. 1996). The complaint in this case was filed in June 2024, the Court issued a preliminary injunction in August 2024, issued a case and trial schedule in December 2024, issued a ruling on Defendants' motion for judgment on the pleadings in May 2025, and ordered the parties to return to mediation the same month. However, it was not until June 2025 that Movants filed their motion to intervene.[3] Movants attempt to justify this delay by contending that a March 2025 discovery order contemplating the disclosure of personally identifiable information of students who are not parties to this litigation prompted them to move for intervention. (Mot. 24–25.) This is unpersuasive. Throughout their motions, Movants claim that they seek to engage in a "meaningful adversarial process on crucial points" in this case and will be "the only party defending the perspective of millions of Jews" on various issues in the litigation. (*Id.* at 5–6.) These issues, to the extent that they are relevant to the disputes between the parties to this case, have been apparent since the inception of this litigation. There is no reason for Movants to have waited until June 2025, after the Court ordered the parties to return to mediation, to seek intervention. Therefore, the Court finds the

---

[2] Because the motions fail on timeliness grounds, the Court does not consider whether Movants would have established the remaining requirements for intervention. *See* Fed. R. Civ. P. 24(a)–(b).

[3] Movants had previously filed a deficient motion and voluntarily withdrew it. (Notice of Withdrawal, ECF No. 177.)

motion untimely. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997) (finding denial of intervention proper when, as here, "a lot of water had already passed underneath [the] litigation bridge"); *see also High Sierra Hikers Ass'n v. U.S. Dep't of Interior*, No. C 09-04621 RS, 2012 U.S. Dist. LEXIS 74124, at *6 (N.D. Cal. May 29, 2012) (finding intervention untimely where "the court has delved significantly into the substantive issues of this case").

    The motions are denied.

**IT IS SO ORDERED.**